1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN DIAZ,

                     Plaintiff,

      v.

NINTENDO OF AMERICA, INC.,

                 Defendant.

NO.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Ryan Diaz, individually, and on behalf of all others similarly situated, by and through counsel, brings this action against Nintendo of America, Inc. ("Nintendo").  Plaintiff's allegations herein are based upon personal knowledge and belief as to his own acts and upon the investigation of his counsel and information and belief as to all other matters.

## INTRODUCTION

1.      This is a class action lawsuit brought against Nintendo of America, Inc. ("Nintendo") by Plaintiff on behalf of himself and similarly situated individuals who purchased Nintendo Switch game systems ("Switch") and extra Joy-Con controllers.  The Joy-Con Controllers that are part of the Switch contain a defect that can result in the joystick moving or

CLASS ACTION COMPLAINT - 1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

activating on its own ("drifting") and manipulating game play without manual operation by the user.  This defect affects the video game play on the device and thus compromises the Switch and Joy-Con controller's core functionality.

2.      Defendant, which manufactured, marketed, and sold the Switch and Joy-Con controllers, is aware of the defect through online consumer complaints, complaints made by consumers to Defendant, and through its own pre-release testing.

3.      Yet, notwithstanding its knowledge of its manufacturing defect, Defendant fails to disclose the defect and routinely refuses to repair the joysticks without charge when the defect manifests and never disclosed this material defect to consumers.

4.      As a result of Defendant's unfair, deceptive, and/or fraudulent business practices, owners of Switches, including Plaintiff, have suffered an ascertainable loss of money and/or property and/or value.  As a result of the joystick defect and the monetary costs associated with attempting to repair the game consoles, Plaintiff and the Class have suffered injury in fact, incurred damages, and otherwise have been harmed by Defendant's conduct.

5.      Accordingly, Plaintiff brings this action to redress Defendant's violations of California consumer fraud statutes, negligent misrepresentation, breach of implied warranty, unjust enrichment, and for violations of the federal Magnuson-Moss Warranty Act and California's Song-Beverly Consumer Warranty Act.  Plaintiff seeks monetary relief for damages suffered, declaratory relief as to the parties' rights under Defendant's warranty, and public injunctive relief.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members,

CLASS ACTION COMPLAINT - 2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and

2  costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are

3  citizens of different states. This Court has supplemental jurisdiction over the state law claims

4  pursuant to 28 U.S.C. § 1367.

5       7.    Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because

6  Defendant transacts business in this district and is subject to personal jurisdiction in this district.

7  Additionally, Defendant has advertised in this district and has received substantial revenue and

8  profits from its sales of its products, including the Switch and Joy-Con controllers, in this

9  district; therefore, a substantial part of the events and/or omissions giving rise to the claims

10  herein occurred, in part, within this district.

11       8.    This Court has personal jurisdiction over Nintendo because it maintains its

12  headquarters within this judicial district, has conducted substantial business in this judicial

13  district, and intentionally and purposefully placed its products into the stream of commerce

14  within Washington and throughout the United States.

15            **THE PARTIES**

16  **Plaintiff**

17       9.    Plaintiff Ryan Diaz is a citizen of the state of California.

18       10.    On July 21, 2017, Mr. Diaz purchased a Nintendo Switch console and an extra

19  pair of Joy-Con controllers.

20       11.    After about 11 months of use, the left joystick on the Joy-Con controllers that

21  came with the console began registering movement without being manually controlled, or

22  "drifting." This resulted in the Joy-Con being unusable for general gameplay.

23

CLASS ACTION COMPLAINT - 3

12.     On or around July 5, 2018, Mr. Diaz sent the defective Joy-Con controller to Nintendo for repair under the one-year warranty. Three months after receiving his refurbished Joy-Con controller, Mr. Diaz's controller began to exhibit the same "drifting" issue again. The left joystick on Mr. Diaz's extra set of Joy-Con controllers also began to exhibit the "drifting" issue after about 13 months of use, but it was no longer under warranty so Mr. Diaz did not send it in for an out-of-pocket repair.

13.     Both of Mr. Diaz's sets of Joy-Con controllers were rendered unusable.

14.     As a result of the defect on both of his Joy-Con controllers, Mr. Diaz had to purchase two additional left-hand Joy-Con controllers for $45.00 each from Amazon on April 29, 2019.

15.     At the time he purchased his Switch, Mr. Diaz did not know about the defect, and Nintendo did not disclose it to him. Had he known about the defect, he would not have purchased his Switch or would have paid substantially less for it.

**Defendant**

16.     Defendant Nintendo of America, Inc. is incorporated in Washington State and maintains its principal place of business at 4600 150th Ave, NE, Redmond, WA 98052.

## FACTUAL ALLEGATIONS

17.     The Switch is a video gaming system and console launched by Nintendo in March 2017. The Switch is a hybrid console that can be played both as a portable handheld controller (similar to the popular "Game Boy") or can be used as a stationary system with visual playing on a user's television screen similar to a PlayStation or X-Box.

18.     The Switch contains two wireless Joy-Con controllers, one on the right and one on the left, which can either be connected to a screen for portable hand-held play, connected to a

CLASS ACTION COMPLAINT - 4

1  grip accessory to function like a traditional home console, or detached altogether to function as



individual controllers for two players.  The Joy-Con controllers are depicted in these images[1]:



19.    The                                                                    Joy-Con

controllers each                                                              have a

---

[1] https://www.nintendo.com/switch/system/ (last visited July 17, 2019).

CLASS ACTION COMPLAINT - 5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1  joystick and several buttons that are used to control gameplay.

2      20.    A new Switch starts at approximately $299.99 and includes one Joy-Con

3  controller set.

4      21.    Additional Joy-Con controllers can be purchased for approximately $79.99 for a

5  pair or approximately $49.99 for an individual left or right controller.

6      22.    The Joy-Con controllers are defective.  Specifically, the joystick on the Joy-Con

7  suffers from a defect that results in it "drifting" on its own, i.e., affecting gameplay as if it had

8  been touched but without actually having been touched by the user.

9      23.    Drifting interferes significantly with gameplay. Since the entire purpose of the

10  Switch is to play video games and the purpose of the Joy-Con specifically is to control the

11  gameplay in those video games, the defect goes to the device's central functionality and results

12  in the device failing of its essential purpose.

13      24.    Plaintiff's experiences are by no means isolated or outlying occurrences.  Indeed,

14  the internet is replete with examples of message boards and other websites where consumers

15  have complained of the exact same Joy-Con defect.

16      25.    Many consumers report experiencing drift on multiple Joy-Con controllers,

17  including replacement controllers they purchased separately from their Switches.

18      26.    Switch owners have publicly complained about the Joy-Con defect and drift. The

19  following are some of the complaints submitted on forums and social media websites by Switch

20  owners (which upon information and belief  is monitored by Defendant)[2]:

21

22

23  _____

[2] The following complaints are reproduced as they appear online.  Any typographical errors are attributable to the original author.

CLASS ACTION COMPLAINT - 6

27.

Daniel328DT, Nintendo Support Forums, 11/17/17[3]

"I'm currently having problems with the left joycon analog stick. Whenever I power on my left joycon, **the controller starts moving up even when I'm not touching the analog stick . . . ."**

Kingtata10, Reddit, 6/11/18[4]

"[M]y original pair of Joy-Cons started drifting about a year after buying it at launch. I have 2 year warranty, **so I went and replaced them**. 3 months later and it **started happening again . . . ."**

CanyonWrn, Reddit, 7/28/18[5]

"I have been one of the unlucky individuals who has experienced **excessive, long-term drift issues with all of my pairs of joy-cons. I own three pairs** between two consoles. **I have had to send joy-cons in for repair due to drifting** *eight* **times— sometimes, obviously, multiple times per joy-con . . . ."**

Stelter6, GameFAQs Message Board, 12/2/18[6]

"[**I] have two left joycons and the analog stick drifts on both of them.** One drifts left and the other drifts up. Basically input registers without me touching the stick. This happens attached and unattached. I'm not sure if it's my Switch or the joycons."

truthfullycorncob, Reddit, 12/4/18[7]

"[I] have **two sets** that are a year and a half old and are **both starting to drift bad . . . ."**

---

[3] https://en-americas-support.nintendo.com/app/social/questions/detail/qid/70928/~/left-joycon-analog-stick-drifting-upwards

[4] https://www.reddit.com/r/NintendoSwitch/comments/8qbp78/left_joycon_analog_stick_drifting

[5] https://www.reddit.com/r/NintendoSwitch/comments/92pht5/we_really_shouldnt_discount_people_experiencing/

[6] https://gamefaqs.gamespot.com/boards/189706-nintendo-switch/77262127

[7] https://www.reddit.com/r/NintendoSwitch/comments/a30tm4/joy_cons_drifting/

CLASS ACTION COMPLAINT - 7

Josh, Stack Exchange, 1/13/19[8]

    "About 2 weeks ago I noticed that the left analog stick on my Nintendo Switch Joy-Cons started "drifting", that is, without touching the stick (when it was centered) it would register as off-center causing characters in games to start randomly walking in various directions, frequently downward. This obviously makes playing games rather difficult . . . ."

CyberSai, IGN Boards, 3/14/19[9]

"My left joycon has a **drifting control stick that constantly makes my character move in any game when I'm trying to stand still, or when I try to move in another direction it feels like a struggle**. Obviously this is making playing a lot of games unplayable, and I don't feel like buying all new joycons for $60. How do you repair it on your own without sending it into Nintendo?"

Lizuka, Nintendo Life, 3/15/19[10]

"**Both of mine** have been drifting for a loooong time now. The right only slightly so for the longest time while the left got flat out unusable... **then I bought a replacement and now the right is rapidly getting just as bad** . . . ."

Chef_Brah, Reddit, 3/26/19[11]

"**Every friend of mine and me have had drift issue with joycons**. I just use pro controller now."

drewc406, Reddit, 4/3/19[12]

"[I] bought my Switch about 18 months ago . . . **[I] noticed both sets of my joy cons begin giving me problems with drift on the left controller a couple months ago**, and so I started to pay attention to all the complaints. It's alarming that this is a known issue on an $80 controller, and yet Nintendo hasn't said boo

---

[8] https://gaming.stackexchange.com/questions/344972/why-are-the-analog-sticks-on-my-nintendo-switch-controllers-all-starting-to-drif/345047

[9] https://www.ign.com/boards/threads/how-to-fix-drifting-control-stick-in-left-joycon.455340618/

[10] http://www.nintendolife.com/news/2019/07/guide_how_to_fix_a_drifting_nintendo_switch_joy-con_analogue_stick

[11] https://www.reddit.com/r/NintendoSwitch/comments/b5z81z/how_to_fix_controller_drift_on_the_switch_joycons/

[12] https://www.reddit.com/r/NintendoSwitch/comments/b972b2/the_left_joycon_failure_is_a_travesty_that_should/

CLASS ACTION COMPLAINT - 8

about it . . . [A]re we expected to throw away expensive controllers and just buy new ones, or pay Nintendo to fix their mistakes?"

"How have these controllers not been recalled? It's obviously a design flaw, so why not fix it? I am going to try and fix them myself, which I've seen work, but the fact that we have to try to do that is ridiculous . . . **[I] can't push down anymore, and that the drift has gotten so bad that even in the menu everything just goes straight to the top . . . .**"

Lucky777, GameFAQs, 4/8/19[13]

"[T]he switch will be my last nintendo console thanks to joycon drift . . . never have [I] seen such poorly designed controllers . . . **[I] will have to buy my 4th pair of joycons soon[.]** [T]hose will end up drifting too[,] they always do . . . ."

ikonino, Reddit, 5/18/19[14]

"My right joy-con is drifting hard and its a nightmare, any tips for fixing it?"

Razzy, Nintendo Life, 6/20/19[15]

"**Four of my five** joycons developed drifting problems, one only a month after purchase . . . ."

imoctopusman, Reddit, 7/14/19[16]

**"I have 8 joy cons and only 2 left ones don't drift.** It's ridiculous. Had to buy a pro controller because of it."

28.     Defendant is aware of the Joy-Con defect. In the first place, it has received droves of complaints from consumers about this issue both directly from consumers and through online forums and social media sites that it monitors.

---

[13] https://gamefaqs.gamespot.com/boards/189706-nintendo-switch/77626229

[14]https://www.reddit.com/r/NintendoSwitch/comments/bq9tq6/my_right_joycon_is_drifting_hard_and_its_a/

[15]http://www.nintendolife.com/news/2019/07/guide_how_to_fix_a_drifting_nintendo_switch_joy-con_analogue_stick

[16]https://www.reddit.com/r/NintendoSwitch/comments/cczxwz/i_know_its_been_said_a_billion_times_but_nintendo/?utm_source=share&utm_medium=ios_app

CLASS ACTION COMPLAINT - 9

29.     Defendant controls the manufacture, development, marketing, sales, and support for the Switch and Joy-Con controllers.

30.     Accordingly, Defendant was responsible for performing pre-release testing on the Switch and Joy-Con controllers which should have alerted it to the defect.

31.     The Switch was first released in March 2017 and is still on the market today.

32.     Despite knowing about the Joy-Con defect, Defendant continues to market and sell the Switch and Joy-Con controllers (through third-party retailers) without disclosing the defect.

33.     Defendant could easily disclose the defect to potential consumers in any number of ways, including on the product's packaging or its set-up screen.

34.     When a consumer experiences the defect and contacts Defendant, Defendant routinely refuses to offer any sort of fix free of charge.

35.     Because of Defendant's actions, Switch owners have suffered damages in the form of loss of use of the essential purpose and central functionality of their Switches and Joy-Con controllers, diminution of value of their Switches, and lost time and expense involved in contacting Nintendo and retailers about the problem.

## CLASS ACTION ALLEGATIONS

36.     This action is brought, and may properly proceed, as a class action, pursuant to Rule 23(a) and 23(b)(2) and (3) of the Federal Rules of Civil Procedure.

37.     Plaintiff seeks certification of a Class defined as follows:

> **Nationwide Class:**
> All persons in the United States who bought a Nintendo Switch or Joy-Con controllers.

38.     In the alternative, Plaintiff seeks certification of the following subclass:

CLASS ACTION COMPLAINT - 10

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1
2
**California Subclass:**
    All persons in the state of California who bought a Nintendo Switch or Joy-Con controllers.

3    39.    Excluded from the Classes is Defendant, its affiliates, employees, officers and

4 directors, persons or entities that purchased Switches or Joy-Con controllers for resale, and the

5 Judge(s) assigned to this case.  Plaintiff reserves the right to modify, change, or expand the class

6 definitions if discovery and/or further investigation reveal that they should be expanded or

7 otherwise modified.

8    40.    **Numerosity**:  The Class is so numerous that joinder of all members is

9 impracticable.  While the exact number and identities of individual members of the Class is

10 unknown at this time, such information being in the sole possession of Defendant and obtainable

11 by Plaintiffs only through the discovery process, Plaintiff believes, and on that basis allege, that

12 at least tens of thousands of Switches and Joy-Con controllers have been sold nationwide.

13    41.    **Existence/Predominance of Common Questions of Fact and Law**: Common

14 questions of law and fact exist as to all members of the Class.  These questions predominate

15 over the questions affecting individual Class members.  These common legal and factual

16 questions include, but are not limited to:

17        a.    whether Nintendo engaged in the conduct alleged herein;

18        b.    whether the Joy-Con controllers are defective;

19        c.    whether Nintendo placed the Switch and Joy-Con controllers into the

20 stream of commerce in the United States with knowledge of the defect;

21        d.    whether Nintendo knew or should have known of the defect, and if so,

22 how long it knew of this defect;

23        e.    when Nintendo became aware of the defect;

CLASS ACTION COMPLAINT - 11

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1    f.    whether Defendant knowingly failed to disclose the existence and cause

2  of the defect;

3    g.    whether Defendant's conduct alleged herein violates consumer

4  protection statutes, false advertising laws, warranty laws, and other laws as asserted herein;

5    h.    whether Plaintiff and Class Members overpaid for their Switches and/or

6  Joy-Con controllers in light of the defect;

7    i.    whether Plaintiff and Class Members have suffered an ascertainable loss

8  as a result of the loss of their Switch's functionality;

9    j.    whether Plaintiff and Class Members are entitled to damages, including

10 punitive damages, as a result of Defendant's conduct alleged herein, and if so, the amount or

11 proper measure of those damages; and

12    k.    whether Plaintiff and Class Members are entitled to equitable relief,

13 including but not limited to restitution and/or injunctive relief, including public injunctive relief

14 as provided for under California law.

15    42.    **Typicality**:  Plaintiff's claims are typical of the claims of the Class since Plaintiff

16 purchased a Switch and/or Joy-Con controllers, as did each member of the Class. Plaintiffs and

17 Class members were injured in the same manner by Defendant's uniform course of conduct

18 alleged herein.  Plaintiff and all Class members have the same claims against Defendant relating

19 to the conduct alleged herein, and the same events giving rise to Plaintiff's claims for relief are

20 identical to those giving rise to the claims of all Class Members.  Plaintiff and all Class members

21 sustained monetary and economic injuries including, but not limited to, ascertainable losses

22 arising out of Defendant's wrongful conduct in selling and failing to remedy defective Joy-Con

23

CLASS ACTION COMPLAINT - 12

1  controllers. Plaintiff is advancing the same claims and legal theories on behalf of himself and all

2  absent Class Members.

3      43.  **Adequacy**:  Plaintiff is an adequate representative for the Class because his

4  interests do not conflict with the interests of the Class that he seeks to represent. Plaintiff has

5  retained counsel competent and highly experienced in complex class action litigation—including

6  consumer fraud class action cases—and they intend to prosecute this action vigorously.  The

7  interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

8      44.  **Superiority**:  A class action is superior to all other available means of fair and

9  efficient adjudication of the claims of Plaintiff and members of the Class.  The injury suffered

10  by each individual Class member is relatively small in comparison to the burden and expense of

11  individual prosecution of the complex and extensive litigation necessitated by Defendant's

12  conduct. It would be virtually impossible for members of the Class individually to redress

13  effectively the wrongs done to them by Defendant. Even if Class members could afford such

14  individual litigation, the court system could not. Individualized litigation presents a potential for

15  inconsistent or contradictory judgments. Individualized litigation increases the delay and

16  expense to all parties, and to the court system, presented by the complex legal and factual issues

17  of the case. By contrast, the class action device presents far fewer management difficulties, and

18  provides the benefits of single adjudication, an economy of scale, and comprehensive

19  supervision by a single court. Upon information and belief, members of the Class can be readily

20  identified and notified.

21      45.  Defendant has acted, and refuses to act, on grounds generally applicable to the

22  Class, thereby making appropriate final equitable and injunctive relief with respect to the Class

23  as a whole.

CLASS ACTION COMPLAINT - 13

1

**CLAIMS FOR RELIEF**

2

**COUNT I**

3

**VIOLATION OF MAGNUSON-MOSS WARRANTY ACT
15 U.S.C. §§ 2301, *et seq.* ("MMWA")**

4

5

46.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

6

7

47.     Plaintiff and Class members are "consumers" within the meaning of the MMWA, 15 U.S.C. § 2301(3).

8

9

48.     Defendant is a "supplier" and "warrantor" within the meaning of the MMWA, 15 U.S.C. § 2301(4)-(5).

10

11

49.     The Switch and Joy-Con controllers are "consumer products" within the meaning of the MMWA, 15 U.S.C. § 2301(1).

12

13

50.     15 U.S.C. § 2310(d) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

14

15

51.     Defendant's express warranties are written warranties within the meaning of the MMWA, 15 U.S.C. § 2301(6).  The Switch's implied warranties are covered under 15 U.S.C.

16

§ 2301(7).

17

18

52.     Defendant breached its express and written warranties as described in more detail above and below.  Without limitation, the Joy-Con controllers are defective and fail to operate as represented and warranted by Defendant and replacement devices are also subject to the same defect.

19

20

21

53.     Plaintiff and the other Class members have had sufficient direct dealings with either Defendant or its agents to establish privity of contract between Defendant, on one hand, and Plaintiff and each of the other Class members on the other hand.  Nonetheless, privity is

22

23

CLASS ACTION COMPLAINT - 14

not required here because Plaintiff and each of the other Class members are intended third-party beneficiaries of contracts between Defendant and their third-party retailers, and specifically, of Defendant's implied warranties.  The third-party retailers were not intended to be the ultimate consumers of the Switches and Joy-Con controllers and have no rights under the warranty agreements provided with the products; the warranty agreements were designed for and intended to benefit the consumers only.

54.     Affording Defendant a reasonable opportunity to cure its breach of written warranties would be unnecessary and futile here.  Indeed, Plaintiff has already done so, and Defendant has failed to eliminate the defect.

55.     At the time of sale or lease of each Switch and Joy-Con controller Defendant knew, should have known, or was reckless in not knowing of its misrepresentations and omissions concerning the Joy-Con controller's inability to perform as warranted, but nonetheless failed to rectify the situation and/or disclose the defect.  Under the circumstances, the remedies available under any informal settlement procedure would be inadequate and any requirement that Plaintiff resort to an informal dispute resolution procedure under the MMWA and/or afford Defendants a reasonable opportunity to cure its breach of warranties is excused and thereby deemed satisfied.

56.     The amount in controversy of Plaintiff's individual claims meets or exceeds the sum of $25.  The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

57.     Plaintiff individually and on behalf of the other Class members, seeks all damages permitted by law in an amount to be proven at trial.

CLASS ACTION COMPLAINT - 15

## COUNT II
## BREACH OF EXPRESS WARRANTY

58.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

59.     Defendant is a "merchant" as defined under the Uniform Commercial Code ("UCC").

60.     The Switches and Joy-Con controllers are "goods" as defined under the UCC.

61.     Defendant expressly warranted that the Switches and Joy-Con controllers were of high quality and, at a minimum, would actually work properly. Defendant specifically warranted attributes and general functionality of the Switches and Joy-Con controllers.

62.     Defendant also expressly warranted that it would repair and/or replace defects in material and/or workmanship free of charge that occurred during the applicable warranty periods.

63.     Defendant breached its warranties by selling to Plaintiff and the Class members the Switches and Joy-Con controllers with a known defect, and which are not of high quality, and are predisposed to fail prematurely and/or fail to function properly. Defendant also breached its warranty by failing to provide an adequate repair when contacted by Plaintiff and the Class members following manifestation of the defect.

64.     These warranties formed the basis of the bargain that was reached when Plaintiff and other Class members purchased Switches and Joy-Con controllers.

65.     As a result of Defendant's actions, Plaintiff and Class members have suffered economic and other related damages.

66.     Plaintiff and the Class members have complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of

CLASS ACTION COMPLAINT - 16

1    Defendant's conduct described herein.

2                                    **COUNT III**
3              **BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

4         67.    Plaintiff incorporates by reference each preceding and succeeding paragraph as

5    though fully set forth at length herein.

6         68.    Defendants are "merchants" as defined under the UCC.

7         69.    The Switches and Joy-Con controllers are "goods" as defined under the UCC.

8         70.    A warranty that Switches and Joy-Con controllers were in merchantable quality

9    and condition is implied by law in transactions for the purchase of Switches and Joy-Con

10   controllers. Defendant impliedly warranted that the Switches and Joy-Con controllers were of

11   good and merchantable condition and quality, fit for their ordinary intended use, including with

12   respect to reliability, operability, and substantial freedom from defects.

13        71.    The Switches and Joy-Con controllers, when sold, and at all times thereafter,

14   were not in merchantable condition and are not fit for the ordinary purpose for which they are

15   used. The Joy-Con defect renders the devices unmerchantable, as they are unreliable, partially

16   or fully inoperable, and not substantially free from defects.

17        72.    Defendant was provided notice of the issues complained of herein by numerous

18   complaints filed against them, including the instant lawsuit, within a reasonable amount of

19   time.

20        73.    Plaintiff and the other Class members have had sufficient direct dealings with

21   either Defendant or its agents to establish privity of contract between Defendant on one hand,

22   and Plaintiff and each of the Class members on the other hand. Nonetheless, privity is not

23   required here because Plaintiff and each of the Class members are intended third-party

CLASS ACTION COMPLAINT - 17

beneficiaries of contracts between Defendant and its third-party retailers, and specifically, of

Defendant's implied warranties. The dealers were not intended to be the ultimate consumers of

the devices and have no rights under the warranty agreements; the warranty agreements were

designed for and intended to benefit the consumers only.

74.     As a direct and proximate result of the breach of said warranties, Plaintiff and

Class members were injured, and are entitled to damages.

**COUNT IV**
**VIOLATIONS OF THE CALIFORNIA**
**CONSUMER LEGAL REMEDIES ACT**
**(CAL. CIV. CODE §§ 1750, _et seq._) ("CLRA")**

75.     Plaintiff incorporates by reference each preceding and succeeding paragraph as

though fully set forth at length herein.

76.     Defendant is a "person" as that term is defined in CAL. CIV. CODE § 1761(c).

77.     Plaintiff and the California Subclass are "consumers" as that term is defined in

CAL. CIV. CODE §1761(d).

78.     Defendant engaged in unfair and deceptive acts in violation of the CLRA by the

practices described above, and by knowingly and intentionally concealing from Plaintiff and

California Subclass members that the Switches and Joy-Con controllers suffer from the joystick

defect. These acts and practices violate, at a minimum, the following CLRA sections:

> (a)(5) Representing that goods or services have sponsorships,
> characteristics, uses, benefits or quantities which they do not
> have;

> (a)(7) Representing that goods or services are of a particular
> standard, quality, or grade, or that goods are of a particular style
> or model, if they are of another; and

> (a)(9) Advertising goods and services with the intent not to sell
> them as advertised.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

79.     Defendant's unfair or deceptive acts or practices occurred repeatedly in Defendant's trade or business and were capable of deceiving a substantial portion of the purchasing public.

80.     Defendant knew that the Switches and Joy-Con controllers were defective, would fail prematurely, and were not suitable for their intended use.

81.     Defendant was under a duty to Plaintiff and the California Subclass members to disclose the defective nature of the devices because:

      a.    Defendants were in a superior position to know the true state of facts about the defect;

      b.    Plaintiff and the California Subclass members could not reasonably have been expected to learn or discover that the devices had a defect until manifestation of the defect; and

      c.    Defendant knew that Plaintiff and the California Subclass members could not reasonably have been expected to learn or discover the defect and the associated costs until the manifestation of the defect.

82.     In failing to disclose the defect and the associated costs that result from it, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

83.     The facts concealed or not disclosed by Defendant to Plaintiff and the California Subclass members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the devices or pay a lesser price. Had Plaintiff and the California Subclass known about the defective nature of the Switches and Joy-Con controllers, they would not have purchased them or would have paid less for them.

CLASS ACTION COMPLAINT - 19

84.     As a direct and proximate result of Defendant's conduct, Plaintiff and California Subclass Members have been harmed.

85.     Pursuant to CAL. CIV. CODE § 1780, Plaintiff seeks only injunctive relief at this time. Pursuant to CAL. CIV. CODE § 1782, on July 19, 2019, Plaintiff sent a letter to Defendant notifying it of the CLRA violations alleged herein and requesting that it cure these violations.

86.     If Defendant does not cure the alleged violations within 30 days of receipt of the letter, Plaintiff will seek to amend this claim to demand damages and any other relief available under the CLRA, as well attorney fees and costs.

87.     Injunctive relief by and large would benefit the general public here.  Injunctive relief benefits Plaintiff only incidentally as members of the general public, because Plaintiff has already been injured by and is therefore aware of the alleged misconduct of Defendant.

### COUNT V
### VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW
#### (CAL. BUS. & PROF. CODE, *et seq.* §§ 17200) ("UCL")

88.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

89.     The UCL proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF. CODE § 17200.

90.     Defendant's conduct is unlawful, in violation of the UCL, because it contravenes the legislatively declared policy against unfair methods of business competition. Additionally, Defendant's conduct is unlawful because it violates the Magnusson-Moss Warranty Act, the Song-Beverly Warranty Act, the California Consumers Legal Remedies Act, and constitutes breach of express and implied warranties, fraudulent concealment, and unjust

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1    enrichment.

2        91.      Defendant's conduct is unfair because it violated California public policy,

3    legislatively declared in the Song-Beverly Consumer Warranty Act, requiring a manufacturer to

4    ensure that goods it places on the market is fit for their ordinary and intended purposes.

5    Defendant acted in an immoral, unethical, oppressive, and unscrupulous manner by:

6                 a.      Knowingly selling Plaintiff and California Subclass members Switches

7                         and Joy-Con controllers with defective joysticks;

8                 b.      Refusing to repair or replace devices with the defect;

9                 c.      Requiring consumers to wait several weeks to several months to receive

10                        accommodation for warranty claims;

11                d.      Providing replacement Joy-Cons that suffer the same defect and related

12                        problems as the original.

13       92.      The gravity of the harm resulting from Defendant's unfair conduct outweighs

14   any potential utility of the conduct. The practice of selling defective devices without providing

15   an adequate remedy to cure the defect harms the public at large and is part of a common and

16   uniform course of wrongful conduct. There are reasonably available alternatives that would

17   further Defendant's business interests of increasing sales and preventing false warranty claims.

18   The harm from Defendant's unfair conduct was not reasonably avoidable by consumers.

19       93.      Defendant's conduct, as described herein, is fraudulent in violation of the UCL.

20   Defendant's fraudulent acts include knowingly and intentionally concealing from Plaintiff and

21   California Subclass members the existence of the defect, and falsely marketing the Switches

22   and Joy-Con controllers as being functional and not possessing a defect that would render them

23   useless.

CLASS ACTION COMPLAINT - 21

94.     Defendant's misrepresentations and omissions alleged herein caused Plaintiff and California Subclass members to purchase their Switches and Joy-Con controllers.

95.     Defendant had a duty to disclose the defect because it had exclusive knowledge of the defect and because Defendant made partial representations about the quality of the devices, but failed to fully disclose the defect.

96.     Accordingly, Plaintiff and class members have suffered injury in fact, including lost money or property, as a result of Defendant's unlawful, unfair, and fraudulent acts. Absent these acts, Plaintiff and class members would not have purchased their Switches and Joy-Con controllers at the prices they paid (had they purchased them at all).

97.     Plaintiff seeks to enjoin further unlawful, unfair, and/or fraudulent acts or practices by Defendant under CAL. BUS. & PROF. CODE § 17200.

98.     Injunctive relief by and large would benefit the general public here.  Injunctive relief benefits Plaintiffs only incidentally as members of the general public, because Plaintiff has already been injured by and is therefore aware of the alleged misconduct of Nintendo

99.     Plaintiff requests that this Court enter such orders or judgments as may be necessary to enjoin Defendant from continuing its unfair, unlawful, and/or deceptive practices, and to restore to Plaintiff and California Subclass members any money Defendant acquired by unfair competition, including restitution, in addition to reasonable attorneys' fees and costs.

## COUNT VI
## VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT
### FOR BREACH OF EXPRESS WARRANTY
### (CAL. CIV. CODE §§ 1791.2 & 1793.2(d))

100.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

CLASS ACTION COMPLAINT - 22

101.    Plaintiff and the other Class members who purchased the devices in California are "buyers" within the meaning of CAL. CIV. CODE § 1791(b).

102.    The Switches and Joy-Con controllers are "consumer goods" within the meaning of CAL. CIV. CODE § 1791(a).

103.    Defendant is a "manufacturer" within the meaning of CAL. CIV. CODE § 1791(j).

104.    Defendant made express warranties to Plaintiff and the other California Class members within the meaning of CAL. CIV. CODE §§ 1791.2 and 1793.2, as described above.

105.    Defendant breached these warranties by selling the Switches and Joy-Con controllers with the defect, requiring repair or replacement within the applicable warranty periods, and refusing to honor the warranties by providing free repairs or replacements during the applicable warranty periods.

106.    As alleged above, the terms of Defendant's express warranty are both substantively and procedurally unconscionable.  Defendant's attempt to disclaim or limit these express warranties is unconscionable and unenforceable under the circumstances here. Specifically, its warranty limitation is unenforceable because it knowingly sold a defect product without informing consumers about the defect.

107.    The time limits contained in Defendant's warranty period are also unconscionable and inadequate to protect Plaintiff and the California Subclass members. Among other things, Plaintiff and California Subclass members and no meaningful choice in determining these time limitations the terms of which unreasonably favor Defendant. A gross disparity of bargaining power existed between Defendant and Plaintiff and California Subclass members and Defendant knew or should have known that the devices were defective at the time of sale and would fail well before the end of their useful lives.

CLASS ACTION COMPLAINT - 23

1     108.    Defendant did not promptly replace or buy back the devices of Plaintiff and

2     proposed California Subclass members.

3     109.    As a direct and proximate result of Defendant's breach of its express warranties,

4     Plaintiff and the other California Subclass members received goods whose condition

5     substantially impairs their value to Plaintiff and the other California Subclass members.

6     Plaintiff and the other California Subclass members have been damaged as a result of, *inter*

7     *alia,* the diminished value of Defendant's products, the products' malfunctioning, and actual

8     and potential increased maintenance and repair costs.

9     110.    Pursuant to CAL. CIV. CODE §§ 1793.2 & 1794, Plaintiff and the other California

10    Subclass members are entitled to damages and other legal and equitable relief including, at

11    their election, the purchase price of their Switches or Joy-Con controllers, or the overpayment

12    or diminution in value of these devices.

13    111.    Pursuant to CAL. CIV. CODE § 1794, Plaintiffs and the other California Subclass

14    members are entitled to costs and attorney fees.

## COUNT VII
## VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT
## FOR BREACH OF IMPLIED WARRANTY
### (CAL. CIV. CODE §§ 1792, 1791.1, *et seq.*)

18    112.    Plaintiff incorporates by reference each preceding and succeeding paragraph as

19    though fully set forth at length herein.

20    113.    The Switches or Joy-Con controllers are "consumer goods" within the meaning

21    of CAL. CIV. CODE § 1791(a).

22    114.    Defendant is a "manufacturer" within the meaning of CAL. CIV. CODE § 1791(j).

23    115.    Defendant impliedly warranted to Plaintiff and the California Subclass that the

CLASS ACTION COMPLAINT - 24

1    devices were "merchantable" within the meaning of CAL. CIV. CODE §§ 1791.1(a) & 1792.

2          116.    CAL. CIV. CODE § 1791.1(a) states:  "Implied warranty of merchantability" or

3    "implied warranty that goods are merchantable" means that the consumer goods meet each of

4    the following:

5          (1) Pass without objection in the trade under the contract description.

6          (2) Are fit for the ordinary purposes for which such goods are used.

7          (3) Are adequately contained, packaged, and labeled.

8          (4) Conform to the promises or affirmations of fact made on the container or label.

9          117.    The Switches or Joy-Con controllers would not pass without objection in the

10   gaming console trade because the defect causes all or substantially all of the controllers to

11   experience joystick failure, and to not operate as intended.

12         118.    Because the defect materially reduces the reliability and dependability of the

13   devices, they are not fit for ordinary purposes for which such goods are used.

14         119.    The Switches or Joy-Con controllers s are not adequately labeled because the

15   labeling fails to disclose the defect and does not advise California Sublass members of the

16   defect.

17         120.    The defect deprived Plaintiff and the California Subclass of the benefit of their

18   bargain and have caused the devices to be worth less than what Plaintiff and other proposed

19   California Subclass members paid.

20         121.    As a direct and proximate result of Defendant's breach of its duties, California

21   Subclass members received goods whose condition substantially impairs their value.  Plaintiff

22   and the proposed California Subclass have been damaged by the diminished value of the

23   Switches and Joy-Con controllers, the devices' malfunctioning, and actual and potential

CLASS ACTION COMPLAINT - 25

increased maintenance and repair or replacement costs.

122.    Under CAL. CIV. CODE §§ 1791.1(d) & 1794, Plaintiff and California Sublass members are entitled to damages and other legal and equitable relief including, at their election, the purchase price of their Switches or Joy-Con controllers, or the overpayment or diminution in value of their devices, and are also entitled to their attorney fees and costs.

### COUNT VIII
### UNJUST ENRICHMENT (PLEADING IN THE ALTERNATIVE)

123.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

124.    This claim is pleaded in the alternative to the other claims set forth herein.

125.    As the intended and expected result of its conscious wrongdoing, Defendant has profited and benefited from the purchase of Switches or Joy-Con controllers with the defect.

126.    Defendant has voluntarily accepted and retained these profits and benefits, with full knowledge and awareness that, as a result of Defendant's misconduct alleged herein, Plaintiff and the Class were not receiving devices of the quality, nature, fitness, or value that had been represented by Defendant, and that a reasonable consumer would expect. Specifically, Plaintiff and the Class members expected that when they purchased their devices, they would not be equipped with a defective joystick that would interfere with gameplay.

127.    Defendant has been unjustly enriched by its fraudulent, deceptive, unlawful, and unfair conduct, and its withholding of benefits and unearned monies from Plaintiff and the Class, at the expense of these parties.

128.    Equity and good conscience militate against permitting Defendant to retain these profits and benefits.

CLASS ACTION COMPLAINT - 26

1

## COUNT IX

2

## DECLARATORY RELIEF (PLEADING IN THE ALTERNATIVE)

3

4      129.    Plaintiff repeats and realleges the allegations above as if fully set forth herein.

5      130.    This claim is pled in the alternative to the other claims set forth herein on behalf

6    of the Nationwide Class.

7      131.    Defendant manufactured, produced, tested, inspected, marketed, distributed, and

8    sold the Switch and Joy-Con controllers, which contain the defect as described herein.

9      132.    There exists an actual controversy, over which this Court has jurisdiction,

10   between Plaintiff and Defendant concerning their respective rights, duties and obligations for

11   which Plaintiff desire a declaration of rights under Defendant's warranty. Pursuant to 28 U.S.C.

12   § 2201, or in the alternative, the state declaratory judgment laws of the states in which Plaintiff

13   or Class members reside, this Court may declare the rights and legal relations of any interested

14   party seeking such declaration, whether or not further relief is or could be sought.

15     133.    Defendant warrants and advertises the reliability and workmanship of the Switch

16   and the Joy-Cons. Plaintiff contends that Defendant breached its warranties to Plaintiff and the

17   Class members when they received their Switches and Joy-Cons at the time of the purchase that

18   were worth less than what was promised by Nintendo's warranties.

19     134.    Defendant's warranties explicitly warrant materials and workmanship and do not

20   disclaim or exclude the defect or the type of damage suffered as a result of the defect in the Joy-

21   Cons.

22     135.    Plaintiff seeks a declaration of the parties' respective rights, duties and

23   obligations under Defendant's warranty and other promises made by Defendant related to the

CLASS ACTION COMPLAINT - 27

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

quality and workmanship of the Switches and Joy-Cons, and specifically that Plaintiff and the Class members are entitled to recover their out-of-pocket expenses related to repairs and/or replacement of their defective and unworkmanlike Switches and Joy-Cons under Defendant's warranty.

136.    Specifically, Plaintiff seeks a declaratory judgment that Defendant's warranty provides coverage for, and is to be read to include coverage for, repair or replacement of Joy-Cons that experience the defect.  Plaintiff also seeks a declaratory judgment that nothing in Defendant's warranty disclaims or excludes warranty coverage for the defect described herein.

137.    A judicial declaration is necessary in order that Plaintiff and the Class members may ascertain their rights and duties under Defendant's warranty. At this time, Plaintiff and the Class members have Switches and Joy-Cons that were defective upon purchase, and/or continue to remain defective.

138.    Plaintiff and Class members suffered damages at the time of their purchase and have paid or will have to pay future repair and/or replacement costs as a direct result of the Defect in the Switch Joy-Cons.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, hereby requests that this Court enter an Order against Defendant providing the following:

A.    Certification of the proposed Class and/or Subclass, appointment of Plaintiff and his counsel to represent the proposed Class, and notice to the proposed Class to be paid by Defendant;

B.    An order temporarily and permanently enjoining Defendant from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1        C.       Injunctive relief in the form of a recall or free replacement program;

2        D.       Equitable relief in the form of buyback of the devices;

3        E.       Costs, restitution, damages, including punitive damages, penalties, and

4 disgorgement in an amount to be determined at trial;

5        F.       An Order requiring Defendant to pay both pre- and post-judgment interest on any

6 amounts awarded;

7        G.       An award of costs and attorneys' fees; and

8        H.       Such other or further relief as may be appropriate.

9 <u>**JURY DEMAND**</u>

10 Plaintiff hereby demands a trial by jury for all claims so triable.

11        DATED this 19th day of July, 2019.

12                TOUSLEY BRAIN STEPHENS PLLC

13                By: *s/ Kim D. Stephens*
                    Kim D. Stephens, WSBA #11984

14

15                By: *s/ Jason T. Dennett*
                    Jason T. Dennett, WSBA #30686

16                By: *s/Kaleigh N.B. Powell*
                    Kaleigh N.B. Powell, WSBA #52684

17

18                1700 Seventh Avenue, Suite 2200
                Seattle, Washington  98101

19                Telephone:  206.682.5600/Fax: 206.682.2992
                Email:      kstephens@tousley.com

20                          jdennett@tousley.com
                          kpowell@tousley.com

21

22

23

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Benjamin F. Johns (to be admitted *pro hac vice*)
Andrew W. Ferich (to be admitted *pro hac vice*)
Alex M. Kashurba (to be admitted *pro hac vice*)
**CHIMICLES SCHWARTZ KRINER**
**& DONALDSON-SMITH LLP**
361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Email:    bfj@chimicles.com
          awf@chimicles.com
          amk@chimicles.com


*Counsel for Plaintiffs and the Putative Class*

0099/002/539424.1

CLASS ACTION COMPLAINT - 30