HON. THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN DIAZ,

          Plaintiff,

  v.

NINTENDO OF AMERICA, INC.,

          Defendant.

NO. 2:19-cv-01116-TSZ

**MOTION TO APPOINT INTERIM CO-LEAD COUNSEL AND INCORPORATED MEMORANDUM OF LAW**

**NOTE ON MOTION CALENDAR:**
**September 6, 2019**

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF MOTION TO
APPOINT INTERIM CO-LEAD COUNSEL (2:19-cv-01116-TSZ)

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ..................................... 2

III. ARGUMENT ..................................................................................................... 4

    1.    It is Appropriate for the Court to Appoint Interim
         Co-Lead Counsel at this Early Juncture ............................................. 4

    2.    Messrs. Stephens and Johns Should Be
         Appointed as Class Counsel ................................................................ 6

        a.    Proposed Class Counsel Performed Substantial
             Work in Investigating this Action ............................................ 7

        b.    Proposed Interim Lead Counsel Have Relevant
             Experience and Knowledge of the Applicable Law ................. 7

        c.    Proposed Interim Co-Lead Counsel Are Committed to
             Representing and Advancing the Interests of the Class ......... 10

IV. CONCLUSION ................................................................................................ 10

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF MOTION TO
APPOINT INTERIM CO-LEAD COUNSEL (2:19-cv-01116-TSZ) - i

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**TABLE OF AUTHORITIES**

**CASES**

*A Cemal Ekin v. Amazon Servs., LLC*,
  No. C14-0244-JCC, 2014 U.S. Dist. LEXIS 199367 (W.D. Wash. May 23, 2014) ................................................................................................................... 4

*In re Behr Sealant Class Action Litigation*,
  No. CV-022295 (Cal. Super. Ct.) ................................................................................. 8

*Beture v. Samsung Elecs. Am., Inc.*,
  No. 17-5757 (SRC), 2018 U.S. Dist. LEXIS 50413 (D.N.J. Mar. 27, 2018) .......................... 5

*Carusone v. Nintendo of America, Inc.*,
  No. 5:19-cv-01183-HNJ (N.D. Ala.) ......................................................................... 3, 5

*Clemans v. New Werner Co.*,
  No. 12-cv-05186 (W.D. Wash.) .................................................................................. 8

*DeMarco v. AvalonBay Communities, Inc.*,
  No. 15-628-JLL-JAD, ECF No. 18 (D.N.J. Mar. 17, 2015) .......................................... 5

*In re: Elk Cross Timbers Decking Marketing, Sales Practices and Products Liability Litig.*,
  No. 15-cv-18-JLL-JAD (D.N.J.) ................................................................................... 9

*Gamboa v. Ford Motor Co.*,
  381 F. Supp. 3d 853 (E.D. Mich. 2019) ..................................................................... 4

*Grays Harbor Adventist Christian School v. Carrier Corporation*,
  No. 05-05437 (W.D. Wash.) ....................................................................................... 8

*Ikuseghan v. Multicare Health System*,
  No. C14-5539, 2016 WL 4363198 (W.D. Wash. Aug. 16, 2016) (Settle, J.) ............. 10

*Kaminske v. JP Morgan Chase Bank N.A.*,
  No. SACV 09-00918 JVS, 2011 U.S. Dist. LEXIS 16764 (C.D. Cal. Jan. 3, 2011) ............................................................................................................................ 6

*LaPlant v. Northwest Mutual Life Insurance Co.*,
  No. 2:11-cv-00910 ...................................................................................................... 8

*In re Nexus 6P Products Liability Litig.*,
  No. 5:17-cv-02185-BLF (N.D. Cal.) ........................................................................... 9

*In re Premera Blue Cross Custody Data Security Breach Litig.*,
  No. 15-md-2633 .......................................................................................................... 8

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF MOTION TO
APPOINT INTERIM CO-LEAD COUNSEL (2:19-cv-01116-TSZ) - ii

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

*Schmidt v. Samsung Elecs. Am., Inc.*,
   No. C16-1725-JCC, 2017 U.S. Dist. LEXIS 66789 (W.D. Wash. May 2,
   2017) .................................................................................................................4, 5

*In re Sears, Roebuck & Co. Front-Loading Washer Prods. Liab. Litig.*,
   No. 06 C 7023, 2016 U.S. Dist. LEXIS 124235 (N.D. Ill. Sep. 13, 2016) ...........................10

*In re Terazosin Hydrochloride Antitrust Litig.*,
   220 F.R.D. 672 (S.D. Fla. 2004) ........................................................................................7

*Tolmasoff v. General Motors, LLC*,
   No. 16-11747, 2016 U.S. Dist. LEXIS 85101 (E.D. Mich. June 30, 2016) ...........................4

*In re Washington Mutual Mortgage-Backed Securities Litigation*,
   No. C09-0037 (W.D. Wash.) ..............................................................................................8

*Weeks et al. v. Google LLC*,
   No. 18-cv-00801-NC (N.D. Cal.) ........................................................................................9

**Other Authorities**

FED. R. CIV. P. 23(g) ..........................................................................................1, 3, 4, 6

Manual of Complex Litigation § 21.11 (4th ed. 2004) .........................................................5, 6

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF MOTION TO
APPOINT INTERIM CO-LEAD COUNSEL (2:19-cv-01116-TSZ) - iii

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## I.   INTRODUCTION

Plaintiff respectfully moves the Court to exercise its authority under FED. R. CIV. P. 23(g) to make the above-referenced appointments in this consumer protection class action. Proposed interim co-lead counsel are working together cooperatively to prosecute this litigation for the collective benefit of Plaintiff and the proposed class. As set forth below, proposed class counsel are experienced class action attorneys with particular expertise in consumer fraud cases involving defective products.  Their respective law firms have the resources necessary to efficiently prosecute this case on behalf of the proposed class, and they have already demonstrated their commitment to dedicating the necessary capital and other resources to doing so.  Indeed, and as discussed below, they have already retained two technical experts and communicated with many of the over 20,000 consumers that have contacted their firms about this lawsuit.  Together, Kim Stephens of Tousley Brain Stephens PLLC and Benjamin F. Johns of Chimicles Schwartz Kriner & Donaldson-Smith LLP are uniquely positioned to lead this litigation for Plaintiff and the proposed class based upon their pertinent experience. As discussed in more detail below, the early designation of interim co-lead counsel is warranted here due to the large volume of affected consumers, and by the recent filing of a competing case by different counsel in another court. By exercising its authority under Rule 23(g) to appoint these attorneys interim co-lead counsel, this Court will promote the fair and efficient resolution of this controversy.

Counsel for Plaintiff has conferred with counsel for Nintendo with respect to this motion, and Nintendo has indicated that it takes no position as to the relief sought herein.

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF MOTION TO
APPOINT INTERIM CO-LEAD COUNSEL (2:19-cv-01116-TSZ) - 1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On July 19, 2019, Plaintiff filed this lawsuit against Nintendo on behalf of himself and a proposed class of consumers who purchased the Nintendo Switch ("Switch") and Nintendo Joy-Cons.  The Joy-Cons are the detachable controllers that are used to play video games on the Switch game console.  *See* Complaint ("Compl.") ¶ 18. They can be purchased together with a Switch console (for $299.99 total), as a pair ($79.99), or individually ($49.99). *Id.* ¶¶ 20–21.  The Complaint alleges that the Joy-Cons suffer from a common defect that causes a phenomenon known as "drift." *Id.* ¶ 22. When drifting occurs, characters or action on the game screen will move in a direction without command by the gamer or engagement of the Joy-Con. *Id.* ¶¶ 22–23. Plaintiff alleges that this defect (the "Drift Defect") causes the Switch to become difficult to operate, inoperable, non-responsive, and otherwise unusable for its central purpose of gameplay. *Id.* ¶ 23.

Plaintiff alleges that Nintendo knew or should have known of the defect in the Joy-Cons, but continued to sell them to consumers without disclosing this material information. Compl. ¶ 32. Furthermore, when consumers have presented their Joy-Cons to Nintendo for repair, Nintendo has been unable to effectively and permanently eliminate the Drift Defect. *Id.* ¶ 54. When Nintendo has decided to replace defective Joy-Cons, it simply replaces them with other defective Joy-Cons. *Id.* ¶ 52.  Some class members have had multiple repairs or replacements by Nintendo. *Id.* ¶ 25.  Had Plaintiff and class members known of the Drift Defect, they would not have bought their Joy-Cons, or would have paid less for them than they did. *Id.* ¶ 83.

As a result of Nintendo's conduct and the Drift Defect, Plaintiff alleges that he and similarly situated consumers have been deprived of the use of their Joy-Cons and Switches, significantly overpaid for the Joy-Cons, and suffered a diminution in the value of these

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF MOTION TO APPOINT INTERIM CO-LEAD COUNSEL (2:19-cv-01116-TSZ) - 2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

products. Compl. ¶ 35. In order to redress the harms suffered by Plaintiff and the class, Plaintiff has asserted claims for violations of California state consumer protection and warranty statutes, breaches of express and implied warranties, violations of the federal Magnuson-Moss Warranty Act, unjust enrichment, and declaratory relief. *Id.* ¶¶ 46–138. Plaintiff seeks to represent a class consisting of all persons in the United States who bought a Nintendo Switch or Joy-Con controllers or, alternatively, all such people in California. *Id.* ¶¶ 37–38.

Plaintiff filed this action in this Court because Nintendo maintains its domestic headquarters in Redmond, Washington. *See* Compl. ¶ 16. Nintendo was served with the complaint and summons on July 23. ECF No. 9. On July 24, a second putative class action lawsuit was filed against Nintendo by different counsel in the United States District Court for the Northern District of Alabama. *Carusone v. Nintendo of America, Inc.*, No. 5:19-cv-01183-HNJ (N.D. Ala.). A copy of this complaint, which was filed on behalf of an Alabama consumer, is submitted herewith as **Exhibit "A"**.[1] A cursory comparison of the two complaints makes clear that the *Carusone* complaint was largely copied and pasted from the complaint filed in this case.[2] While counsel for the plaintiff in *Carusone* has not appeared in this case, a courtesy copy of this motion is being served on them.

As discussed below, the undersigned have the requisite experience and resources to be appointed co-lead counsel under FED. R. CIV. P. 23(g), and they have been working extensively on this matter since it was filed. The fact that a second a copy-cat case has been filed makes the

---

[1] The class defined in the *Caruson* action is defined as follows: "All residents of the state of Alabama who purchased a Nintendo Switch console or Joy-Con controllers." Exhibit A, ¶ 37.

[2] *Compare* Compl. ¶ 26 *with* Exhibit A, ¶ 26 (citing the same consumer complaints); Compl. ¶ 18 *with* Exhibit A, ¶ 18 (describing the Joy-Con controllers); Compl. ¶ 23 *with* Exhibit A, ¶ 23 (describing how the alleged defect interferes with gameplay); Compl. ¶ 1 *with* Exhibit A, ¶ 1 (basic description of the nature of the case).

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF MOTION TO APPOINT INTERIM CO-LEAD COUNSEL (2:19-cv-01116-TSZ) - 3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

formal designation of these lawyers as interim co-lead counsel all the more important. For the reasons set forth below, Plaintiff respectfully submits that the motion should be granted.

### III.   ARGUMENT

**1.   It is Appropriate for the Court to Appoint Interim Co-Lead Counsel at this Early Juncture.**

"Federal Rule of Civil Procedure 23 provides that '[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *A Cemal Ekin v. Amazon Servs., LLC*, No. C14-0244-JCC, 2014 U.S. Dist. LEXIS 199367, at *11 (W.D. Wash. May 23, 2014) (quoting FED. R. CIV. P. 23(g)(2)(A)). "The appointment of interim counsel is discretionary and is particularly suited to complex actions." *Schmidt v. Samsung Elecs. Am., Inc.*, No. C16-1725-JCC, 2017 U.S. Dist. LEXIS 66789, at *2–3 (W.D. Wash. May 2, 2017) (citation omitted).

Rule 23(g) contemplates the early appointment of lead counsel to act on behalf of the proposed class, even where there are no competing applications. *See, e.g.*, *Tolmasoff v. General Motors, LLC*, No. 16-11747, 2016 U.S. Dist. LEXIS 85101, at *27 (E.D. Mich. June 30, 2016) (appointing two law firms as interim class counsel where "other[] [similar cases] may follow. Moreover, the Court believes that it would be beneficial to formally identify the counsel responsible, at this pre-certification stage, for protecting the interests of the putative class members."). The clear delineation of lead counsel is particularly important where, as here, there are multiple cases filed by different attorneys in different courts. *See Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 867 (E.D. Mich. 2019) ("Designation of interim counsel is particularly appropriate when a number of lawyers have filed related 'copycat' actions.") (citing *Tolmasoff*, 2016 U.S. Dist. LEXIS 85101, at *9 (E.D. Mich. June 30, 2016)); *A Cemal Ekin*, 2014 U.S. Dist. LEXIS 199367, at *12 (where there are multiple filings and attorneys

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF MOTION TO APPOINT INTERIM CO-LEAD COUNSEL (2:19-cv-01116-TSZ) - 4

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

"designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.") (quoting MANUAL OF COMPLEX LITIGATION § 21.11 (4th ed. 2004)).

Courts frequently appoint interim co-lead counsel at an early procedural posture. For example, in *Schmidt*, *supra*, the defendant's main argument in opposition to the appointment of interim lead counsel was that no competing cases had been filed. 2017 U.S. Dist. LEXIS 66789, at *2. Although this Court noted that an additional case was subsequently filed, it concluded that "given Plaintiffs' counsels' qualifications to serve as interim counsel, and the discretion district courts retain in appointing interim lead counsel, the Court finds it appropriate to appoint interim co-lead class counsel." *Id.* Here, as noted above, there already is a second copy-cat case (*Carusone*) that has been filed by different counsel on behalf of a class that overlaps with the proposed nationwide class that Plaintiff seeks to represent in this case.

Other district courts have rejected similar concerns regarding the early appointment of interim lead counsel. In *DeMarco v. AvalonBay Communities, Inc.*, No. 15-628-JLL-JAD, ECF No. 18, at *2–3 (D.N.J. Mar. 17, 2015), for example, the District of New Jersey appointed Mr. Johns' firm as one of three interim co-lead firms shortly after a series of cases had been filed. The court squarely rejected the defendant's argument that it was premature to make the appointment at an early stage in the litigation:

> . . . [T]here is simply no indication before the Court that Defendant would be prejudiced in any way by virtue of the Court's appointment of . . . co-lead counsel . . . . On the other hand, the Court finds that formalizing the roles of the three law firms . . . will promote clarity, efficiency, and greater coordination . . . .

*Id*. (granting motion to appoint interim co-lead counsel); *see also Beture v. Samsung Elecs. Am., Inc.*, No. 17-5757 (SRC), 2018 U.S. Dist. LEXIS 50413, at *2–3 (D.N.J. Mar. 27, 2018)

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF MOTION TO
APPOINT INTERIM CO-LEAD COUNSEL (2:19-cv-01116-TSZ) - 5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

("[Defendant] opposes the motion, contending that appointment of interim counsel is unnecessary in a case such as this one, in which there are no competing counsel. This is unpersuasive: were this Court to deny this motion . . . the result would be competing counsel."). And, in contrast to these cases where the defendant actively opposed the appointment of interim lead counsel, Nintendo takes no position as to this request here.

Designating interim counsel now will "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004) ("MCL"). This clarity is particularly important here where there are competing cases on file and, as discussed below, over 20,000 consumers have contacted the undersigned counsel about the Drift Defect and this lawsuit.

### 2. Messrs. Stephens and Johns Should Be Appointed as Class Counsel.

The same factors for appointing lead counsel at the class certification stage under Rule 23(g) also apply to the appointment of interim class counsel before certification. *See, e.g.*, *Kaminske v. JP Morgan Chase Bank N.A.*, No. SACV 09-00918 JVS, 2011 U.S. Dist. LEXIS 16764, at *6–7 (C.D. Cal. Jan. 3, 2011). These factors are:

  i.   the work counsel has done in identifying or investigating potential claims in the action;
  ii.  counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;
  iii. counsel's knowledge of the applicable law; and
  iv.  the resources counsel will commit to representing the class.

FED. R. CIV. P. 23 (g)(1)(A)(i)–(iv). As discussed below, each of these factors support the appointment of Messrs. Stephens and Johns as interim class counsel here.

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF MOTION TO APPOINT INTERIM CO-LEAD COUNSEL (2:19-cv-01116-TSZ) - 6

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

### a. Proposed Class Counsel Performed Substantial Work in Investigating this Action.

Proposed class counsel have been diligent in investigating and advancing this case. Among other things, they have investigated the circumstances surrounding the Joy-Cons and the alleged defect, the cause of the defect, Nintendo's handling of consumer complaints, and consumer experiences concerning the Joy-Cons. Declaration of Benjamin F. Johns ("Johns Decl.") ¶¶ 2, 7–9; Declaration of Kim D. Stephens ("Stephens Decl.") ¶ 1. Their firms have devoted substantial time to researching the relevant law to prepare the complaint (and forthcoming amended complaint) and, as discussed in the accompanying declarations, have retained two product design experts, conferred with many of the over 20,000 consumers that have contacted their firms, and sent a detailed preservation letter to Nintendo on July 22, 2019. Johns Decl. ¶¶ 8–9.  This factor supports their appointment.

### b. Proposed Interim Lead Counsel Have Relevant Experience and Knowledge of the Applicable Law.

Proposed interim co-lead counsel are well-qualified to lead this case.  Each has a track record of successfully litigating and resolving consumer class actions and other complex cases. *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").  They have ample experience handling class actions (including class actions involving consumer electronics defects), complex litigation, and consumer fraud and warranty claims. The qualifications and experience of these firms are detailed in the accompanying declarations and firm resumes and lawyer biographies.  *See* Johns Decl. Ex. A; Stephens Decl. Ex. A, B.

A sampling of each proposed interim counsel's representative matters appears below.

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF MOTION TO APPOINT INTERIM CO-LEAD COUNSEL (2:19-cv-01116-TSZ) - 7

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

### Kim D. Stephens of Tousley Brain Stephens PLLC

Kim D. Stephens has been appointed lead and co-lead counsel in numerous state, federal and multi-district class action matters, including consumer protection actions. As interim lead counsel in *In re Premera Blue Cross Custody Data Security Breach Litig.*, No. 15-md-2633, Mr. Stephens and his partners recently secured preliminary approval of a $32 million settlement to resolve a class action over Premera Blue Cross's 2015 data breach, which exposed the private personal, medical, and financial information of more than 11 million Premera subscribers and employees. Stephens Decl. ¶¶ 4–5. Along with his partners, Mr. Stephens has similarly resolved many other national class action cases in the multimillion dollar range, including *In re Washington Mutual Mortgage-Backed Securities Litigation*, No. C09-0037 (W.D. Wash.) (liaison counsel for a class of purchasers of mortgage-backed certificates issued and underwritten by Washington Mutual and related entities; the case settled for $26 million shortly before trial); *In re Behr Sealant Class Action Litigation*, No. CV-022295 (Cal. Super. Ct.) (co-lead counsel for national class of purchasers of allegedly defective sealant; the case settled on a claims-made basis valued in excess of $100 million); *LaPlant v. Northwest Mutual Life Insurance Co.*, No. 2:11-cv-00910 (E.D. Wisc.) (represented a putative Washington class of Northwestern Mutual annuity purchasers; Northwestern Mutual Life Insurance Co. paid $84 million to settle the claims after trial); *Clemans v. New Werner Co.*, No. 12-cv-05186 (W.D. Wash.) (co-lead counsel for a national class of consumers who purchased Werner "Easy Access Attic Ladders" with allegedly defective hinges; the case settled for relief valued in excess of $48 million, entitling each class member to a free replacement ladder); and *Grays Harbor Adventist Christian School v. Carrier Corporation*, No. 05-05437 (W.D. Wash.) (co-lead counsel representing national class who alleged Carrier Corporation sold defective high efficiency

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF MOTION TO APPOINT INTERIM CO-LEAD COUNSEL (2:19-cv-01116-TSZ) - 8

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

furnaces; case settled when Carrier agreed to provide an enhanced 20-year warranty for consumers whose furnaces had not failed, and to reimburse consumers who had already repaired their furnaces; three million consumers were covered under the settlement, which was valued at over $300 million). *See* Stephens Decl. ¶¶ 4–5. Mr. Stephens and TBS have consistently been commended for their advocacy and the results they achieve.

### Benjamin F. Johns of Chimicles Schwartz Kriner & Donaldson-Smith LLP

Mr. Johns is a partner in CSK&D's Pennsylvania office. He has successfully prosecuted complex class action cases, MDL proceedings, and consumer electronics and product defect cases across the country. *See* Johns Decl. ¶¶ 1, 3–4. For example, Mr. Johns and his firm have been appointed interim co-lead counsel in both *In re Nexus 6P Products Liability Litig.*, No. 5:17-cv-02185-BLF (N.D. Cal.) ($9.75 million class action settlement in a case involving allegedly defective phones, which has received preliminary approval) and *Weeks, et al. v. Google LLC*, No. 18-cv-00801-NC (N.D. Cal.) ($7.25 million settlement reached in another allegedly defective phone case, which has also received preliminary approval). Mr. Johns has been appointed to leadership positions in other consumer class actions which have been litigated to a successful resolution. *See, e.g., In re: Elk Cross Timbers Decking Marketing, Sales Practices and Products Liability Litig.*, No. 15-cv-18-JLL-JAD (D.N.J.) (member of the Plaintiffs' Steering Committee in this MDL proceeding, involving allegedly defective wood-composite decking; settlement valued at approximately $20 million). Additional information about Mr. Johns and his firm is set forth in his accompanying declaration and firm resume. *See* Johns Decl. Ex. A.

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF MOTION TO
APPOINT INTERIM CO-LEAD COUNSEL (2:19-cv-01116-TSZ) - 9

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

### c. Proposed Interim Co-Lead Counsel Are Committed to Representing and Advancing the Interests of the Class.

Not only do proposed interim co-lead counsel's respective law firms have the resources to effectively prosecute this case, they are committed to utilizing them to do so. Proposed lead counsel collectively employ dozens of attorneys, many of whom represent plaintiffs in complex litigation. Johns Decl. ¶¶ 5–6; Stephens Decl. ¶¶ 5–7. In past litigation, their attorneys have always matched the resource commitment and drive of the opposition, no matter how intense and long-lasting the litigation. *See, e.g.*, *In re Sears, Roebuck & Co. Front-Loading Washer Prods. Liab. Litig.*, No. 06 C 7023, 2016 U.S. Dist. LEXIS 124235, at *32–34 (N.D. Ill. Sep. 13, 2016) (categorizing successful settlement as "hard-fought" and "the result of intense advocacy" by CSK&D in a case where CSK&D was lead counsel and obtained a "full recovery" settlement for qualified class members); *Ikuseghan v. Multicare Health System*, No. C14-5539, 2016 WL 4363198, at *2 (W.D. Wash. Aug. 16, 2016) (Settle, J.) ("As the Court noted during the final settlement hearing, [Toulsey Brain Stephens as sole] class counsel obtained an extraordinarily good result for the class following an arm's-length negotiation.").

In sum, proposed interim co-lead counsel are committed to pursuing the best interests of the proposed class in an efficient manner. They fully understand the investment of time and resources necessary to pursue this action to a successful resolution. Their firms have made and will continue to make the required investment here.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court appoint Benjamin F. Johns of Chimicles Schwartz Kriner & Donaldson-Smith LLP and Kim D. Stephens of Tousley Brain Stephens PLLC as interim co-lead class counsel.

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF MOTION TO APPOINT INTERIM CO-LEAD COUNSEL (2:19-cv-01116-TSZ) - 10

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Dated: August 20, 2019

Respectfully submitted,

**TOUSLEY BRAIN STEPHENS PLLC**

By: *s/Kim D. Stephens*
Kim D. Stephens, WSBA #11984
Jason T. Dennett, WSBA #30686
Kaleigh N.B. Powell, WSBA #52684
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: 206.682.5600/Fax: 206.682.2992
Email: kstephens@tousley.com
jdennett@tousley.com
kpowell@tousley.com

Benjamin F. Johns (*pro hac vice*)
Andrew W. Ferich (*pro hac vice*)
Alex M. Kashurba (*pro hac vice*)
**CHIMICLES SCHWARTZ KRINER**
 **& DONALDSON-SMITH LLP**
361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Tel: (610) 642-8500
Email: bfj@chimicles.com
awf@chimicles.com
amk@chimicles.com

*Proposed Interim Co-Lead Counsel for Plaintiff*

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF MOTION TO
APPOINT INTERIM CO-LEAD COUNSEL (2:19-cv-01116-TSZ) - 11

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED at Seattle, Washington, this 20th day of August, 2019.

　　　　　　　　　　　　　　　　　*s/Kim D. Stephens*
　　　　　　　　　　　　　　　　　Kim D. Stephens

6639/001/541204.1

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF MOTION TO APPOINT INTERIM CO-LEAD COUNSEL (2:19-cv-01116-TSZ) - 12

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992