1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

HON. THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN DIAZ, JARED THOMPSON, ARIEL
ENRIQUEZ, PAUL BARR, JOHN RIOS,
DAVID GUY, LISANDRO LIZARDO, CHRIS
LUEBCKE, ROBERT FOUCHA, NICHOLAS
YOCHHEIM, ALEC COLLINS, ZACKERY
REED, GRANT HOELSCHER, MICHAEL
OREN, NATHAN AIMSWORTH, JASON
COFFEY-WOLFGANG, ERIC WILSON,
LYDIA DELOACH,

                              Plaintiffs,

        v.

NINTENDO OF AMERICA, INC.,

                              Defendant.

NO. 2:19-cv-01116-TSZ

**PLAINTIFFS' FIRST AMENDED
CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

**TOUSLEY BRAIN STEPHENS PLLC**
Kim D. Stephens, WSBA #11984
Jason T. Dennett, WSBA #30686
Kaleigh N.B. Powell, WSBA #52684
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: 206-682-5600
Fax: 206-682-2992
kstephens@tousley.com
jdennett@tousley.com
kpowell@tousley.com

**CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP**
Benjamin F. Johns (*pro hac vice*)
Andrew W. Ferich (*pro hac vice*)
Alex M. Kashurba (*pro hac vice*)
361 West Lancaster Avenue
Haverford, PA  19041
Telephone: 610-642-8500
Fax: 610-649-3633
bfj@chimicles.com
awf@chimicles.com
amk@chimicles.com

*Interim Co-Lead Counsel for Plaintiffs*

FIRST AMENDED CLASS ACTION COMPLAINT

1

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................... 1

JURISDICTION AND VENUE ............................................................................... 3

THE PARTIES .......................................................................................................... 4

Plaintiffs .................................................................................................................... 4

     Ryan Diaz ................................................................................................... 4
     Jared Thompson .......................................................................................... 5
     Ariel Enriquez ............................................................................................ 6
     Paul Barr .................................................................................................... 8
     John Rios .................................................................................................... 9
     David Guy .................................................................................................. 9
     Lisandro Lizardo ...................................................................................... 11
     Chris Luebcke ........................................................................................... 12
     Robert Foucha .......................................................................................... 12
     Nicholas Yochheim ................................................................................... 13
     Alec Collins .............................................................................................. 14
     Zackery Reed ............................................................................................ 15
     Grant Hoelscher ....................................................................................... 16
     Michael Oren ............................................................................................ 17
     Nathan Ainsworth ..................................................................................... 18
     Jason Coffey-Wolfgang ............................................................................ 19
     Eric Wilson .............................................................................................. 21
     Lydia DeLoach ......................................................................................... 22

Defendant ................................................................................................................ 23

FACTUAL ALLEGATIONS .................................................................................. 23

    A.    Switch Console/Joy Cons ............................................................ 23
    B.    Technical Nature of the Defect .................................................... 27
    C.    Customer Complaints ................................................................... 32

          Complaints about the original Switch system ............................. 32
          Complaints about the Switch Lite ............................................... 35

    D.    Knowledge .................................................................................... 36

CLASS ACTION ALLEGATIONS ....................................................................... 41

     Numerosity ............................................................................................... 43
     Existence/Predominance of Common Questions of Fact and Law ........... 44
     Typicality ................................................................................................. 45

FIRST AMENDED CLASS ACTION COMPLAINT - i

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Adequacy ..............................................................................................45
Superiority ...........................................................................................46
CLAIMS FOR RELIEF ......................................................................................46

COUNT I
BREACH OF EXPRESS WARRANTY
(On behalf of the Nationwide class or alternatively each of the State Subclasses)...................46

COUNT II
BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
(On behalf of the Nationwide class or alternatively each of the State Subclasses)...................48

COUNT III
VIOLATIONS OF THE CALIFORNIA
CONSUMER LEGAL REMEDIES ACT
(CAL. CIV. CODE §§ 1750, et seq.) ("CLRA")
(On behalf of Plaintiffs Diaz and Luebcke and the California Subclass)..................................49

COUNT IV
VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW
(CAL. BUS. & PROF. CODE, et seq. §§ 17200) ("UCL")
(On behalf of Plaintiffs Diaz and Luebcke and the California Subclass)..................................51

Unlawful ..............................................................................................51
Unfair ..................................................................................................52
Fraud by Omission ...............................................................................53

COUNT V
VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT
FOR BREACH OF EXPRESS WARRANTY
(CAL. CIV. CODE §§ 1791.2 & 1793.2(d))
(On behalf of Plaintiffs Diaz and Luebcke and the California Subclass)..................................55

COUNT VI
VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT
FOR BREACH OF IMPLIED WARRANTY
(CAL. CIV. CODE §§ 1792, 1791.1, et seq.)
(On behalf of Plaintiffs Diaz and Luebcke and the California Subclass)..................................57

COUNT VII
VIOLATIONS OF FLORIDA'S DECEPTIVE AND UNFAIR
TRADE PRACTICES ACT
FLA. STAT. § 501.201, et seq. ("FDUTPA")
(On Behalf of Plaintiff Thompson, and the Florida Subclass) ..................................................59

FIRST AMENDED CLASS ACTION COMPLAINT - ii

COUNT VIII
VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT
(N.J. STAT. ANN. § 56:8-1, ET SEQ.) ("NJCFA")
(On Behalf of Plaintiffs Rios and Guy, and the New Jersey Subclass)......................................61

COUNT IX
VIOLATIONS OF THE NORTH CAROLINA
UNFAIR AND DECEPTIVE TRADE PRACTICES ACT
N.C. GEN. STAT. § 75-1.1, et seq. ("NCUDTPA")
(On Behalf of Plaintiff Foucha and the North Carolina Subclass)............................................63

COUNT X
VIOLATION OF THE ILLINOIS CONSUMER FRAUD
AND DECEPTIVE BUSINESS PRACTICES ACT
815 ILL. COMP. STAT. §§ 505/1, et seq. ("ICFA")
(On Behalf of Plaintiff Oren and the Illinois Subclass) ...........................................................65

COUNT XI
VIOLATIONS OF THE ILLINOIS UNIFORM
DECEPTIVE TRADE PRACTICES ACT
815 ILL. COMP. STAT. §§ 510/1, et seq. ("Illinois DTPA")
(On Behalf of Plaintiff Oren and the Illinois Subclass) ...........................................................68

COUNT XII
Violations of the Washington Consumer Protection Act
WASH. REV. CODE §§ 19.86.010, et seq. ("WCPA")
(On Behalf of Plaintiff DeLoach and the Washington Subclass)...............................................69

COUNT XIII
Violation of the Arizona Consumer Fraud Act,
ARIZ. REV. STAT. §§44-1521, et seq. ("ACFA")
(On Behalf of Plaintiff Enriquez and the Arizona Subclass) ....................................................71

COUNT XIV
VIOLATION OF THE IDAHO CONSUMER PROTECTION ACT
IDAHO CODE §§ 48-601, et seq. ("IDCPA")
(On Behalf of Plaintiff Reed and the Idaho Subclass) ..............................................................73

COUNT XV
VIOLATION OF THE OKLAHOMA
CONSUMER PROTECTION ACT
OKLA. STAT. tit. 15, §§ 751, et seq. ("OCPA")
(On Behalf of Plaintiff Hoelscher and the Oklahoma Subclass)...............................................76

FIRST AMENDED CLASS ACTION COMPLAINT - iii

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

COUNT XVI
VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT
MICH. COMP. LAWS § 445.901, et seq. ("MCPA")
(On Behalf of Plaintiff Ainsworth and the Michigan Subclass)................................. 79

COUNT XVII
VIOLATIONS OF THE OREGON UNLAWFUL TRADE PRACTICES ACT
OR. REV. STAT. §§ 646.607, et seq. ("OUTPA")
(On Behalf of Plaintiff Coffey-Wolfgang and the Oregon Subclass) ....................................... 80

COUNT XVIII
VIOLATION OF N.Y. GEN. BUS. LAW § 349
(On Behalf of Plaintiff Lizardo and the New York Subclass).................................................. 83

COUNT XIX
VIOLATION OF THE ALABAMA DECEPTIVE
TRADE PRACTICES ACT (ALA. CODE § 8-19-1 et seq.) ("ADTPA")
(On Behalf of Plaintiff Collins and the Alabama Subclass)........................................ 86

COUNT XX
Violations of the Ohio Consumer Sales Practices Act
OHIO REV. CODE ANN. §§ 1345.01, et seq. ("OCSPA")
(On Behalf of Plaintiff Wilson and the Ohio Subclass) ............................................ 87

COUNT XXI
VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT
NEB. REV. STAT. §§ 59-1601, et seq. ("NCPA")
(On Behalf of Plaintiff Yochheim and the Nebraska Subclass) ................................. 88

COUNT XXII
VIOLATION OF THE NEBRASKA UNIFORM
DECEPTIVE TRADE PRACTICES ACT
NEB. REV. STAT. §§ 87-301, et seq. ("NUDTPA")
(On Behalf of Plaintiff Yochheim and the Nebraska Subclass) ................................. 89

COUNT XXIII
UNJUST ENRICHMENT (PLEADING IN THE ALTERNATIVE)....................................... 91

COUNT XXIV
DECLARATORY RELIEF
(PLEADING IN THE ALTERNATIVE TO THE CONTRACT BASED CLAIMS)
(On behalf of the Nationwide class or alternatively each of the state subclasses) ..................... 92

PRAYER FOR RELIEF ........................................................................................ 93

JURY DEMAND.................................................................................................. 94

FIRST AMENDED CLASS ACTION COMPLAINT - iv

1

**FIRST AMENDED CLASS ACTION COMPLAINT**

2      Plaintiffs Ryan Diaz, Jared Thompson, Ariel Enriquez, Paul Barr, John Rios, David Guy,

3  Lisandro Lizardo, Chris Luebcke, Robert Foucha, Nicholas Yochheim, Alec Collins, Zackery

4  Reed, Grant Hoelscher, Michael Oren, Nathan Aimsworth, Jason Coffey-Wolfgang, Eric Wilson,

5  Lydia DeLoach, individually, and on behalf of all others similarly situated, by and through

6  counsel, bring this action against Defendant Nintendo of America, Inc. ("Nintendo"). Plaintiffs'

7  allegations herein are based upon personal knowledge and belief as to their own acts and upon

8  the investigation of their counsel and information and belief as to all other matters.

9

**INTRODUCTION**

10      1.      This is a class action lawsuit brought against Nintendo by Plaintiffs on behalf of

11  themselves and similarly situated consumers who purchased Nintendo Switch game systems,

12  including the original Nintendo Switch and the new Nintendo Switch Lite, as well as the

13  standalone Joy-Con controllers (collectively referred to herein as "Switch").

14      2.      The Switch is manufactured, marketed, and sold by Nintendo. The initial Switch

15  was first made available for purchase in the United States on March 3, 2017. Prior to that date, on

16  January 13, 2017, Nintendo hosted a Launch Event, the video of which is widely available on

17  YouTube (the "Launch Event").[1] Several Nintendo executives touted the durability and features

18  of the Joy-Con controllers at the Launch Event. For example, Reggie Fils-Amie, the President and

19  COO of Nintendo of America, described them as "amazing controllers [that] combine all the

20  gameplay innovations that Nintendo invented, and adds to it."[2] Yoshiaki Koizumi, the Nintendo

21

22

23  _____

[1] https://www.youtube.com/watch?v=JsiRY521Nis (last visited Sept. 26, 2019).
[2] *Id.* at 59:40.

FIRST AMENDED CLASS ACTION COMPLAINT - 1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  Switch General Producer, remarked that "each joy-con can be used as a fully-functioning,

2  individual controller."[3]

3      3.     Contrary to these claims, however, the Switch is defective. Specifically, the Joy-

4  Con joystick controllers that are used to operate the Switch contain a defect that results in

5  characters or gameplay moving on the screen without user command or manual operation of the

6  joystick ("Drifting" or the "Drift Defect"). This defect significantly interferes with gameplay

7  and thus compromises the Switch and Joy-Con controller's core functionality.

8      4.     Based on analysis conducted by Plaintiffs' counsel and their technical expert to

9  date, it appears that a principal cause of the Drift Defect is extensive wear on the pad surface on

10  the interior of the Joy-Con. As the steel brushes inside of the joystick move back and forth they

11  rub away the soft carbon material that makes up the pad. The removed material changes the

12  electrical resistance of the pads and potentially leads to drifting. The difference in surface

13  hardness between the steel brush and the carbon pad results in excessive wear debris that

14  collects on the steel brush tips. This transferred debris exacerbates the wear of the pad.

15      5.     Nintendo is aware of the Drift Defect through online consumer complaints,

16  complaints made by consumers directly to it, and through its own pre-release testing.

17  Notwithstanding its knowledge of the defect, Nintendo has failed to disclose this material

18  information to consumers, and routinely refuses to repair the joysticks without charge when the

19  Drift Defect manifests. Furthermore, when it does attempt to repair (or replace) the Joy-Cons, it

20  has been unable to successfully eliminate the defect or prevent it from re-manifesting.

21      6.     Making matters worse, in September 2019, Nintendo released the new handheld

22  version of the Switch – the Switch Lite – which has non-removable joysticks and controllers that

23  _____

[3] *Id.* at 13:28.

FIRST AMENDED CLASS ACTION COMPLAINT - 2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   also appear to include the same joystick hardware as the regular Switch.  The Switch Lite also is

2   reportedly plagued by drifting per a growing number of online complaints.  Nintendo knew

3   about the Drifting Defect and the issues with its controller and joystick hardware yet decided to

4   incorporate them into the Switch Lite without first fixing the issue.

5          7.     As a result of Nintendo's unfair, deceptive, and/or fraudulent business practices,

6   owners of Switches and Joy-Con controllers, including Plaintiffs, have suffered an ascertainable

7   loss, injury in fact, and otherwise have been harmed by Nintendo's conduct.

8          8.     Accordingly, Plaintiffs bring this action to redress Nintendo's violations of

9   numerous state consumer fraud statutes, breach of express and implied warranty, unjust

10  enrichment, and for violations of California's Song-Beverly Consumer Warranty Act.  Plaintiffs

11  seek monetary relief for damages suffered, declaratory relief as to the parties' rights under

12  Nintendo's warranty, and public injunctive relief.

13  **<u>JURISDICTION AND VENUE</u>**

14         9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

15  1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members,

16  (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and

17  costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are

18  citizens of different states. This Court also has supplemental jurisdiction over the state law

19  claims pursuant to 28 U.S.C. § 1367.

20        10.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because

21  Nintendo transacts business in this district and is subject to personal jurisdiction in this district.

22  Additionally, Nintendo has advertised in this district and has received substantial revenue and

23  profits from its sales of its products, including the Switch and Joy-Con controllers, in this

FIRST AMENDED CLASS ACTION COMPLAINT - 3

1   district; therefore, a substantial part of the events and/or omissions giving rise to the claims

2   herein occurred, in part, within this district.

3         11.    This Court has personal jurisdiction over Nintendo because it maintains its

4   headquarters within this judicial district, has conducted substantial business in this judicial

5   district, and intentionally and purposefully placed its products into the stream of commerce

6   within the state of Washington and throughout the United States.

7   **THE PARTIES**

8   **Plaintiffs**

9   **Ryan Diaz**

10         12.    Plaintiff Ryan Diaz is a citizen of the state of California.

11         13.    On July 20, 2017, Mr. Diaz purchased a Nintendo Switch console and an extra

12   pair of Joy-Con controllers for personal, family, or household use.

13         14.    After about 11 months of use, the left joystick on the Joy-Con controllers that

14   came with the console began registering movement without being manually controlled, or

15   "drifting." This resulted in the Joy-Con being unusable for general gameplay.

16         15.    On or around July 5, 2018, Mr. Diaz sent the defective Joy-Con controller to

17   Nintendo for repair under the one-year warranty. Three months after receiving his refurbished

18   Joy-Con controller back, Mr. Diaz's controller began to exhibit the same "drifting" issue again.

19   The left joystick on Mr. Diaz's extra set of Joy-Con controllers also began to exhibit the

20   "drifting" issue after about 13 months of use, but it was no longer under warranty so Mr. Diaz

21   did not send it in for an out-of-pocket repair.

22         16.    Both of Mr. Diaz's sets of Joy-Con controllers have been rendered unusable for

23   gameplay as a result of the Drift Defect.

FIRST AMENDED CLASS ACTION COMPLAINT - 4

17.     As a result of the defect on both of his Joy-Con controllers, Mr. Diaz had to purchase two additional left-hand Joy-Con controllers for approximately $45.00 each from Amazon on April 29, 2019.

18.     At the time he purchased his Switch, Mr. Diaz did not know about the Drift Defect, and Nintendo did not disclose it to him. Had he known about the Drift Defect, he would not have purchased his Switch or additional Joy-Con controllers or would have paid substantially less for them than he did.

**Jared Thompson**

19.     Plaintiff Jared Thompson is a citizen of the state of Florida.

20.     Prior to purchasing a Switch, Mr. Thompson watched the Launch Event. Mr. Thompson heard and relied upon Nintendo's representations regarding the functionality of the Joy-Cons in deciding to purchase his Switch. In particular, Nintendo's statements regarding the quality of their controllers influenced his purchasing decision

21.     On March 3, 2017, Mr. Thompson purchased a Nintendo Switch console for approximately $299.99 from Walmart for personal, family, or household use.

22.     Within approximately five months of use, the joystick on the left Joy-Con that came with the console began registering movement without being manually controlled. This resulted in the Joy-Con being unusable for general gameplay.

23.     In or around October 2017, Mr. Thompson sent the defective Joy-Con controller to Nintendo for repair, as it was still under warranty.

24.     Several months after receiving his repaired Joy-Con controller, the controller began to exhibit the same "drifting" issues again.

FIRST AMENDED CLASS ACTION COMPLAINT - 5

25.     In total, Mr. Thompson ended up having the same pair of purportedly fixed Joy-Con controllers repaired three times.

26.     Only after sending the controller back for repair a fourth time did Nintendo finally decide to provide Mr. Thompson with a new Joy-Con controller set.

27.     As a result of the defect on his controller, Nintendo's inability to repair it, and the weeks spent mailing it to and from Nintendo, Mr. Thompson had to purchase two Pro controllers for approximately $140 total and one Joy-Con bundle for approximately $90.

28.     At the time he purchased his Switch, Mr. Thompson did not know about the defect, and Nintendo did not disclose it to him. Had he known about the Drift Defect, he would not have purchased his Switch or additional Joy-Con controllers or would have paid substantially less for them than he did.

### Ariel Enriquez

29.     Plaintiff Ariel Enriquez is a citizen of the state of Arizona.

30.     Prior to purchasing a Switch, Mr. Enriquez watched the livestream of the Launch Event, which excited him and his children regarding the product.   Mr. Enriquez heard and relied upon Nintendo's representations regarding the functionality of the Joy-Cons in deciding to purchase his Switch.   The functionality and removability of the Joy-Cons was particularly enticing to Mr. Enriquez, and influenced his purchasing decision.

31.     On March 3, 2017, Plaintiff purchased a Nintendo Switch console and an extra pair of Joy-Con controllers for approximately $380 from Best Buy for personal, family, or household use.

FIRST AMENDED CLASS ACTION COMPLAINT - 6

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

32.     Within approximately a month of use, the left joystick on the Joy-Con controllers that came with the console began registering movement without being manually controlled, or "drifting." This resulted in the Joy-Con being unusable for general gameplay.

33.     Beginning on or around April 11, 2017, Mr. Enriquez reached out to Nintendo directly about the "drift" issue his controllers were exhibiting. Nintendo ended up replacing (or repairing) the first set of Joy-Con controllers he sent to it for warranty service. The issue resurfaced on all these controllers after several months of use upon being returned to Mr. Enriquez.

34.     Mr. Enriquez also purchased additional controllers due to the recurrent nature of the "drift" issue. In or around October 2017, he bought a set of the neon yellow Arms themed Joy-Con controllers from GameStop, and a set of the green and pink Splatoon 2 themed controllers for approximately $160 total, each controller costing approximately $80 individually. He also purchased another grey set of Joy-Con controllers for approximately $80 from GameStop in or around October 2018. All of these pairs ended up having "drift" issues.

35.     All six sets of Mr. Enriquez's Joy-Con controllers have been rendered unusable due to the Drift Defect.

36.     As a result of the defect on both of his Joy-Con controllers, Mr. Enriquez had to purchase two additional Pro-controllers[4] on or around November 2018 for approximately $140 from Walmart.

37.     At the time he purchased his Switch, Mr. Enriquez did not know about the defect, and Nintendo did not disclose it to him. Had he known about the Drift Defect, he would not

---

[4] The Pro-Controller is a different model of controller sold by Nintendo that works with the original Switch system for users who prefer a gaming experience more like a PlayStation or Xbox.

FIRST AMENDED CLASS ACTION COMPLAINT - 7

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  have purchased his Switch or additional controllers or would have paid substantially less for

2  them than he did.

3  **Paul Barr**

4       38.     Plaintiff Paul Barr is a citizen of the Commonwealth of Massachusetts.

5       39.     Prior to purchasing a Switch, Mr. Barr viewed portions of the Launch Event.

6       40.     In or around August 2017, Mr. Barr purchased a Nintendo Switch console for

7  $320.98 from GameStop in Middletown, Rhode Island for personal, family, or household use.

8       41.     Within approximately three months of use, the joystick on the Joy-Con

9  controllers that came with the console began registering movement without being manually

10  controlled, or "drifting." This resulted in the Joy-Con being unusable for general gameplay.

11       42.     In or around March 2018, Mr. Barr contacted Nintendo support about the issue,

12  and the Nintendo representative stated that the "drift" issue was caused by extensive use;

13  therefore, it was not covered under warranty. The representative recommended having the

14  controllers repaired by Nintendo or a local repair shop at his own expense.

15       43.     Mr. Barr decided to buy a new set of Joy-Con controllers for $69.99 from

16  GameStop in Middletown, Rhode Island, having read on various forums that the repair process

17  can take a long time. After several months of use, his replacement pair has also begun exhibiting

18  the "drift" issue.  Mr. Barr still retains the unusable Joy-Con controllers.

19       44.     At the time he purchased his Switch, Mr. Barr did not know about the defect, and

20  Nintendo did not disclose it to him. Had he known about the Drift Defect, he would not have

21  purchased his Switch or additional controllers, or he would have paid substantially less for them

22  than he did.

23

FIRST AMENDED CLASS ACTION COMPLAINT - 8

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

45.     Mr. Barr provided Nintendo with a pre-suit demand and notice under the Massachusetts consumer fraud statue.

**John Rios**

46.      Plaintiff John Rios is a citizen of the state of New Jersey.

47.     On March 3, 2017, Mr. Rios purchased a Nintendo Switch console for $311.23 from Amazon for personal, family, or household use. Before purchasing the Switch, Mr. Rios viewed the Launch Event.

48.     Within approximately four months of use, the left and right joystick on the Joy-Con controllers that came with the console began experiencing "drifting." This resulted in the Joy-Con being unusable for general gameplay.

49.     In or around July 2017, Mr. Rios contacted Nintendo support about the issue, and the Nintendo representative suggested that he wait longer, as a software update that would purportedly fix the issue was in the pipeline. To date, it appears that no such update has been released.

50.     Since his original pair has had issues, Mr. Rios has purchased five additional pairs of Joy-Con controllers for a total price of approximately $320. All of his controller pairs have had "drift" issues. He retains all five pairs of unusable Joy-Con controllers.

51.     At the time he purchased his Switch, Mr. Rios did not know about the defect, and Nintendo did not disclose it to him. Had he known about the Drift Defect, he would not have purchased his Switch or additional controllers, or would have paid substantially less for them than he did.

**David Guy**

52.     Plaintiff David Guy is a resident of the Commonwealth of Virginia.

FIRST AMENDED CLASS ACTION COMPLAINT - 9

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

53.     Prior to purchasing a Switch, Mr. Guy watched the Launch Event and subsequently watched portions of the video again.  Mr. Guy heard and relied upon Nintendo's representations regarding the functionality of the Joy-Cons in deciding to purchase his Switch. The inclusion of Joy-Cons with the Switch was particularly enticing to Mr. Guy because it meant he would not need to purchase separate Joy-Cons, which influenced his purchasing decision.

54.     On March 3, 2017, Mr. Guy purchased a Nintendo Switch console for approximately $300 from Target for personal, family, or household use. At this time, he was a resident and citizen of the state of New Jersey.

55.     Within approximately three months of use, the left and right joystick on the Joy-Con controllers that came with the console began registering movement without being manually controlled, or "drifting." This resulted in the Joy-Con being unusable for general gameplay.

56.     In or around June 2017, Mr. Guy sent his entire console to Nintendo, along with his Joy-Con controllers, to have it diagnosed and repaired. Nintendo ended up replacing the left controller.

57.     Mr. Guy decided to buy a new set of Joy-Con controllers from GameStop for approximately $70. After several months of use, his replacement pair has also begun exhibiting the "drift" issue. Plaintiff still retains the unusable Joy-Con controllers. He has since purchased a special adapter for approximately $20 that allows him to use his PlayStation controller in place of the Joy-Con controller.

58.     At the time he purchased his Switch, Plaintiff did not know about the defect, and Nintendo did not disclose it to him. Had he known about the Drift Defect, he would not have

FIRST AMENDED CLASS ACTION COMPLAINT - 10

1   purchased his Switch or additional controllers, or would have paid substantially less for them

2   than he did.

3                                 **Lisandro Lizardo**

4       59.     Plaintiff Lisandro Lizardo is a citizen of the state of New York.

5       60.     On January 20, 2018, Mr. Lizardo purchased one Nintendo Switch console for

6   $326.61 from Best Buy for personal, family, or household use. He also purchased another for his

7   son for the same amount around the same time.

8       61.     Within approximately six months of use, the left and the right joystick on the

9   Joy-Con controllers that came with the console began registering movement without being

10   manually controlled, or "drifting." This resulted in the Joy-Con being unusable for general

11   gameplay.

12       62.     In or around March 2019, Mr. Lizardo sent his Joy-Con controllers to have the

13   "drift" issue diagnosed and hopefully repaired. The third-party repair service, contracted by

14   Nintendo to provide gaming console repairs, informed him several weeks later that the cost of

15   repairs for the "drift" issue would be approximately $100.

16       63.     Mr. Lizardo declined to pay the repair cost and instead had his controller repaired

17   at a local repair shop for $35.

18       64.     Since the repair, his other controller, as well as the Joy-Con controllers for his

19   son's Switch console, have begun experiencing the "drift" issue. He still retains all the unusable

20   Joy-Con controllers.

21       65.     At the time he purchased his two Switch consoles, Mr. Lizardo did not know

22   about the defect, and Nintendo did not disclose it to him. Had he known about the Drift Defect,

23

FIRST AMENDED CLASS ACTION COMPLAINT - 11

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1   he would not have purchased both Switch consoles, or would have paid substantially less for

2   them than he did.

3                                 **Chris Luebcke**

4        66.     Plaintiff Chris Luebcke is a citizen of the state of California.

5        67.     On November 27, 2017, Mr. Luebcke purchased three Nintendo Switch consoles

6   for his three children from Walmart for approximately $320 per unit. All three were purchased

7   for personal and household use.

8        68.     Within approximately six months of use, the left and right joysticks on both of

9   the Joy-Con controllers that came with came with two of the consoles began registering

10   movement without being manually controlled, or "drifting." This resulted in the Joy-Con

11   controllers being unusable for general gameplay.

12        69.     In or around April 2018, Mr. Luebcke sent the left controllers in for both

13   consoles to have them repaired under warranty.  About a month later, both right controllers were

14   then sent in to be repaired under warranty. After several months of use, all four of these repaired

15   controllers ended up having the "drift" issue again.

16        70.     To date, Mr. Luebcke has had to purchase six additional pairs of Joy-Con

17   controllers for a total of approximately $560.00, which have all experienced the "drift" issue.

18        71.     At the time he purchased his three Switch consoles, Mr. Luebcke did not know

19   about the defect, and Nintendo did not disclose it to him. Had he known about the Drift Defect,

20   he would not have purchased the three Switch consoles or additional controllers, or would have

21   paid substantially less for them than he did.

22                                **Robert Foucha**

23        72.     Plaintiff Robert Foucha is a citizen of the state of North Carolina.

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

73.     In or around July 2018, Mr. Foucha purchased a Nintendo Switch console for personal, family, or household use from a GameStop in Elizabeth City, North Carolina.

74.     Within approximately three months of use, the left joystick on the Joy-Con controllers that came with the console began registering movement without being manually controlled, or "drifting." This resulted in the Joy-Con being unusable for general gameplay.

75.     In or around October 2018, Mr. Foucha contacted Nintendo support, which instructed him to send his controller in for a diagnostic since it was under warranty. After the controller was diagnosed, Nintendo followed-up with him, and requested that he pay $42.80 for the repair. Mr. Foucha ended up paying this balance in order to have the defective controller repaired.

76.     Since being repaired, the Joy-Con controllers have once again exhibited the "drift" issue again. He retains his unusable Joy-Con controllers.

77.     At the time he purchased his Switch, Mr. Foucha did not know about the defect, and Nintendo did not disclose it to him. Had he known about the defect, he would not have purchased his Switch, or would have paid substantially less for it than he did.

**Nicholas Yochheim**

78.     Plaintiff Nicholas Yochheim is a citizen of the state of Nebraska.

79.     On or around January 11, 2019, Mr. Yochheim purchased a Nintendo Switch console for personal, family, or household use.

80.     Within approximately the first day, the right joystick on the Joy-Con controllers that came with the console began registering movement without being manually controlled, or "drifting." This resulted in the Joy-Con being unusable for general gameplay.

FIRST AMENDED CLASS ACTION COMPLAINT - 13

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

81.     On August 4, 2019, Mr. Yochheim contacted Nintendo support, after reading the news that Nintendo was now offering free repairs for those with Joy-Con controllers having the "drift" issue.   He sent both controllers into Nintendo for a repair.   He received his repaired controllers back on August 21.

82.     Almost immediately thereafter, Mr. Yochheim began having the "drift" issue on the repaired set of Joy-Con controllers. He once again followed-up with Nintendo support on September 3, and Nintendo shipped him a new set of Joy-Con controllers.

83.     On September 5, Mr. Yochheim received the new set of Joy-Con controllers, which began to have the "drift" issue once again.   He retains both unusable Joy-Con controllers.

84.     At the time he purchased his Switch, Mr. Yochheim did not know about the defect, and Nintendo did not disclose it to him. Had he known about the Drift Defect, he would not have purchased his Switch or would have paid substantially less for it than he did.

### Alec Collins

85.     Plaintiff Alec Collins is a citizen of the state of Alabama.

86.     In or around October 2018, Mr. Collins purchased a new Nintendo Switch console from GameStop for personal, family, or household use.

87.     Around January 2019, both the left and right joysticks on the Joy-Con controllers that came with the console began registering movement without being manually controlled, or "drifting." This resulted in the Joy-Con being unusable for general gameplay.

88.     Mr. Collins thought something was wrong with the Joy-Con controllers that came with the console. In or around February of 2019, Mr. Collins purchased a replacement Joy-Con controller from Amazon for approximately $100. The new controller came with a digital bundle of game, Super Mario Party.

FIRST AMENDED CLASS ACTION COMPLAINT - 14

89.    By May 2019, both the left and right joysticks on Mr. Collins' replacement Joy-Con controllers had begun to "drift."

90.    Mr. Collins called Nintendo in May 2019. The Nintendo representative told Mr. Collins that the issue was a user error, not a design defect. The Nintendo representative told Mr. Collins to send both of his Joy-Cons in for repair and that he would be charged for the repair of both Joy-Cons, even though Mr. Collins' console was still within warranty. Mr. Collins did not want to pay and have to wait for repairs. Mr. Collins instead bought three Pro controllers for approximately $60 each from GameStop to replace the Joy-Con controllers.

91.    Both of Mr. Collins' sets of Joy-Con controllers were rendered unusable. He still retains both unusable Joy-Con controllers.

92.    At the time he purchased his Switch, Mr. Collins did not know about the Drift Defect, and Nintendo did not disclose it to him. Had he known about the Drift Defect, he would not have purchased his Switch or additional controllers or would have paid substantially less for them than he did.

### **Zackery Reed**

93.    Plaintiff Zackery Reed is a citizen of the state of Idaho.

94.    Mr. Reed purchased a Nintendo Switch console for approximately $317.99 from Walmart in May 2018 for personal, family, or household use.

95.    Mr. Reed purchased a second pair of Joy-Con controllers for approximately $70 from GameStop approximately one week after purchasing the console in or around May 2018.

96.    Approximately three months after purchase, the left joystick in both pairs of Mr. Reed's Joy-Con controllers began registering movement without being manually controlled, or "drifting." This resulted in the Joy-Cons being unusable for general gameplay.

FIRST AMENDED CLASS ACTION COMPLAINT - 15

97.     In or around August 2018, Mr. Reed contacted Walmart and GameStop about the "drift" issue. Representatives from both stores directed Mr. Reed to contact Nintendo. Mr. Reed called Nintendo and spoke with a Nintendo representative in or around August 2018. The Nintendo representative did not offer Mr. Reed any recourse. The representative did not offer to take the controllers in for repair; they only implied that Mr. Reed should purchase new controllers.

98.     Both sets of Mr. Reed's Joy-Con controllers continue to exhibit the drift issue. He still retains both unusable Joy-Con controllers.

99.     At the time he purchased his Switch or additional controller, Mr. Reed did not know about the defect, and Nintendo did not disclose the defect to him. Had Mr. Reed known about the defect, he would not have purchased his Switch or additional controllers, or he would have paid substantially less for them than he did.

**Grant Hoelscher**

100.     Plaintiff Grant Hoelscher is a citizen of the state of Oklahoma.

101.     On March 22, 2017, Mr. Hoelscher purchased a Nintendo Switch console and an extra Joy-Con controller set from a GameStop in Norman, Oklahoma for personal, family, or household use.

102.     Within six months of purchase, the left joysticks on both sets of Mr. Hoelscher's Joy-Con controllers began to register movement without being manually controlled, or "drift." This resulted in the Joy-Cons being unusable for general gameplay.

103.     Mr. Hoelscher called Nintendo about the drift issue on the left Joy-Con that came with the console on August 15, 2018. The Nintendo representative directed him to an online help article with instructions on how to clear obstructions, reboot the system, and reconfigure

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1   the controllers. Mr. Hoelscher attempted the suggested fixes, but the drifting persisted. Mr.

2   Hoelscher called Nintendo back. The Nintendo representative said Mr. Hoelscher could send his

3   Joy-Con in for an out-of-warranty repair. The representative asked for Mr. Hoelscher's credit

4   card number in order to charge him $42.63 for the repair. Mr. Hoelscher declined to send the

5   Joy-Con to Nintendo because he did not want to be charged for the repair.

6       104.    Mr. Hoelscher has not purchased a new Joy-Con controller set because he has

7   read in online forums that even new Joy-Con controllers still exhibit the same drift issue. Mr.

8   Hoelscher has instead had to resort to using a Pro controller because his Joy-Con controllers

9   were rendered unusable. Mr. Hoelscher purchased the Pro controller from Target for $54.36 on

10  June 12, 2019. He still retains both unusable Joy-Con controllers.

11      105.    At the time Mr. Hoelscher purchased his Switch and extra Joy-Con controller set,

12  Mr. Hoelscher did not know about the defect, and Nintendo did not disclose the defect to him.

13  Had Mr. Hoelscher known about the defect, he would not have purchased his Switch or Joy-Con

14  controller set, or he would have paid substantially less for them than he did.

15                              **Michael Oren**

16      106.    Plaintiff Michael Oren is a citizen of the state of Illinois.

17      107.    On January 13, 2017, Mr. Oren pre-ordered a Nintendo Switch console from

18  Amazon for $318.74 for personal, family, or household use.  Mr. Oren purchased a second Joy-

19  Con controller for $71.19 on April 24, 2017, also from Amazon. Prior to purchasing his Switch,

20  Mr. Oren viewed portions of the Launch Event. Mr. Oren heard and relied upon Nintendo's

21  representations regarding the functionality of the Joy-Cons in deciding to purchase his Switch.

22  In particular, Nintendo's statements regarding the versatility of the Joy-Cons influenced his

23  purchasing decision.

FIRST AMENDED CLASS ACTION COMPLAINT - 17

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

108.    Within 3-4 months of each purchase, the joystick on both of Mr. Oren's Joy-Cons began to register movement without being manually controlled, or "drift."

109.    In April of 2018, Mr. Oren sent the Joy-Con that came with the console in to Nintendo for an out of warranty repair. He had to pay $31.88 for the repair inclusive of shipping because the Joy-Con was deemed outside the 3-month warranty on accessories. Two months after receiving the repaired Joy-Con back, the joystick began to exhibit the same drifting issue again.

110.    Because Mr. Oren's Joy-Cons were rendered unusable and the repair process proved unsuccessful, Mr. Oren purchased a Pro controller from Amazon for $58.33 on December 26, 2018 in order to be able to play more competitive games. The repaired Joy-Con still exhibits drifting. Mr. Oren retains both unusable Joy-Con controllers.

111.    At the time Mr. Oren purchased his Switch and second Joy-Con controller, Mr. Oren did not know about the defect, and Nintendo did not disclose the Drift Defect to him. Had Mr. Oren known about the defect, he would not have purchased his Switch or additional controller, or he would have paid substantially less for them than he did.

### Nathan Ainsworth

112.    Plaintiff Nathan Ainsworth is a citizen of the state of Michigan.

113.    Mr. Ainsworth purchased a Nintendo Switch console in March 2017 from a GameStop in Ann Arbor, Michigan for personal, family, or household use. Prior to purchasing the Switch, Mr. Ainsworth watched portions of the Launch Event.

114.    About one month later in April 2017, Mr. Ainsworth purchased a second Joy-Con controller for approximately $80 from a Walmart in Ann Arbor, Michigan.

FIRST AMENDED CLASS ACTION COMPLAINT - 18

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

115.     Around August or September 2017, the joystick on both Joy-Cons started registering movement without being manually controlled, or "drifting." This resulted in the Joy-Cons being unusable for general gameplay.

116.     On November 29, 2017, Mr. Ainsworth called Nintendo regarding the Joy-Con that came with the console, which was still under warranty at the time. Mr. Ainsworth sent the controller in for repair. The repair process took 2-3 weeks. A few weeks after receiving the repaired Joy-Con back, the drifting started again. Mr. Ainsworth did not send his second Joy-Con in for repair because it was outside the warranty. Both of Mr. Ainsworth's Joy-Cons continue to exhibit the drifting issue. Mr. Ainsworth had to buy a Pro controller for approximately $70.

117.     At the time Mr. Ainsworth purchased his Switch and second Joy-Con controller, he did not know about the defect, and Nintendo did not disclose the defect to him. Had Mr. Ainsworth known about the Drift Defect, he would not have purchased his Switch or additional controllers, or he would have paid substantially less for them than he did.

**Jason Coffey-Wolfgang**

118.     Jason Coffey-Wolfgang is a citizen of the state of Oregon.

119.     Mr. Coffey-Wolfgang purchased a Nintendo Switch from GameStop on or around March 3, 2017 for approximately $299.99 for personal, family, or household use. Prior to purchasing his Switch, Mr. Coffey-Wolfgang viewed the entire Launch Event.

120.     After about a month of normal use, the joystick on the Joy-Con that came with Mr. Coffey-Wolfgang's console started registering movement without being manually controlled, or "drifting." This resulted in the Joy-Con being unusable for general gameplay.

FIRST AMENDED CLASS ACTION COMPLAINT - 19

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

121.   Mr. Coffey-Wolfgang contacted Nintendo in or around April 2017, and Nintendo had him send the Joy-Con in for an in-warranty repair. Mr. Coffey-Wolfgang had to pay $5-10 out-of-pocket for shipping. The repair process took a couple of weeks. Within 2-3 weeks of receiving the repaired Joy-Con back, the joystick started exhibiting the same drifting issue again, if not worse than before being repaired.

122.   Mr. Coffey-Wolfgang purchased a replacement set of Joy-Cons for approximately $79.99 in or around June 2017. Again after about a month of normal use, the replacement set of Joy-Cons began to exhibit the drifting issue.

123.   Mr. Coffey-Wolfgang again contacted Nintendo, who had him send the second Joy-Con in for an in-warranty repair. Mr. Coffey-Wolfgang again had to pay for shipping costs out-of-pocket. The repair process took another couple weeks. About a month after receiving what appeared to be a refurbished Joy-Con, the joystick started exhibiting the drifting issue again.

124.   Mr. Coffey-Wolfgang purchased another replacement set of Joy-Cons for approximately $79.99 in or around January 2018. Again after about a month of normal use, the replacement set of Joy-Cons began to exhibit the drifting issue. Because the repair process had proven unsuccessful, Mr. Coffey-Wolfgang no longer opted to send the Joy-Con in for repair. Mr. Coffey-Wolfgang instead purchased another replacement Joy-Con in or around January 2019. Again after about a month of normal use, the replacement Joy-Con started to exhibit the drift issue. Mr. Coffey-Wolfgang now only uses a Pro controller, which he purchased for approximately $69.99.

125.   Mr. Coffey-Wolfgang currently retains two sets of unusable Joy-Con controllers.

FIRST AMENDED CLASS ACTION COMPLAINT - 20

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

126.    At the time Mr. Coffey-Wolfgang purchased his Switch, he did not know about the defect, and Nintendo did not disclose the defect to him. Had Mr. Coffey-Wolfgang known about the Drift Defect, he would not have purchased his Switch or additional controllers, or he would have paid substantially less for them than he did.

**Eric Wilson**

127.    Eric Wilson is a citizen of the state of Ohio.

128.    Mr. Wilson purchased a Nintendo Switch console from Walmart in November 2017 for personal, family, or household use.

129.    About nine months after purchasing the console, in July 2018, the left joystick on the Joy-Con controller started registering movement without being manually controlled, or "drifting." This resulted in the Joy-Con being unusable for general gameplay.

130.    Mr. Wilson called Nintendo twice in August 2018. Each time, the Nintendo representative had Mr. Wilson recalibrate the Joy-Con controller. This did not correct the drifting issue, even after a couple dozen attempts.

131.    Mr. Wilson again called Nintendo to let them know that its suggested fix was not resolving the drifting issue. Nintendo had Mr. Wilson send the Joy-Con controller in for an in-warranty repair.

132.    A couple of months after receiving the repaired Joy-Con back, the drifting started again. Mr. Wilson retains the defective Joy-Con, which continues to exhibit the Drift Defect.

133.    Mr. Wilson considered purchasing a new Joy-Con controller, but they are too expensive.

134.    Had Mr. Wilson known about the Drift Defect, he would not have purchased his Switch, or he would have paid substantially less for it than he did.

FIRST AMENDED CLASS ACTION COMPLAINT - 21

**Lydia DeLoach**

135.    Lydia DeLoach is a citizen of the state of Washington.

136.    On March 10, 2017, Ms. DeLoach ordered a Nintendo Switch console for $399.99 for personal, family, or household use, as well as a two year service plan for $45.99 from Fingerhut. The console shipped on March 13, 2017.   Ms. DeLoach paid $29.99 for shipping. Prior to purchasing the Switch, Ms. DeLoach viewed the Launch Event.

137.    Within weeks of purchasing the console, the left joystick on the Joy-Con controller started registering movement without being manually controlled, or "drifting." This resulted in the Joy-Con being unusable for general gameplay.

138.    On or around November 2017, Ms. DeLoach contacted Nintendo support about the "drift" issue. They offered to repair the Joy-Con controller, but said the process could take four weeks.

139.    Since that controller pair was the only one Ms. DeLoach owned, she ended up purchasing one additional pair of Joy-Con controllers for approximately $80, along with two Pro controllers and two other non-brand wireless controllers compatible with the Switch. Additionally, she purchased a second Switch from an acquaintance for approximately $150 that came with a pair of Joy-Con controllers. Eventually, all three of her Joy-Con controllers began experiencing the "drift" issue.

140.    Ms. DeLoach currently retains three sets of unusable Joy-Con controllers.

141.    At the time Ms. DeLoach purchased her Nintendo Switch console, she did not know about the defect, and Nintendo did not disclose the defect to her.   Had Ms. DeLoach known about the defect, she would not have purchased his Switch or additional controllers, or she would have paid substantially less for it.

FIRST AMENDED CLASS ACTION COMPLAINT - 22

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

**Defendant**

142.    Defendant Nintendo of America, Inc. is incorporated in Washington State and maintains its principal place of business at 4600 150th Ave, NE, Redmond, WA 98052.

## FACTUAL ALLEGATIONS

A.      **Switch Console/Joy Cons**

143.    The Switch is a video gaming system and console that was initially released by Nintendo in March 2017.  It is a hybrid console: gamers can attach the removable Joy-Cons and play the Switch as a portable handheld gaming system (similar to the popular Game Boy or Game Gear) or they can dock the Switch in a docking station and play the Switch on a television screen like a traditional gaming console (e.g., PlayStation or Xbox).

144.    The Joy-Con controllers are wireless – gamers use a right a left Joy-Con, which can either be connected to the Switch screen for portable handheld play, connected to a traditional gaming controller accessory, or used as two separate controllers for two player gameplay.  The Joy-Con controllers and the different ways they can be used are depicted in these images[5]:

---

[5] https://www.nintendo.com/switch/system/ (last visited July 17, 2019).

FIRST AMENDED CLASS ACTION COMPLAINT - 23

1
2
3
4
5
6
7
8
9
10
11



12 The joysticks are marked with arrows.

13
14
15
16
17
18
19
20
21



22
23

FIRST AMENDED CLASS ACTION COMPLAINT - 24

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992



145. The Joy-Cons each contain a joystick and several buttons that are used to control gameplay.

146. Nintendo heavily advertised the versatility and quality of the Joy-Cons for gameplay as a main selling point of the Switch system.  For example, at the livestreamed launch event (which many of the Plaintiffs watched), Nintendo made the following representations about the Joy-Cons[6]:

Nintendo Switch has inherited DNA from the many Nintendo's entertainment systems Nintendo has released to date

"Nintendo Switch has been designed as a home entertainment gaming console that gives you the freedom to change your play style."

"Handing a joy-con to a friend or family member, sharing the joy right then and there.

"Each joy-con has an analog stick, and each stick can be pressed like a button."

"Each joy-con can be used as a fully-functioning, independent controller."

"You can hand the Joy-Con to the person next to you in many two-player games, we call this sharing the joy."

---

[6] https://www.youtube.com/watch?v=JsiRY521Nis (last visited Sept. 26, 2019).

FIRST AMENDED CLASS ACTION COMPLAINT - 25

"When you play with these Joy-Con, they fit right in the palm of your hand just right, feel very natural."

"Those amazing controllers, the joy-con, combine all gameplay innovations that Nintendo invented, and adds to it."

147.    A new Switch retails for approximately $299.99 and includes one Joy-Con controller set (left and right, as depicted above).

148.    Additional Joy-Cons can be purchased for approximately $79.99 for a pair or approximately $49.99 for an individual left or right controller.

149.    The Joy-Con controllers are defective.  Specifically, the joysticks on the Joy-Cons suffer from a defect that results in it "drifting" on its own.  This affects gameplay such that the characters or action on the screen move as if there has been some movement of the joystick by a gamer, even though there has not.

150.    Drifting significantly interferes with gameplay. Since the entire purpose of the Switch is to play video games and the purpose of the Joy-Con specifically is to control the gameplay in those video games, the Drift Defect goes to the device's central functionality.

151.    On September 20, 2019, Nintendo introduced the Switch Lite, which is Nintendo's smaller, purely handheld version of the Switch console.

152.    One of the most notable differences between the regular Switch and the Switch Lite is that the Switch Lite does not have removable Joy-Cons.  Instead, the controllers and joysticks are built right into the Switch handheld gaming system.

153.    Unfortunately for consumers, Nintendo did not resolve the joystick and drifting issues prior to launching its handheld Switch Lite system.

154.    Early reports and teardowns indicate that the Switch Lite is plagued by defective control and joystick systems. See https://gizmodo.com/new-videos-suggest-the-nintendo-switch-lite-might-have-1838363969 (last accessed Sept. 23, 2019).

FIRST AMENDED CLASS ACTION COMPLAINT - 26

155.     This is particularly problematic for purchasers of the Switch Lite because unlike with the regular Switch, there is no ability to simply remove the Joy-Cons from the Switch Lite console—the controllers are built into the gaming system.  When the Switch Lite's joysticks fail, the whole system fails.

156.     Nintendo knew of the joystick and control issues with the regular Switch and Joy-Cons, yet it did not resolve this issue and included the same defective hardware into the Switch Lite systems.

**B.**     <u>**Technical Nature of the Defect**</u>

157.     The design of and selection of materials in the joystick are the cause of the Drift Defect.  The picture below shows the inside of the Joy-Con case.  The silver metal square contains the mechanism for controlling the joystick:



The picture below shows the actual joystick and the metal case containing its interior mechanism:

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1
2
3
4
5
6
7
8
9



10    158.    When the case is opened up, the base of the joystick mechanism contains two sets

11  of brushes that move in the x and y direction, depending upon input from the user.  Movements

12  of the joystick are translated through polyethylene components to the brushes. The brushes are

13  made of coated steel and are mounted in a polyethylene carrier.  A diagram of the exposed

14  undercarriage of the joystick is below:

15
16
17
18
19
20
21

22    159.    The brushes make direct contact with a conductive pad which lies on a flexible

23  circuit.  The flexible circuit is a conductive path made of metal on a polymer that transmits

FIRST AMENDED CLASS ACTION COMPLAINT - 28

signals (i.e., the motion of the brushes) to the motherboard about the physical location and movement of the joystick. The brushes travel over the pad which translates to changes in the electrical signals that control movement on the playing screen. The flexible circuit, contact pads, and brushes are depicted below:





160.    Based on analysis conducted by Plaintiffs' counsel and their expert to date, it appears that a principal cause of the drifting failure is extensive wear on the pad surface.  As the steel brushes move back and forth they rub away the soft carbon material that makes up the pad.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1   The removed material changes the electrical resistance of the pads and potentially leads to
2   drifting.  The difference in surface hardness between the steel brush and the carbon pad leads to
3   excessive wear debris that collects on the brush tips.  This transferred debris exacerbates the
4   wear of the pad.  Also, during normal motion of the joystick the soft polyethylene parts create
5   wear debris as they articulate against one another.  These particles end up on the pad and act as
6   an abrasive, causing further wear.



13   161.   The pictures below, taken on a scanning electron microscope, illustrate the debris
14   from the flexible circuit that accumulate on the brushes from normal use of the Joy-Cons:



22   162.   Examination of controllers that are exhibiting signification drifting showed
23   transferred wear debris on the brush tips.  All of the flexible circuits had wear patterns on the

FIRST AMENDED CLASS ACTION COMPLAINT - 30

pads. The entire range of motion of the joystick only allows the brush tips a few millimeters of travel.  Hence, the wear pattern on the pads is correspondingly small.  Besides the wear of the carbon material, significant amounts of polyethylene were also present on the brushes.  The sliding direction is left to right and this image illustrates the significant amounts of wear debris present.



The following picture shows an up-close view of the wear marks on the flexible circuit:

FIRST AMENDED CLASS ACTION COMPLAINT - 31

C.     <u>**Customer Complaints**</u>

163.     Plaintiffs' experiences with the drifting phenomenon are by no means isolated or outlying occurrences. Indeed, the internet is replete with examples of message boards and other websites where consumers have complained of the exact same Joy-Con defect.

164.     Many consumers report experiencing drift on multiple Joy-Con controllers, including replacement controllers they purchased separately from their Switches.

165.     Scores of Switch owners have publicly complained about the Joy-Con defect and drift. The following are some of the complaints submitted on forums and social media websites by Switch owners (which upon information and belief are monitored by Nintendo). Below is just a sampling of the many complaints.[7]

<u>**Complaints about the original Switch system**</u>

<u>Daniel328DT, Nintendo Support Forums, 11/17/17</u>[8]

> "I'm currently having problems with the left joycon analog stick. Whenever I power on my left joycon, **the controller starts moving up even when I'm not touching the analog stick** . . . ."

<u>Kingtata10, Reddit, 6/11/18</u>[9]

> "[M]y original pair of Joy-Cons started drifting about a year after buying it at launch. I have 2 year warranty, **so I went and replaced them**. 3 months later and it **started happening again** . . . ."

---

[7] The following complaints are reproduced as they appear online. Any typographical errors are attributable to the original author.

[8] https://en-americas-support.nintendo.com/app/social/questions/detail/qid/70928/~/left-joycon-analog-stick-drifting-upwards (last visited Sept. 24, 2019).

[9] https://www.reddit.com/r/NintendoSwitch/comments/8qbp78/left_joycon_analog_stick_drifting (last visited Sept. 24, 2019).

FIRST AMENDED CLASS ACTION COMPLAINT - 32

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

CanyonWrn, Reddit, 7/28/18[10]

"I have been one of the unlucky individuals who has experienced **excessive, long-term drift issues with all of my pairs of joy-cons. I own three pairs** between two consoles. **I have had to send joy-cons in for repair due to drifting *eight* times—sometimes, obviously, multiple times per joy-con** . . . ."

Stelter6, GameFAQs Message Board, 12/2/18[11]

"[**I] have two left joycons and the analog stick drifts on both of them.** One drifts left and the other drifts up. Basically input registers without me touching the stick. This happens attached and unattached. I'm not sure if it's my Switch or the joycons."

truthfullycorncob, Reddit, 12/4/18[12]

"[I] have **two sets** that are a year and a half old and are **both starting to drift bad** . . . ."

Josh, Stack Exchange, 1/13/19[13]

"About 2 weeks ago I noticed that the left analog stick on my Nintendo Switch Joy-Cons started "drifting", that is, without touching the stick (when it was centered) it would register as off-center causing characters in games to start randomly walking in various directions, frequently downward. This obviously makes playing games rather difficult . . . ."

CyberSai, IGN Boards, 3/14/19[14]

"My left joycon has a **drifting control stick that constantly makes my character move in any game when I'm trying to stand still, or when I try to move in another direction it feels like a struggle**. Obviously this is making playing a lot of games unplayable, and I don't feel like buying all new joycons for $60. How do you repair it on your own without sending it into Nintendo?"

---

[10]https://www.reddit.com/r/NintendoSwitch/comments/92pht5/we_really_shouldnt_discount_people_experiencing/ (last visited Sept. 24, 2019).

[11] https://gamefaqs.gamespot.com/boards/189706-nintendo-switch/77262127 (last visited Sept. 24, 2019).

[12] https://www.reddit.com/r/NintendoSwitch/comments/a30tm4/joy_cons_drifting/ (last visited Sept. 24, 2019).

[13] https://gaming.stackexchange.com/questions/344972/why-are-the-analog-sticks-on-my-nintendo-switch-controllers-all-starting-to-drif/345047 (last visited Sept. 24, 2019).

[14] https://www.ign.com/boards/threads/how-to-fix-drifting-control-stick-in-left-joycon.455340618/ (last visited Sept. 24, 2019).

FIRST AMENDED CLASS ACTION COMPLAINT - 33

Lizuka, Nintendo Life, 3/15/19[15]

"**Both of mine** have been drifting for a loooong time now. The right only slightly so for the longest time while the left got flat out unusable... **then I bought a replacement and now the right is rapidly getting just as bad** . . . ."

Chef_Brah, Reddit, 3/26/19[16]

"**Every friend of mine and me have had drift issue with joycons**. I just use pro controller now."

drewc406, Reddit, 4/3/19[17]

"[I] bought my Switch about 18 months ago . . . [**I] noticed both sets of my joy cons begin giving me problems with drift on the left controller a couple months ago**, and so I started to pay attention to all the complaints. It's alarming that this is a known issue on an $80 controller, and yet Nintendo hasn't said boo about it . . . [A]re we expected to throw away expensive controllers and just buy new ones, or pay Nintendo to fix their mistakes?"

"How have these controllers not been recalled? It's obviously a design flaw, so why not fix it? I am going to try and fix them myself, which I've seen work, but the fact that we have to try to do that is ridiculous . . . [**I] can't push down anymore, and that the drift has gotten so bad that even in the menu everything just goes straight to the top** . . . ."

Lucky777, GameFAQs, 4/8/19[18]

"[T]he switch will be my last nintendo console thanks to joycon drift . . . never have [I] seen such poorly designed controllers . . . [**I] will have to buy my 4th pair of joycons soon[.]** [T]hose will end up drifting too[,] they always do . . . ."

ikonino, Reddit, 5/18/19[19]

"My right joy-con is drifting hard and its a nightmare, any tips for fixing it?"

---

[15] http://www.nintendolife.com/news/2019/07/guide_how_to_fix_a_drifting_nintendo_switch_joy-con_analogue_stick (last visited Sept. 24, 2019).

[16] https://www.reddit.com/r/NintendoSwitch/comments/b5z81z/how_to_fix_controller_drift_on_the_switch_joycons/ (last visited Sept. 24, 2019).

[17] https://www.reddit.com/r/NintendoSwitch/comments/b972b2/the_left_joycon_failure_is_a_travesty_that_should/ (last visited Sept. 24, 2019).

[18] https://gamefaqs.gamespot.com/boards/189706-nintendo-switch/77626229 (last visited Sept. 24, 2019).

[19] https://www.reddit.com/r/NintendoSwitch/comments/bq9tq6/my_right_joycon_is_drifting_hard_and_its_a/ (last visited Sept. 24, 2019).

FIRST AMENDED CLASS ACTION COMPLAINT - 34

**Tousley Brain Stephens PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Razzy, Nintendo Life, 6/20/19[20]

"**Four of my five** joycons developed drifting problems, one only a month after purchase . . . ."

imoctopusman, Reddit, 7/14/19[21]

"**I have 8 joy cons and only 2 left ones don't drift.** It's ridiculous. Had to buy a pro controller because of it."

## **Complaints about the Switch Lite**

From BokuNoBeard, on 9/22/19[22]

"@SpawnWaveMedia so I think I may have the first case of joycon drift in a Switch Lite and all I've done is marathoned Link's Awakening. I love this console so much but this is bumming me out. Is this how joycon drift manifests? Or is this another (less worrying) isolated defect?"

From Alexis Javier, on 9/22/19[23]

"2 days after buying the switch lite the analog stick are already drifting slight when i move my joystick to the left."

From Savvy, on 9/23/19[24]

"@NintendoAmerica just got switch lite and it has joycon drift after 2 days. I don't want to exchange and set up a whole new one again to discover the same problem. So frustrating.And I know many people haven't experienced it, but it exists everywhere."

---

[20] http://www.nintendolife.com/news/2019/07/guide_how_to_fix_a_drifting_nintendo_switch_joy-con_analogue_stick (last visited Sept. 24, 2019).

[21] https://www.reddit.com/r/NintendoSwitch/comments/cczxwz/i_know_its_been_said_a_billion_times_but_nintendo/?utm_source=share&utm_medium=ios_app (last visited Sept. 24, 2019).

[22] https://twitter.com/BokuNoBeard/status/1175701784419061761 (last visited September 24, 2019).

[23] https://www.youtube.com/watch?v=d2hglXSO7Co (last visited September 24, 2019).

[24] https://twitter.com/SavvyZer0/status/1176333184272744448 (last visited September 24, 2019).

FIRST AMENDED CLASS ACTION COMPLAINT - 35

From HelloCello519, on 9/24/19[25]

"I beat Link's Awakening over the weekend on my original Switch Lite system, I had only put like 20 something hours on it, and it started to show joy-con drift. Why is this happening earlier on than with the earlier Switch? Anyone know? Thankfully my old gamestop manager hooked me up with a new one."

From HighFive214, on September 24, 2019[26]

"I can't believe it, my Nintendo Switch Lite is already drifting. I was playing BOTW and the camera kept moving without touching the analogue stick. I tried to calibrate and update the controllers but it was still the same. Luckily I already have an OG Switch to fall back on but I'm so gutted and upset. I'm going to get my money back first thing tomorrow and wait until Christmas to see if Nintendo fixes the issues."

**D.   Knowledge**

166.   Nintendo is aware of the Joy-Con defect. In the first place, it has received droves of complaints from consumers about this issue both directly from consumers and through online forums and social media sites that it monitors.

167.   Nintendo controls the manufacture, development, marketing, sales, and support for the Switch and Joy-Con controllers.  Accordingly, Nintendo was responsible for performing pre-release testing on the Switch and Joy-Con controllers which should have alerted it to the defect.

168.   It has been reported that, as of March 31, 2019, there have been 36.87 million Switch units sold worldwide (not even counting additional Joy-Cons purchased separately).[27]

[25] https://www.reddit.com/r/Switch/comments/d8rn7i/i_beat_links_awakening_over_the_weeken d_on_my/ (last visited September 24, 2019).

[26] https://www.reddit.com/r/Switch/comments/d8bnf4/nintendo_switch_lite_drifting_on_botw/ (last visited September 24, 2019).

[27] https://venturebeat.com/2019/07/30/switch-sales-hit-36-87-million-on-pace-with-playstation-4/ (last visited on Sept. 26, 2019).

FIRST AMENDED CLASS ACTION COMPLAINT - 36

1  Clearly, Nintendo would not be selling a product with such volume without first conducting

2  extensive presale tests (such as failure analysis, stress tests, pressure tests, and friction tests)

3  before bring the Switch to market.

4      169.    As already noted, Nintendo touted the Joy-Con's design as a product of many

5  years of Nintendo innovations at the launch event for the Switch.

6      170.    The Switch was first released in March 2017 and is still on the market today.

7      171.    Despite knowing about the Joy-Con defect, Nintendo continues to market and sell

8  the Switch and Joy-Con controllers (through third-party retailers) without disclosing the defect.

9      172.    Recently, Nintendo announced the release of the Joy-Cons in several new colors

10  such as purple and orange. There is no indication that Nintendo redesigned or fixed the defect in

11  the Joy-Cons while it was coming up with these new color options.

12      173.    Nintendo also just launched a new version of the traditional Switch (version 2,

13  not to be confused with the Switch Lite) which has an extended battery life.  Early reports and

14  tear downs conducted by bloggers indicate that nothing has changed with respect to the design

15  of the defective Joy-Cons.[28]

16      174.    Purchasers of the new version of the Switch are starting to post online complaints

17  about experiencing the same drift issues:

18  From Josh Gilbert, on 9/11/19[29]

19      "Nothing annoys me more than getting the v2 and my first set of joycons get the
        drifting issue."

20

21  _____

22  [28] *See* https://www.youtube.com/watch?v=pepvQKh6O60 (last visited September 13,2019);
    https://www.ifixit.com/News/we-tore-down-the-new-nintendo-switch-whats-different (last
    visited September 11, 2019).

23  [29] https://www.facebook.com/groups/thenintendoswitch/permalink/2473675816031010/ (last
    visited September 12, 2019).

FIRST AMENDED CLASS ACTION COMPLAINT - 37

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

From Thomas Bourne, approximately August or September 2019[30]

"the c3 has not fixed joycon drift it happens to me" (referring to the model number of the newer Joy-Cons)

From Air Wrecked, approximately August or September 2019[31]

"I've bought the switch v2 about 3 weeks ago and the joy cons have the new updated c3 labeling on them and the right one started drifting only 2 weeks into it"

From Dark Diamond, approximately August or September 2019[32]

"I have drift on the old and c3 model But I fixed it on a video on my channel And they still work" TimeLag Gaming replied: "Oh well that's good! Too bad to hear that even the newer ones drift though"

From Joshua Mark, approximately August or September 2019[33]

"Sadly, I have a C3 neon pink joy-con that has started drifting. I am annoyed as I got the neon set to replace my original joy-cons after one of them started drifting! (that was a C0 joy-con) So yeah it looks like they haven't fixed it. I am also surprised at how little time it took to begin drifting though as I have only had those joy-cons for maybe 3-4 months, maybe longer. I am guessing that it is just due to me and my brother using the switch regularly."

175.   Nintendo could easily disclose the defect to potential consumers in any number of ways, including on the product's packaging, in the user manual, on its website, or on its set-up screen.  It does not do so and instead conceals the defect from consumers.

176.   Prior to the filing of this lawsuit, when a consumer experienced the defect and contacted Nintendo, Nintendo routinely refused to offer any sort of fix free of charge.

---

[30] https://www.youtube.com/watch?v=tC3ad9q2PLg  (last visited September 25, 2019).
[31] https://www.youtube.com/watch?v=tC3ad9q2PLg  (last visited September 25, 2019).
[32] https://www.youtube.com/watch?v=tC3ad9q2PLg  (last visited September 25, 2019).
[33] https://www.youtube.com/watch?v=tC3ad9q2PLg  (last visited September 25, 2019).

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

177.    Following the filing of this lawsuit, leaked documents revealed that Nintendo has begun offering free repairs on Joy-Cons manifesting the defect. Consumers must mail their Joy-Cons to Nintendo and are typically without their Joy-Con for approximately a week or longer.[34]

178.    There is no indication, however, that Nintendo has developed an actual fix for the drift problem; rather, it appears to simply perform some sort of minor refurbishment and send the Joy-Cons back to consumers still defective and susceptible to manifestation of the Drift Defect in the future.  Nor is there any indication that Nintendo is extending the warranty, compensating consumers for various past expenses or damages, or notifying consumers about their secret repair program.

179.    Indeed, public complaints posted online already show several reports of consumers experiencing drift again within a few days of receiving their Joy-Cons back from Nintendo.

From Cesar, on 7/31/19[35]

   "I got my joycon back from repair today and guess what it started to drift ☹so see you in court N*ntendo"

From epods, posted 8/3/19[36]

   "I sent my broken Joy-Con back to Nintendo and they sent me back a new pair. After four hours of lightly playing hidden gem Celeste my new Joy-Con are now drifting again! I cannot believe it!"

---

[34] https://www.vice.com/en_us/article/8xzzva/internal-nintendo-memo-instructs-customer-service-to-fix-joy-con-drift-for-free (last visited Aug. 7, 2019).

[35] https://twitter.com/PinkMoostache/status/1156762078474059776 (last visited August 6, 2019).

[36] https://www.reddit.com/r/tomorrow/comments/clak6l/can_confirm_joycon_are_still_drifting/

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

From Chris Butler, posted 8/2/19[37]

"@NintendoAmerica is this what you call a "fixed" joycon? I received the repair yesterday, and this is the result. I've had the switch less than a year and I've had 3 repairs during that time. 2 joycons and 1 charge port. Not to mention had to buy a replacement charge. Be better!"

From Lundinstrom, posted 8/19/19[38]

"I'm so glad my left Joycon has drift again about a month after sending it in. Such fun. So fun to be playing Smash/anything and get pulled to the left nonstop.I'm so tired of Nintendo. A single Joycon is $50."

From Keybladedark12, on 8/10/19[39]

"Sent in my left joy con for drift repair. Got it back "fixed"

Tough to see in the comment above, but a video is posted with this Tweet that shows off the joy-con drift occurring on the supposedly fixed controller.

From Chelledogo, on 8/23/19[40]

"I sent out two left joycons to Nintendo to get them repaired for drift and recently got them back. However, the left control stick is still drifting downward. Is there something wrong with my system? The odd thing is I really only see it doing this on the main menu, and it kind of does it on-and-off..."

From Sonni Boi, on 9/2/19[41]

"For anyone who is experiencing #drift with your #Joycon for your #Switch and are planning to send it for a repair, just an FYI:I sent mine in, and got it back last Wednesday. They gave me brand new Joycons. Two days later, it was drifting again. Hope @NintendoAmerica is aware"

---

[37] https://twitter.com/MadridistaChris/status/1157307553887531009 (last visited August 20, 2019).

[38] https://twitter.com/Lundinstrom/status/1163576025328037889 (last visited August 20, 2019).

[39] https://twitter.com/keybladedark12/status/1160258856683024386 (last visited August 20, 2019).

[40] https://www.reddit.com/r/NintendoSwitch/comments/cu71j9/left_joy_con_still_drifting_after_coming_back/ (last visited August 26, 2019).

[41] https://twitter.com/SonofSoH/status/1168597438451658756 (last visited September 4, 2019).

FIRST AMENDED CLASS ACTION COMPLAINT - 40

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   From Kevin McNeil, on 9/5/19[42]

2       "i sent my joycon into nintendo to get fixed, i got it back and it still has the same
        problem, and they didnt return my zelda analog stick cover... anyone else deal with
3       that? what did you do?"

4       180.    Some users also report being charged $30 for the repair.  Other users report

5   having to wait several weeks without their controllers with no update from Nintendo after

6   sending them in for repair.

7       181.    Because of Nintendo's actions, Switch owners have suffered damages in the form

8   of loss of use, failure of the Switches and Joy-Cons core functionality, loss of the benefit of their

9   bargain, diminution of value of and overpayment for their Switches, and lost time and expense

10  involved in contacting Nintendo and retailers about the problem and waiting for replacements

11  and/or repairs.

12      182.    Nintendo knew of the joystick and control issues with the regular Switch and

13  Joy-Cons, yet it did not resolve this issue and included the same defective hardware into the

14  Switch Lite systems.

15      183.    Based upon the allegations in this lawsuit and scores of internet complaints

16  online prior to the release of the Switch Lite, and because Nintendo included the same joystick

17  and controller technology and hardware in the Switch Lite, Nintendo cannot dispute that it had

18  presale knowledge of the Drifting Defect in the Switch Lites.

19                          **CLASS ACTION ALLEGATIONS**

20      184.    This action is brought, and may properly proceed, as a class action, pursuant to

21  Rule 23(a) and 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

22

23  _____
    [42] https://www.facebook.com/groups/thenintendoswitch/permalink/2461321340599791/ (last
    visited September 12, 2019)/

FIRST AMENDED CLASS ACTION COMPLAINT - 41

185.    Plaintiffs seeks certification of a Class defined as follows ("Nationwide Class"):

**Nationwide Class:**
All persons in the United States who bought a Nintendo Switch, stand-alone Joy-Con controllers, or a Nintendo Switch Lite.

And/or

186.    In the alternative, Plaintiffs seek certification of the following subclasses ("State Subclasses"):

**California Subclass:**
All persons in the state of California who bought a Nintendo Switch, stand-alone Joy-Con controllers, or a Nintendo Switch Lite.

**Florida Subclass:**
All persons in the state of Florida who bought a Nintendo Switch, stand-alone Joy-Con controllers, or a Nintendo Switch Lite.

**New Jersey Subclass:**
All persons in the state of New Jersey who bought a Nintendo Switch, stand-alone Joy-Con controllers, or a Nintendo Switch Lite.

**North Carolina Subclass:**
All persons in the state of North Carolina who bought a Nintendo Switch or stand-alone Joy-Con controllers.

**Illinois Subclass:**
All persons in the state of Illinois who bought a Nintendo Switch, stand-alone Joy-Con controllers, or a Nintendo Switch Lite.

**Washington Subclass:**
All persons in the state of Washington who bought a Nintendo Switch, stand-alone Joy-Con controllers, or a Nintendo Switch Lite.

**Massachusetts Subclass:**
All persons in the state of Massachusetts who bought a Nintendo Switch, stand-alone Joy-Con controllers, or a Nintendo Switch Lite.

**Arizona Subclass:**
All persons in the state of Arizona who bought a Nintendo Switch, stand-alone Joy-Con controllers, or a Nintendo Switch Lite.

FIRST AMENDED CLASS ACTION COMPLAINT - 42

**Idaho Subclass:**
All persons in the state of Idaho who bought a Nintendo Switch, stand-alone Joy-Con controllers, or a Nintendo Switch Lite.

**Oklahoma Subclass:**
All persons in the state of Oklahoma who bought a Nintendo Switch, stand-alone Joy-Con controllers, or a Nintendo Switch Lite.

**Michigan Subclass:**
All persons in the state of Michigan who bought a Nintendo Switch, stand-alone Joy-Con controllers, or a Nintendo Switch Lite.

**Oregon Subclass:**
All persons in the state of Oregon who bought a Nintendo Switch, stand-alone Joy-Con controllers, or a Nintendo Switch Lite.

**New York Subclass:**
All persons in the state of New York who bought a Nintendo Switch, stand-alone Joy-Con controllers, or a Nintendo Switch Lite.

**Alabama Subclass:**
All persons in the state of Alabama who bought a Nintendo Switch, stand-alone Joy-Con controllers, or a Nintendo Switch Lite.

**Ohio Subclass:**
All persons in the state of Ohio who bought a Nintendo Switch, stand-alone Joy-Con controllers, or a Nintendo Switch Lite.

**Nebraska Subclass:**
All persons in the state of Nebraska who bought a Nintendo Switch, stand-alone Joy-Con controllers, or a Nintendo Switch Lite.

187.    Excluded from the Classes is Nintendo, its affiliates, employees, officers and directors, persons or entities that purchased Switches or Joy-Con controllers for resale, and the Judge(s) assigned to this case.  Plaintiffs reserve the right to modify, change, or expand the class definitions if discovery and/or further investigation reveal that they should be expanded or otherwise modified.

188.    **Numerosity**:    The Class is so numerous that joinder of all members is impracticable.   While the exact number and identities of individual members of the Class is

FIRST AMENDED CLASS ACTION COMPLAINT - 43

1   unknown at this time, such information being in the sole possession of Nintendo and obtainable

2   by Plaintiffs only through the discovery process, Plaintiffs believe, and on that basis allege, that

3   at least hundreds of thousands of Switches and Joy-Con controllers have been sold nationwide.

4   Nintendo has recently stated in another matter that it has sold over 14.8 million Switch units "in

5   the Americas" since it was launched in March of 2017. *See Vergara v. Nintendo of Am. Inc., No.*

6   1:19-cv-06374 at ECF No. 1-1 (Declaration of Senior Corporate Counsel of Nintendo,

7   Kristopher Kiel).

8       189.    **Existence/Predominance of Common Questions of Fact and Law**: Common

9   questions of law and fact exist as to all members of the Class.  These questions predominate

10  over the questions affecting individual Class members.   These common legal and factual

11  questions include, but are not limited to:

12          a.      whether Nintendo engaged in the conduct alleged herein;

13          b.      whether the Joy-Con controllers are defective;

14          c.      whether Nintendo placed the Switch and Joy-Con controllers into the

15  stream of commerce in the United States with knowledge of the defect;

16          d.      whether Nintendo knew or should have known of the defect, and if so,

17  how long it knew of this defect;

18          e.      when Nintendo became aware of the defect;

19          f.      whether Nintendo knowingly failed to disclose the existence and cause

20  of the defect;

21          g.      whether Nintendo's conduct alleged herein violates consumer protection

22  statutes, false advertising laws, warranty laws, and other laws as asserted herein;

23

FIRST AMENDED CLASS ACTION COMPLAINT - 44

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

h.      whether Plaintiffs and Class Members overpaid for their Switches and/or Joy-Con controllers in light of the defect;

i.      whether Plaintiffs and Class Members have suffered an ascertainable loss as a result of the loss of their Switch's functionality;

j.      whether Plaintiffs and Class Members are entitled to damages, including punitive damages, as a result of Nintendo's conduct alleged herein, and if so, the amount or proper measure of those damages; and

k.      whether Plaintiffs and Class Members are entitled to equitable relief, including but not limited to restitution and/or injunctive relief, including public injunctive relief as provided for under California law and other state laws asserted herein.

190.    **Typicality**:  Plaintiffs' claims are typical of the claims of the Class since Plaintiffs purchased a Switch and/or Joy-Con controllers, as did each member of the Class. Plaintiffs and Class members were injured in the same manner by Nintendo's uniform course of conduct alleged herein.  Plaintiffs and all Class members have the same claims against Nintendo relating to the conduct alleged herein, and the same events giving rise to Plaintiffs' claims for relief are identical to those giving rise to the claims of all Class Members.  Plaintiffs and all Class members sustained monetary and economic injuries including, but not limited to, ascertainable losses arising out of Nintendo's wrongful conduct in selling and failing to remedy defective Joy-Con controllers. Plaintiffs are advancing the same claims and legal theories on behalf of himself and all absent Class Members.

191.    **Adequacy**:  Plaintiffs are adequate representatives for the Class because his interests do not conflict with the interests of the Class that he seeks to represent. Plaintiffs have retained counsel competent and highly experienced in complex class action litigation—including

FIRST AMENDED CLASS ACTION COMPLAINT - 45

consumer fraud class action cases—and they intend to prosecute this action vigorously.  The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

192.  **Superiority**:  A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiffs and members of the Class.  The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Nintendo's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them by Nintendo. Even if Class members could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Class can be readily identified and notified.

193.  Nintendo has acted, and refuses to act, on grounds generally applicable to the Class, thereby making appropriate final equitable and injunctive relief with respect to the Class as a whole.

## CLAIMS FOR RELIEF

### COUNT I
### BREACH OF EXPRESS WARRANTY
**(On behalf of the Nationwide class or alternatively each of the State Subclasses)**

194.  Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

FIRST AMENDED CLASS ACTION COMPLAINT - 46

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1     195.    Nintendo is a "merchant" as defined under the Uniform Commercial Code

2 ("UCC").

3     196.    The Switches and Joy-Con controllers are "goods" as defined under the UCC.

4     197.    Nintendo expressly warranted that the Switches and Joy-Con controllers were of

5 high quality and, at a minimum, would actually work properly and be suitable for gameplay.

6 Nintendo specifically warranted attributes and general functionality of the Switches and Joy-

7 Con controllers.

8     198.    Nintendo also expressly warranted that it would repair and/or replace defects in

9 material and/or workmanship free of charge that occurred during the applicable warranty

10 periods.

11     199.    Nintendo breached its warranties by selling to Plaintiffs and the Class members

12 the Switches and Joy-Con controllers with a known defect, and which are not of high quality,

13 and are predisposed to fail prematurely and/or fail to function properly. Nintendo also breached

14 its warranty by failing to provide an adequate repair when contacted by Plaintiffs and the Class

15 members following manifestation of the defect.

16     200.    These warranties formed the basis of the bargain that was reached when Plaintiffs

17 and other Class members purchased Switches and Joy-Con controllers.

18     201.    As a result of Nintendo's actions, Plaintiffs and Class members have suffered

19 economic and other related damages.

20     202.    Plaintiffs and the Class members have complied with all obligations under the

21 warranty, or otherwise have been excused from performance of said obligations as a result of

22 Nintendo's conduct described herein.

23

FIRST AMENDED CLASS ACTION COMPLAINT - 47

## COUNT II
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
**(On behalf of the Nationwide class or alternatively each of the State Subclasses)**

203.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

204.    Nintendo is a "merchant" as defined under the UCC.

205.    The Switches and Joy-Con controllers are "goods" as defined under the UCC.

206.    A warranty that Switches and Joy-Con controllers were in merchantable quality and condition is implied by law in transactions for the purchase of Switches and Joy-Con controllers. Nintendo impliedly warranted that the Switches and Joy-Con controllers were of good and merchantable condition and quality, fit for their ordinary intended use, including with respect to reliability, operability, gameplay, and substantial freedom from defects.

207.    The Switches and Joy-Con controllers, when sold, and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which they are used. The Joy-Con defect renders the devices unmerchantable, as they are unreliable, partially or fully inoperable, and not substantially free from defects.

208.    Nintendo was provided with notice of the issues complained of herein by numerous complaints filed against them, including the instant lawsuit, within a reasonable amount of time.

209.    Plaintiffs and the other Class members have had sufficient direct dealings with either Nintendo or its agents to establish privity of contract between Nintendo on one hand, and Plaintiffs and each of the Class members on the other hand. Nonetheless, privity is not required here because Plaintiffs and each of the Class members are intended third-party beneficiaries of contracts between Nintendo and its third-party retailers, and specifically, of Nintendo's implied

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

warranties. The dealers were not intended to be the ultimate consumers of the devices and have no rights under the warranty agreements; the warranty agreements were designed for and intended to benefit the consumers only.

210.     As a direct and proximate result of the breach of said warranties, Plaintiffs and Class members were injured, and are entitled to damages.

## COUNT III
### VIOLATIONS OF THE CALIFORNIA
### CONSUMER LEGAL REMEDIES ACT
(CAL. CIV. CODE §§ 1750, *et seq.*) ("CLRA")
**(On behalf of Plaintiffs Diaz and Luebcke and the California Subclass)**

211.     Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

212.     Nintendo is a "person" as that term is defined in CAL. CIV. CODE § 1761(c).

213.     Plaintiffs Diaz and Luebcke and members of the California Subclass are "consumers" as that term is defined in CAL. CIV. CODE §1761(d).

214.     Nintendo engaged in unfair and deceptive acts in violation of the CLRA by the practices described above, and by knowingly and intentionally concealing from Plaintiffs Diaz and Luebcke and California Subclass members that the Switches and Joy-Con controllers suffer from the Drift Defect. These acts and practices violate, at a minimum, the following CLRA sections:

> (a)(5) Representing that goods or services have sponsorships, characteristics, uses, benefits or quantities which they do not have;

> (a)(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

FIRST AMENDED CLASS ACTION COMPLAINT - 49

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1
        (a)(9) Advertising goods and services with the intent not to sell
        them as advertised.

2

3      215.    Nintendo's unfair or deceptive acts or practices occurred repeatedly in its trade or

4  business, and were capable of deceiving a substantial portion of the purchasing public.

5      216.    Nintendo knew that the Switches and Joy-Con controllers were defective, would

6  fail prematurely, and were not suitable for their intended use.

7      217.    Nintendo was under a duty to Plaintiffs Diaz and Luebcke and the California

8  Subclass members to disclose the defective nature of the devices because:

9            a.    Nintendo was in a superior position to know the true state of facts about

10                the defect;

11            b.    Plaintiffs and the California Subclass members could not reasonably have

12                been expected to learn or discover that the devices had a defect at the time

13                of purchase; and

14            c.    Nintendo knew that Plaintiffs Diaz and Luebcke and the California

15                Subclass members could not reasonably have been expected to learn or

16                discover the defect and the associated costs until the manifestation of the

17                defect.

18      218.    In failing to disclose the Drift Defect and the associated costs and harm that result

19  from it, Nintendo has knowingly and intentionally concealed material facts and breached its duty

20  to disclose this material information.

21      219.    The facts concealed or not disclosed by Nintendo to Plaintiffs Diaz and Luebcke

22  and the California Subclass members are material in that a reasonable consumer would have

23  considered them to be important in deciding whether to purchase the devices or pay a lesser

FIRST AMENDED CLASS ACTION COMPLAINT - 50

price. Had Plaintiffs Diaz and Luebcke and the California Subclass known about the defective nature of the Switches and Joy-Con controllers, they would not have purchased them or would have paid less for them then they did.

220.    As a direct and proximate result of Nintendo's conduct, Plaintiffs Diaz and Luebcke and California Subclass Members have been harmed.

221.    Injunctive relief by and large would benefit the general public here.  Injunctive relief benefits Plaintiff only incidentally as members of the general public, because Plaintiff has already been injured by and is therefore aware of the alleged misconduct of Nintendo.

### COUNT IV
### VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW
### (CAL. BUS. & PROF. CODE, *et seq.* §§ 17200) ("UCL")
### (On behalf of Plaintiffs Diaz and Luebcke and the California Subclass)

222.    Plaintiffs incorporate the above allegations by reference.

223.    The UCL proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF. CODE § 17200.  As set forth below, Nintendo has violated all three prongs of the statute.

### Unlawful

224.    Nintendo's conduct is unlawful, in violation of the UCL, because its conduct contravenes the legislatively declared policy against unfair methods of business competition. Additionally Nintendo's conduct is unlawful because, as set forth herein, it violates the California Consumer Legal Remedies Act, the Song-Beverly Warranty Act, various other state statutes asserted herein, and constitutes breach of express and implied warranties, and fraudulent concealment.

FIRST AMENDED CLASS ACTION COMPLAINT - 51

**Unfair**

225.    Nintendo's conduct is unfair in violation of the UCL, because it violates California public policy, legislatively declared in the Song-Beverly Consumer Warranty Act, requiring a manufacturer—defined as a person or entity that "manufactures, assembles, or produces consumer goods"[43]—to ensure that goods it places on the market are fit for their ordinary and intended purposes.

226.    Nintendo acted in an unethical, unscrupulous, outrageous, oppressive, and substantially injurious manner, including as follows:

- Nintendo promoted and sold Switches, Joy-Cons, and Switch Lites that it knew were defective, possess the drifting issue, and fail prematurely;

- Nintendo failed to disclose that the Switches, Joy-Cons, and Switch Lites are defective, and represented through advertising, product packaging, press releases, and other sources that they possessed particular qualities that were inconsistent with its internal knowledge;

- Nintendo made repairs or gave replacements that were ineffective to remove the Drifting Defect, exposing consumers to repeated instances of failure and rendering its warranty useless;

- Nintendo failed to exercise adequate quality control and due diligence over the Switches, Joy-Cons, and Switch Lites before launch; and

- Nintendo minimized the scope and severity of the problems with the Switches, Joy-Cons, and Switch Lites, refusing to acknowledge that their keyboards are defective (while, at the same time, clandestinely waiving the temporal

---

[43] CAL. CIV. CODE § 1791(j).

FIRST AMENDED CLASS ACTION COMPLAINT - 52

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1            limitations in its warranty for individuals who experience drifting), failing to

2            provide adequate relief to consumers.

3        227.    The gravity of harm resulting from Nintendo's unfair conduct outweighs any

4    potential utility.  The practice of selling defective Switches, Switch Lites, and Joy-Cons without

5    providing an adequate remedy to cure the defect—and continuing to sell them without full and

6    fair disclosure of the defect—harms the public at large and is part of a common and uniform

7    course of wrongful conduct.

8        228.    The harm from Nintendo's conduct was not reasonably avoidable by consumers

9    because the Switches, Switch Lites, and Joy-Cons suffer from a defect, and Nintendo did not

10   disclose the defect, even after receiving a large volume of consumer complaints.  Plaintiffs did

11   not know of, and had no reasonable means of discovering Switches, Switch Lites, and Joy-Cons

12   are defective.

13       229.    There were reasonably available alternatives that would further Nintendo's

14   business interests of satisfying and retaining their customers while maintaining profitability,

15   such as: (1) allowing adequate development time to analyze the results of pre-release testing and

16   implementing corrective measures, including before launching the Switch Lite; (2)

17   acknowledging the defect and providing a permanent fix for defective joysticks and controls; (3)

18   disclosing the defect to prospective purchasers; and (4) offering refunds or suitable non-

19   defective replacement devices to consumers whose Switches, Switch Lites, and Joy-Cons have

20   failed.

21                           **Fraud by Omission**

22       230.    Nintendo's conduct is fraudulent in violation of the UCL because it is likely to

23   deceive a reasonable consumer:

FIRST AMENDED CLASS ACTION COMPLAINT - 53

- Nintendo knowingly and intentionally concealed from consumers that the Switches, Switch Lites, and Joy-Cons contain a latent defect that renders them prone to drifting and failure.

- Nintendo volunteered information to consumers through advertising and through other means that the Switches, Switch Lites, and Joy-Cons were functional, premium gaming devices without disclosing information that would have materially qualified these partial representations.

- Nintendo promoted the high-quality and premium features of the Switches, Switch Lites, and Joy-Cons, despite knowing they are defective and failed to correct the misleading partial disclosures.

231.   Nintendo had ample means and opportunities to alert Plaintiffs and similarly situated consumers to the fact that the Switches, Switch Lites, and Joy-Cons are defective, including on its website; in advertisements for the Switches, Joy-Cons, and Switch Lites; on external product packaging; in user and warranty manuals; and as part of the standardized Switch/Switch Lite set-up process.  But Nintendo failed to disclose the defect altogether.  Had Nintendo disclosed the defect, Plaintiff and Class members would not have purchased their Switches, Switch Lites, and Joy-Cons, or would not have purchased them at the prices they did.

232.   Nintendo was under a duty to disclose the defect given its exclusive knowledge of the Drift Defect because it actively concealed the defect from consumers, and because it made partial representations about the Switches, Switch Lites, and Joy-Cons without also disclosing the latent defect.

233.   Plaintiffs suffered injury in fact, including lost money or property, as a result of Nintendo's unlawful, unfair and fraudulent acts.  Absent Nintendo's unlawful, unfair, and

FIRST AMENDED CLASS ACTION COMPLAINT - 54

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1  fraudulent conduct, Plaintiffs and Class members would not have purchased their Switches,

2  Switch Lites, and Joy-Cons, or would not have purchased them at the prices they did.

3  234.  Through its unlawful, unfair, and fraudulent conduct, Nintendo acquired money

4  that Plaintiffs and Class members once had an ownership interest in.  Nintendo acquired money

5  from them insofar as they purchased their Switches, Switch Lites, and Joy-Cons directly from

6  Nintendo or through its retailers (e.g., Wal-Mart, GameStop, Best Buy, Amazon, Target).

7  235.  Plaintiffs accordingly seek appropriate relief, including restitution under the

8  UCL.  Plaintiffs also respectfully seek reasonable attorneys' fees and costs under applicable law,

9  including under California Code of Civil Procedure section 1021.5.

10
## COUNT V
**VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT
FOR BREACH OF EXPRESS WARRANTY
(CAL. CIV. CODE §§ 1791.2 & 1793.2(d))
(On behalf of Plaintiffs Diaz and Luebcke and the California Subclass)**

13  236.  Plaintiffs incorporate by reference each preceding and succeeding paragraph as

14  though fully set forth at length herein.

15  237.  Plaintiffs Diaz and Luebcke and the other Class members who purchased the

16  devices in California are "buyers" within the meaning of CAL. CIV. CODE § 1791(b).

17  238.  The Switches and Joy-Con controllers are "consumer goods" within the meaning

18  of CAL. CIV. CODE § 1791(a).

19  239.  Nintendo is a "manufacturer" within the meaning of CAL. CIV. CODE § 1791(j).

20  240.  Nintendo made express warranties to Plaintiffs Diaz and Luebcke and the other

21  California Class members within the meaning of CAL. CIV. CODE §§ 1791.2 and 1793.2, as

22  described above.

23

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

241.    Nintendo breached these warranties by selling the Switches and Joy-Con controllers with the defect, requiring repair or replacement within the applicable warranty periods, and refusing to honor the warranties by providing free repairs or replacements during the applicable warranty periods.

242.    As alleged above, the terms of Nintendo's express warranty are both substantively and procedurally unconscionable.  Nintendo's attempt to disclaim or limit these express warranties is unconscionable and unenforceable under the circumstances here. Specifically, its warranty limitation is unenforceable because it knowingly sold a defect product without informing consumers about the defect.

243.    The time limits contained in Nintendo's warranty period are also unconscionable and inadequate to protect Plaintiffs Diaz and Luebcke and the California Subclass members. Among other things, Plaintiffs Diaz and Luebcke and California Subclass members and no meaningful choice in determining these time limitations the terms of which unreasonably favor Nintendo. A gross disparity of bargaining power existed between Nintendo and Plaintiffs and California Subclass members and Nintendo knew or should have known that the devices were defective at the time of sale and would fail well before the end of their useful lives.

244.    Nintendo did not promptly replace or buy back the devices of Plaintiffs and proposed California Subclass members.

245.    As a direct and proximate result of Nintendo's breach of its express warranties, Plaintiff and the other California Subclass members received goods whose condition substantially impairs their value.  Plaintiffs Diaz and Luebcke and the other California Subclass members have been damaged as a result of, *inter alia,* the diminished value of Nintendo's

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  products, the products' malfunctioning, and actual and potential increased maintenance and

2  repair costs.

3      246.    Pursuant to CAL. CIV. CODE §§ 1793.2 & 1794, Plaintiffs and the other California

4  Subclass members are entitled to damages and other legal and equitable relief including, at their

5  election, the purchase price of their Switches or Joy-Con controllers, or the overpayment or

6  diminution in value of these devices.

7      247.    Pursuant to CAL. CIV. CODE § 1794, Plaintiffs Diaz and Luebcke and the other

8  California Subclass members are entitled to costs and attorneys' fees.

9
       <u>COUNT VI</u>
10  **VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**
    **FOR BREACH OF IMPLIED WARRANTY**
11  **(CAL. CIV. CODE §§ 1792, 1791.1, *et seq.*)**
    **(On behalf of Plaintiffs Diaz and Luebcke and the California Subclass)**
12
       248.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as
13
    though fully set forth at length herein.
14
       249.    The Switches or Joy-Con controllers are "consumer goods" within the meaning
15
    of CAL. CIV. CODE § 1791(a).
16
       250.    Nintendo is a "manufacturer" within the meaning of CAL. CIV. CODE § 1791(j).
17
       251.    Nintendo impliedly warranted to Plaintiffs Diaz and Luebcke and the California
18
    Subclass that the devices were "merchantable" within the meaning of CAL. CIV. CODE §§
19
    1791.1(a) & 1792.
20
       252.    CAL. CIV. CODE § 1791.1(a) states:  "Implied warranty of merchantability" or
21
    "implied warranty that goods are merchantable" means that the consumer goods meet each of
22
    the following:
23
       (1) Pass without objection in the trade under the contract description.

FIRST AMENDED CLASS ACTION COMPLAINT - 57

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

(2) Are fit for the ordinary purposes for which such goods are used.

(3) Are adequately contained, packaged, and labeled.

(4) Conform to the promises or affirmations of fact made on the container or label.

253.    The Switches or Joy-Con controllers would not pass without objection in the gaming console trade because the defect causes all or substantially all of the controllers to experience joystick failure, and to not operate as intended.

254.    Because the defect materially reduces the reliability and dependability of the devices, they are not fit for ordinary purposes for which such goods are used.

255.    The Switches or Joy-Con controllers are not adequately labeled because the labeling fails to disclose the defect and does not advise California Subclass members of the defect.

256.    The defect deprived Plaintiffs Diaz and Luebcke and the California Subclass of the benefit of their bargain, and has caused the devices to be worth less than what Plaintiffs and other proposed California Subclass members paid for them.

257.    As a direct and proximate result of Nintendo's breach of its duties, California Subclass members received goods whose condition substantially impairs their value.  Plaintiffs Diaz and Luebcke and the proposed California Subclass have been damaged by the diminished value of the Switches and Joy-Con controllers, the devices' malfunctioning, and actual and potential increased maintenance and repair or replacement costs.

258.    Under CAL. CIV. CODE §§ 1791.1(d) & 1794, Plaintiffs and California Subclass members are entitled to damages and other legal and equitable relief including, at their election, the purchase price of their Switches or Joy-Con controllers, or the overpayment or diminution in value of their devices, and are also entitled to their attorney fees and costs.

FIRST AMENDED CLASS ACTION COMPLAINT - 58

**COUNT VII**
**VIOLATIONS OF FLORIDA'S DECEPTIVE AND UNFAIR
TRADE PRACTICES ACT**
**FLA. STAT. § 501.201, *et seq*. ("FDUTPA")**
**(On Behalf of Plaintiff Thompson, and the Florida Subclass)**

259.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

260.    Plaintiff Thompson brings this claim on behalf of the Florida Subclass.

261.    Plaintiff Thompson and Florida Subclass members are "consumers" within the meaning of FLA. STAT. § 501.203(7).

262.    Nintendo engaged in "trade or commerce" within the meaning of FLA. STAT. § 501.203(8).

263.    The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." FLA. STAT. § 501.204(1).

264.    Nintendo's acts and practices, described herein, are unfair in violation of Florida law because it violates Florida public policy and warranty laws requiring a manufacturer to ensure that goods it places on the market are fit for their ordinary and intended purposes.

265.    Nintendo acted in an unethical, unscrupulous, outrageous, oppressive, and substantially injurious manner, in at least the following respects:

a.    promoted and sold Joy-Con controllers it knew were defective;

b.    failed to disclose the Drift Defect, and represented through advertising and other sources that the Joy-Con controllers possess particular qualities that were inconsistent with Nintendo's actual knowledge of the product;

FIRST AMENDED CLASS ACTION COMPLAINT - 59

  c. made repairs and provided replacements that caused Plaintiff and class members to experience repeated instances of failure, rendering the warranty useless; and

  d. minimized the scope and severity of the problems with the Joy-Con controllers, refusing to acknowledge that they are defective, and failing to provide adequate relief to consumers.

266. The gravity of harm resulting from Nintendo's unfair conduct outweighs any potential utility. The practice of marketing and selling defective Joy-Con controllers without providing an adequate remedy to cure the defect harms the public at large and is part of a common and uniform course of wrongful conduct.

267. The harm from Nintendo's conduct was not reasonably avoidable by consumers. Even after receiving a large volume of consumer complaints, Nintendo did not disclose the Drift Defect. Plaintiff and class members did not know of, and had no reasonable means of discovering, that the Joy-Cons are defective.

268. Nintendo also engaged in deceptive trade practices in violation of Florida law, by promoting the functionality, convenience, and operability of the Joy-Con controllers while willfully failing to disclose and actively concealing their defect nature.

269. Nintendo committed deceptive acts and practices with the intent that consumers, such as Plaintiff Thompson and Florida Subclass members, would rely upon Nintendo's representations and omissions when deciding whether to purchase a Nintendo Switch or additional Joy-Con controllers.

270. Plaintiff and Class members suffered ascertainable loss as a direct and proximate result of Nintendo's unfair and deceptive acts or practices. Had Plaintiff Thompson and the

FIRST AMENDED CLASS ACTION COMPLAINT - 60

1   Florida Subclass members known that the Joy-Con controllers were susceptible to the Drifting

2   Defect; they would not have purchased Nintendo Switches and/or additional Joy-Con

3   controllers, or would have paid significantly less for them. Among other injuries, they overpaid

4   for their Nintendo Switches and/or additional Joy-Con controllers, and these items suffered a

5   diminution in value.

6       271.    Plaintiff Thompson and the Florida Subclass members are entitled to recover

7   their actual damages under FLA. STAT. § 501.211(2) and reasonable attorneys' fees under FLA.

8   STAT. § 501.2105(1).

9       272.    Plaintiff Thompson also seeks an order enjoining Nintendo's unfair and deceptive

10  acts or practices pursuant to FLA. STAT. § 501.211, and any other just and proper relief available

11  under the FDUTPA.

12                              **COUNT VIII**
                  **VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT**
13                **(N.J. STAT. ANN. § 56:8-1, ET SEQ.) ("NJCFA")**
                  **(On Behalf of Plaintiffs Rios and Guy, and the New Jersey Subclass)**
14

15      273.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as

16  though fully set forth at length herein.

17      274.    This claim is brought by Plaintiffs Rios and Guy on behalf of the New Jersey

18  Subclass.

19      275.    The NJCFA protects consumers against "any unconscionable commercial

20  practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing,

21  concealment, suppression, or omission of any material fact with intent that others rely upon such

22  concealment, suppression or omission, in connection with the sale or advertisement of any

23  merchandise . . . ." N.J. STAT. ANN. § 56:8-2.

FIRST AMENDED CLASS ACTION COMPLAINT - 61

276.    Plaintiffs Rios and Guy and New Jersey Subclass members are consumers who purchased Nintendo Switches and Joy-Con controllers for personal, family, or household use.

277.    In the course of Nintendo's business, it knowingly concealed, suppressed, and omitted the fact that the Joy-Con controllers are defective, with the intent that Plaintiffs and the Class rely upon that concealment, suppression, and omission when purchasing Switch systems or additional Joy-Con controllers.   The existence of the Drifting Defect is material to a reasonable consumer in that it constitutes a loss of the central function of the product, causes the product to fail of its essential purpose, and causes the Switches and Joy-Cons to be worth substantially less than they would otherwise be valued.

278.    Nintendo has engaged in unfair and deceptive trade practices, including: representing that the Joy-Con controllers have characteristics, uses, benefits, and qualities which they do not have; representing that the Joy-Con controllers are of a particular standard and quality when they are not; advertising the Joy-Con controllers with the intent to not sell them as advertised; and otherwise engaging in conduct likely to deceive.   Further, Nintendo's acts and practices described herein offend established public policy because of the harm they cause to consumers outweighs any benefit associated with such practices, and because Nintendo fraudulently concealed the defective nature of the Joy-Con controllers from consumers.

279.    Nintendo's actions as set forth above occurred in the conduct of trade or commerce.

280.    Nintendo's conduct caused Plaintiffs Rios and Guy and New Jersey Subclass members to suffer an ascertainable loss.   Plaintiffs and the other Class members bought Switches and/or additional Joy-Con controllers they otherwise would not have, bought video

FIRST AMENDED CLASS ACTION COMPLAINT - 62

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1   games to play on their Switches, overpaid for these products, did not receive the benefit of their

2   bargain, and their Switches and Joy-Con controllers suffered a diminution in value.

3   281.   Plaintiffs and other class members' damages are the direct and foreseeable result

4   of Nintendo's unlawful conduct.  Had the Drifting Defect been disclosed, consumers would not

5   have purchased or would have paid less for the Switches and Joy-Con controllers and would

6   have been spared the subsequent expenses and inconvenience.

7   282.   Plaintiffs Rios and Guy and Class are entitled to recover treble damages,

8   attorneys' fees, filing fees, and reasonable costs. N.J. STAT. ANN. § 56:8-19.

9   283.   Plaintiffs also seek an order enjoining Nintendo's unlawful acts or practices, and

10   any other just and proper relief available under the NJCFA.

11   284.   Pursuant to N.J. STAT. ANN. § 56:8-20, Plaintiffs will serve the New Jersey

12   Attorney General with a copy of this First Amended Class Action Complaint.

13

14

**COUNT IX**
**VIOLATIONS OF THE NORTH CAROLINA**
**UNFAIR AND DECEPTIVE TRADE PRACTICES ACT**
**N.C. GEN. STAT. § 75-1.1, *et seq.* ("NCUDTPA")**
**(On Behalf of Plaintiff Foucha and the North Carolina Subclass)**

15

16

17   285.   Plaintiffs incorporate by reference each preceding and succeeding paragraph as

18   though fully set forth at length herein.

19   286.   Plaintiff Foucha brings this claim on behalf of the North Carolina Subclass.

20   287.   The NCUDTPA prohibits a person from engaging in "[u]nfair methods of

21   competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting

22   commerce[.]" The NCUDTPA provides a private right of action for any person injured "by

23

FIRST AMENDED CLASS ACTION COMPLAINT - 63

1  reason of any act or thing done by any other person, firm or corporation in violation of" the

2  NCUDTPA. N.C. GEN. STAT. § 75-16.

3       288.   Nintendo's acts and practices complained of herein were performed in the course

4  of Nintendo's trade or business and thus occurred in or affected "commerce," as defined in N.C.

5  GEN. STAT. § 75-1.1(b).

6       289.   Nintendo's acts and practices are unfair in at least the following respects:

7  Nintendo knowingly sold Plaintiff Foucha and North Carolina Subclass members Joy-Con

8  controllers with the Drifting Defect, refused to comply with warranties, required consumers to

9  wait several weeks to several months on warranty claims, and replaced defective controllers

10  with other defective controllers.

11       290.   Nintendo's acts and practices are contrary to North Carolina law and policy and

12  constitute immoral, unethical, oppressive, and unscrupulous business practices that caused

13  substantial injury to Plaintiff and North Carolina Subclass members. The gravity of the harm

14  resulting from Nintendo's unfair conduct outweighs any potential utility of the conduct. The

15  practice of selling defective Joy-Con controllers without providing an adequate remedy to cure

16  the defect harms the public at large and is part of a common and uniform course of wrongful

17  conduct. There are reasonably available alternatives that would further Nintendo's business

18  interests of increasing sales and preventing false warranty claims. The harm from Nintendo's

19  unfair conduct was not reasonably avoidable by consumers.

20       291.   Nintendo's acts and practices are deceptive because Nintendo willfully failed to

21  disclose and actively concealed the Drifting Defect; represented that the Joy-Con controllers

22  have characteristics, uses, benefits, and qualities which they do not have; represented that Joy-

23  Con controllers are of a particular standard and quality when they are not; advertised Nintendo

FIRST AMENDED CLASS ACTION COMPLAINT - 64

1  Switches and Joy-Con controllers with the intent not to sell them as advertised; and otherwise
2  engaging in conduct likely to deceive.

3       292.    Nintendo's conduct proximately caused injuries to Plaintiff and North Carolina
4  Subclass members.

5       293.    Nintendo acted with willful and conscious disregard of the rights of others,
6  subjecting Plaintiff and North Carolina Subclass members to unjust hardship as a result, such
7  that an award of punitive damages is appropriate.

8       294.    Plaintiff and North Carolina Subclass members were injured as a result of
9  Nintendo's conduct in that they overpaid for their Switches and extra Joy-Con controllers and
10  did not receive the benefit of their bargain, and their Class Switches and Joy-Con controllers
11  have suffered a diminution in value. These injuries are the direct and natural consequence of
12  Nintendo's violations alleged herein.

13       295.    Plaintiff Foucha, individually and on behalf of North Carolina Subclass, seeks
14  treble damages pursuant to N.C. GEN. STAT. § 75-16, and an award of reasonable attorneys' fees
15  pursuant to N.C. GEN. STAT. § 75-16.1.

16                        **COUNT X**
17          **VIOLATION OF THE ILLINOIS CONSUMER FRAUD**
              **AND DECEPTIVE BUSINESS PRACTICES ACT**
18           **815 ILL. COMP. STAT. §§ 505/1, *et seq.* ("ICFA")**
             **(On Behalf of Plaintiff Oren and the Illinois Subclass)**
19
20       296.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as
    though fully set forth at length herein.
21
22       297.    Plaintiff Oren brings this claim on behalf of the Illinois Subclass.
23

FIRST AMENDED CLASS ACTION COMPLAINT - 65

298.    Plaintiff Oren and the Illinois class members are "consumers" within the meaning of 815 ILL. COMP. STAT. § 505/1(e). Plaintiff, the Class, and Nintendo are "persons" within the meaning of 815 ILL. COMP. STAT. § 505/1(c).

299.    Nintendo is engaged in "trade" or "commerce" within the meaning of 815 ILL. COMP. STAT. § 505/1(f).

300.    Nintendo engages in the "sale" of "merchandise" as those terms are defined by 815 ILL. COMP. STAT. § 505/1(b) and (d).

301.    The ICFA prohibits "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . ." 815 ILL. COMP. STAT. § 505/2.

302.    In the course of its business, trade, or commerce, Nintendo willfully failed to disclose and actively concealed the Drifting Defect, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Nintendo also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Switch and defective Joy-Con controllers

303.    Nintendo knew, through pre-release testing and negative consumer responses, or should have known that the Joy-Cons were defective, and that the Joy-Cons did not perform as advertised, but concealed all of that information.

FIRST AMENDED CLASS ACTION COMPLAINT - 66

304.    By failing to disclose the Drifting Defect and advertising the Switch and Joy-Con controllers as reliable and as being of high quality, and by presenting itself as a reputable video game console manufacturer, Nintendo engaged in deceptive business practices in violation of the ICFA.

305.    Nintendo's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Oren and the other class members, about the true performance of the Joy-Con controllers, the quality of the Nintendo's brand, the true value of the Switch consoles and Joy-Con controllers.

306.    Nintendo intentionally and knowingly concealed material facts regarding the Joy-Con controllers with intent to mislead Plaintiff Oren and the Illinois class members.

307.    Nintendo possessed exclusive knowledge that it was manufacturing, selling, and distributing Joy-Con controllers that are plagued with the Drifting Defect and that do not perform as advertised, and it intentionally concealed the foregoing material facts from Plaintiff Oren and members of the class, who did not have access to this information.

308.    Because Nintendo fraudulently concealed the defect and the true performance of the Joy-Con controllers, the value of the Joy-Cons and Switch systems has greatly diminished. They are now worth significantly less than they otherwise would be.

309.    The existence of the defect was material to Plaintiff and Illinois class members.

310.    As a direct and proximate result of Nintendo's violations of the ICFA, Plaintiff and the class members in Illinois have suffered injury-in-fact and/or actual damage.

311.    Plaintiff Oren and similarly situated consumers in Illinois suffered ascertainable loss caused by Nintendo's concealment of and failure to disclose material information. Class members who purchased Switches and extra Joy-Con controllers either would have paid less for

FIRST AMENDED CLASS ACTION COMPLAINT - 67

them or would not have purchased them at all. Due to Nintendo's deceptive or unfair conduct, Plaintiff Oren and the Illinois class members overpaid for their Switches and additional Joy-Con controllers and did not receive the benefit of their bargain.

312.   Plaintiff Oren and owners of Switches and Joy-Con controllers also suffered ascertainable loss in the form of the diminished value of their Switches and Joy-Con controllers as a result of Nintendo's deceptive and unfair acts and practices made in the course of Nintendo's business.

313.   Pursuant to 815 ILL. COMP. STAT. § 505/10a(a), Plaintiff Oren and the Illinois class seek actual damages, compensatory, punitive damages (pursuant to 815 ILL. COMP. STAT. § 505/10a(c)), injunctive relief, and court costs and attorneys' fees as a result of Nintendo's violations of the ICFA.

**COUNT XI**
**VIOLATIONS OF THE ILLINOIS UNIFORM**
**DECEPTIVE TRADE PRACTICES ACT**
**815 ILL. COMP. STAT. §§ 510/1, *et seq*. ("Illinois DTPA")**
**(On Behalf of Plaintiff Oren and the Illinois Subclass)**

314.   Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

315.   Plaintiff Oren brings this claim on behalf of the Illinois Subclass.

316.   Plaintiff Oren, the Illinois class members, and Nintendo are "persons" as defined in 815 ILL. COMP. STAT. § 510/1(5).

317.   The Illinois DTPA broadly prohibits deceptive trade practices. As set forth herein, Nintendo committed unfair and deceptive trade practices by misrepresenting the capabilities, qualities, and performance of the Switch and Joy-Con controllers, and concealing a

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1   known defect. Accordingly, Nintendo has engaged in deceptive trade practices as defined in 815

2   ILL. COMP. STAT. § 510/2.

3       318.   Nintendo's actions as set forth above occurred in the conduct of trade or

4   commerce.

5       319.   Nintendo knew or should have known that its conduct violated the Illinois DTPA.

6       320.   Nintendo's conduct was material to Plaintiff Oren and the Illinois class members.

7       321.   As set forth herein, Plaintiff and the Illinois class members suffered ascertainable

8   loss caused by Nintendo's violations of the Illinois DTPA, which proximately caused injuries to

9   Plaintiff and the other Class members.

10       322.   Furthermore, Plaintiff Oren and Illinois class members face a significant risk of

11   future harm. Nintendo repeatedly fails to fix consumers Joy-Cons under the terms of its

12   warranty, and its efforts to remediate this issue have failed. Nintendo also continues to omit

13   material information about the defect from consumers. Because there is no indication that

14   Nintendo will correct this wrongdoing, an injunction is necessary to prevent continued and

15   future harm to Plaintiff Oren and other Illinois class members.

16       323.   Pursuant to 815 ILL. COMP. STAT. § 510/3, Plaintiff Oren and the Illinois class are

17   entitled to an award of injunctive relief to prevent Nintendo's deceptive trade practices and,

18   because Nintendo's conduct was willful, an award of reasonable attorneys' fees.

19

**COUNT XII**
**Violations of the Washington Consumer Protection Act**
**WASH. REV. CODE §§ 19.86.010, *et seq.* ("WCPA")**
**(On Behalf of Plaintiff DeLoach and the Washington Subclass)**

20

21

22       324.   Plaintiffs incorporate the above allegations by reference.

23       325.   Plaintiff DeLoach asserts this claim on behalf of herself and the Washington

Subclass.

FIRST AMENDED CLASS ACTION COMPLAINT - 69

326.     Nintendo, Plaintiff DeLoach, and Washington Subclass members are "persons" under WASH. REV. CODE § 19.86.010(1).

327.     Nintendo's acts or practices, as set forth above, occurred in the conduct of "trade" or "commerce" within the meaning of WASH. REV. CODE § 19.86.010(2).

328.     Washington law prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or practices." WASH. REV. CODE §§ 19.86.020.

329.     Nintendo's acts and practices, described herein, are unfair in violation of Washington law for the reasons already stated.

330.     By selling defective Nintendo Switch and Joy-Cons plagued by the Drift Defect, with exclusive knowledge of the defect, and by failing to disclose the defect in good faith, Nintendo acted unscrupulously in a manner that is substantially oppressive and injurious to consumers.

331.     Nintendo engaged in deceptive trade practices in violation of Washington law by willfully failing to disclose and actively concealing the defective nature of the Joy-Cons.

332.     Nintendo committed deceptive acts and practices with the intent that consumers, such as Plaintiff DeLoach and Washington Subclass members, would rely upon Nintendo's representations and/or omissions when deciding whether to purchase a Switch and/or additional Joy-Cons.

333.     Plaintiff DeLoach and Washington Subclass members suffered ascertainable loss as a direct and proximate result of Nintendo's unfair and deceptive acts or practices. Had Plaintiff DeLoach and Washington Subclass members known that the Joy-Cons were defective, they would not have purchased a Switch console or separate sets of Joy-Cons, or would have paid significantly less for them. Among other injuries, Plaintiff DeLoach and Washington Subclass members overpaid for their Switch and Joy-Cons, which suffered a diminution in value.

FIRST AMENDED CLASS ACTION COMPLAINT - 70

334.    Nintendo's violations of the WCPA present a continuing risk to Plaintiff DeLoach and Washington Subclass members, as well as to the general public. Nintendo's unlawful acts and practices adversely affect the public interest.

335.    Under WASH. REV. CODE § 19.86.090, Plaintiff DeLoach and the Washington Subclass seek an order enjoining Nintendo's unfair and deceptive acts or practices, providing for appropriate monetary relief, including trebled damages, and awarding reasonable attorneys' fees and costs.

336.    In accordance with WASH. REV. CODE § 19.86.095, a copy of this Amended Complaint is being served on the Attorney General of Washington.

## COUNT XIII
### Violation of the Arizona Consumer Fraud Act,
### ARIZ. REV. STAT. §§44-1521, *et seq.* ("ACFA")
### (On Behalf of Plaintiff Enriquez and the Arizona Subclass)

337.    Plaintiffs incorporate the above allegations by reference.

338.    Plaintiff Enriquez asserts this claim on behalf of himself and the Arizona Subclass.

339.    This cause of action is brought pursuant to the ACFA, which provides in pertinent part:

> The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

Ariz. Rev. Stat. § 44-1522.

FIRST AMENDED CLASS ACTION COMPLAINT - 71

340.     Plaintiff Enriquez and members of the Class are "persons" as defined by ARIZ. REV. STAT. § 44-1521(6).  Nintendo is engaged in the "sale" of "merchandise" as defined by ARIZ. REV. STAT. § 44-1521(7).

341.     Nintendo engaged in deceptive and unfair acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts in connection with the sale and advertisement of "merchandise" (as defined in the ACFA) in violation of the ACFA, by misrepresenting the quality and performance of the Switch and Joy-Cons despite knowing of the Drift Defect, and/or by concealing and omitting disclosure of the Drift Defect to Plaintiff and the Arizona Subclass members.

342.     Nintendo's failure to disclose Drift Defect constitutes deceptive and/or unfair acts or practices because it knew the defect would (a) be unknown to and not easily discoverable by Plaintiff Enriquez and the Arizona Subclass; and (b) defeat Plaintiff Enriquez's and class members' ordinary, foreseeable and reasonable expectations concerning the performance and operability of the Switch and Joy-Cons.

343.     Nintendo intended that Plaintiff and class members rely on its deceptive and unfair acts and practices, misrepresentations, and the concealment, suppression, and omission of material facts, in connection with offering the Switch and Joy-Cons for sale, in violation of the AFCA.

344.     Nintendo's wrongful practices occurred in the course of trade or commerce.

345.     Nintendo's wrongful practices were and are injurious to the public interest because those practices were part of a generalized course of conduct on the part of Nintendo that applied to all class members and were repeated continuously. All class members have been

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1 adversely affected by Nintendo's conduct and the public was and remains at risk as a result

2 thereof.

3      346.    As a result of Nintendo's wrongful conduct, Plaintiff and Arizona Subclass

4 members were injured.    Plaintiff Enriquez and Arizona Subclass members suffered

5 ascertainable loss as a direct and proximate result of Nintendo's unfair and deceptive acts or

6 practices. Had Plaintiff Enriquez and Arizona Subclass members known that the Joy-Cons were

7 defective, they would not have purchased a Switch console or separate sets of Joy-Cons, or

8 would have paid significantly less for them. Among other injuries, Plaintiff Enriquez and

9 Arizona Subclass members overpaid for their Switch and Joy-Cons, which suffered a

10 diminution in value.

11      347.    Plaintiff and the Arizona Subclass seek actual damages, compensatory, punitive

12 damages, injunctive relief, and court costs and attorneys' fees as a result of Nintendo's

13 violations of the AFCA.

14                    **<u>COUNT XIV</u>**
                **VIOLATION OF THE IDAHO CONSUMER PROTECTION ACT**
15              IDAHO CODE §§ 48-601, *et seq.* ("IDCPA")
                  **(On Behalf of Plaintiff Reed and the Idaho Subclass)**
16      348.    Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

17      349.    This claim is brought by Plaintiff Reed on behalf of the Idaho Subclass.

18      350.    Nintendo is a "person" under the IDCPA. IDAHO CODE § 48-602(1).

19      351.    Nintendo's acts or practices as set forth above occurred in the conduct of "trade"

20 or "commerce" under IDAHO CODE § 48-602(2).

21      352.    Nintendo participated or engaged in misleading, false, or deceptive acts that

22 violated the IDCPA. By willfully failing to disclose and actively concealing the Drift Defect,

23 Nintendo engaged in deceptive business practices prohibited by the IDCPA, including: (1)

FIRST AMENDED CLASS ACTION COMPLAINT - 73

representing that the Switches and Joy-Cons have characteristics, uses, and benefits which they do not have; (2) representing that the Switches and Joy-Cons are of a particular standard, quality, and grade when they are not; (3) advertising the Switches and Joy-Cons with the intent not to sell them as advertised; (4) engaging in acts or practices which are otherwise misleading, false, or deceptive to consumers; and (5) engaging in any unconscionable method, act, or practice in the conduct of trade or commerce. *See* IDAHO CODE § 48-603.

353.   In the course of its business, Nintendo willfully failed to disclose and actively concealed the Drift Defect, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Nintendo also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of Switches and Joy-Cons.

354.   Nintendo's unfair or deceptive acts or practices were likely to, and did in fact, deceive reasonable consumers, including Plaintiff Reed and the other Idaho Subclass members, about the true performance of Switches and Joy-Cons, the quality of the Nintendo brand, and the true value of the Switches and Joy-Cons.

355.   Nintendo knew or should have known that its conduct violated the IDCPA.

356.   Nintendo owed Plaintiff Reed a duty to disclose the Drift Defect because Nintendo:

a.   Possessed exclusive knowledge that the Joy-Cons are plagued with the Drift Defect and did not perform as advertised;

b.   Intentionally concealed the foregoing from Plaintiff Reed and the class; and/or

FIRST AMENDED CLASS ACTION COMPLAINT - 74

    c.    Made incomplete representations about the quality and performance of the Switches and Joy-Cons generally, and the Drift Defect in particular, while purposefully withholding material facts from Plaintiff Reed and the class that contradicted these representations.

357. Because Nintendo fraudulently concealed the Drift Defect and the true performance of Switches and Joy-Cons, the value of the Switches and Joy-Cons has greatly diminished. In light of the necessity for continued and future repairs and replacements, the Switches and Joy-Cons are now worth significantly less than they otherwise would be.

358. Nintendo's fraudulent omissions relating to the Switches and Joy-Cons, the Drift Defect, and the true performance of Switches and Joy-Cons were material to Plaintiff Reed and the Idaho class members. Plaintiff Reed and the Idaho Class suffered ascertainable loss caused by Nintendo's concealment of and failure to disclose material information. Class members who purchased the Switches and Joy-Cons either would have paid less for them or would not have purchased them at all but for Nintendo's violations of the IDCPA.

359. Nintendo had an ongoing duty to all Nintendo customers to refrain from unfair and deceptive practices under the IDCPA. All owners of Switches and Joy-Cons suffered ascertainable loss in the form of the diminished value as a result of Nintendo's deceptive and unfair acts and practices made in the course of Nintendo's business.

360. Nintendo's violations present a continuing risk to Plaintiff Reed as well as to the general public. Nintendo's unlawful acts and practices complained of herein affect the public interest.

361. As a direct and proximate result of Nintendo's violations of the IDCPA, Plaintiff Reed and the Idaho Subclass have suffered injury-in-fact and/or actual damage.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

362.    Pursuant to IDAHO CODE § 48-608, Plaintiff Reed, individually and on behalf of the Idaho Subclass, seeks monetary relief against Nintendo, measured as the greater of (a) actual damages in an amount to be determined at trial, and (b) statutory damages in the amount of $1,000 for Plaintiff Reed and each Idaho Subclass member.

363.    Plaintiff Reed also seeks an order enjoining Nintendo's unfair, unlawful, and/or deceptive practices, attorneys' fees (pursuant to IDAHO CODE § 48-608(5)), and any other just and proper relief available under the IDCPA.

364.    Plaintiff Reed also seeks punitive damages against Nintendo because Nintendo's conduct evidences an extreme deviation from reasonable standards and its conduct. Nintendo repeatedly, flagrantly, maliciously, and fraudulently omitted the truth about the performance of the Switches and Joy-Cons, as well as the Drift Defect, and it concealed material facts that only they knew.  Nintendo's unlawful conduct constitutes malice, oppression, and fraud, warranting punitive damages pursuant to IDAHO CODE § 48-608(1).

365.    Furthermore, in addition to the remedies available under IDAHO CODE § 48-608(1), each elderly and disabled person comprising the Idaho Subclass who was victimized by Nintendo's conduct alleged herein is entitled to an enhanced penalty of the greater of $15,000 or trebled damages. IDAHO CODE § 48-608(2).

### COUNT XV
### VIOLATION OF THE OKLAHOMA
### CONSUMER PROTECTION ACT
#### OKLA. STAT. tit. 15, §§ 751, *et seq.* ("OCPA")
#### (On Behalf of Plaintiff Hoelscher and the Oklahoma Subclass)

366.    Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

367.    This claim is brought by Plaintiff Hoelscher on behalf of the Oklahoma Subclass.

FIRST AMENDED CLASS ACTION COMPLAINT - 76

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

368.     Plaintiff Hoelscher and members of the Oklahoma class are persons within the meaning of the OCPA.

369.     Nintendo is a "person" within the meaning of the OCPA for all purposes therein and the Switches and Joy-Cons are "goods" under the OCPA.

370.     Plaintiff Hoelscher and Class members are "persons" entitled to bring a claim pursuant to the OCPA.

371.     The advertising, offering for sale, and sale of Switches and Joy-Cons constitutes trade or commerce under the OCPA.

372.     In advertising and selling Switches and Joy-Cons containing the Drift Defect, Nintendo violated and continues to violate the OCPA by engaging in the following unconscionable, false, misleading or deceptive act(s) or practice(s), which were false or had the capacity to deceive:

        a.     Making a false representation or omissions, knowingly or with reason to know, as to the characteristics, ingredients, uses, benefits, alterations, or quantities of the subject of a consumer transaction;

        b.     Representing, knowingly or with reason to know, that the subject of a consumer transaction is of a particular standard, style or model, if it is of another, or omitting information about the same; and

        c.     Advertising, knowingly or with reason to know, the subject of a consumer transaction with intent not to sell it as advertised.

373.     Nintendo has violated the OCPA by committing unfair or deceptive trade practices as defined in OKLA. STAT. tit. 15, § 752 and enumerated under OKLA. STAT. tit. 15, § 753.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

374. By engaging in the foregoing conduct, Nintendo took advantage of Plaintiff Hoelscher and class members' lack of knowledge to an unfair degree.

375. Plaintiff Hoelscher and class members sustained actual damages because they purchased defective Switches and Joy-Cons and received less than what they were entitled to receive from the purchase of Switches and Joy-Cons, as well as incurring costs to attempt to remedy the Drift Defect.

376. Had Nintendo not engaged in the false, misleading or deceptive conduct described herein, Plaintiff Hoelscher and Class members would not have purchased their Switches and Joy-Cons (or would have paid significantly less for them), and would not have incurred out of pocket costs to attempt to remedy the Drift Defect.

377. By reason of the unlawful acts engaged in by Nintendo, and as a direct and proximate result thereof, Plaintiff Hoelscher and Class members have suffered ascertainable loss and damages.

378. Nintendo's sale of defective Switches and Joy-Cons, coupled with Nintendo's unconscionable and deceptive acts and practices in connection therewith—namely, omitting material information regarding the Drift Defect—was and is reckless, shows spite or ill will, or demonstrates a reckless indifference to the interests of consumers.

379. Plaintiff Hoelscher demands judgment against Nintendo for actual damages plus costs and attorney's fees incurred in bringing this action as provided for in OKLA. STAT. tit. 15, § 761.1A.

380. In addition, Plaintiff Hoelscher prays for an award of a civil penalty against Nintendo in the amount of $2,000.00 per violation, pursuant to OKLA. STAT. tit. 15, § 761.1B due to Nintendo's knowing and willful unconscionable conduct.

FIRST AMENDED CLASS ACTION COMPLAINT - 78

## COUNT XVI
## VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT
### MICH. COMP. LAWS § 445.901, *et seq.* ("MCPA")
### (On Behalf of Plaintiff Ainsworth and the Michigan Subclass)

381.    Plaintiffs incorporate the above allegations by reference.

382.    Plaintiff Ainsworth brings this claim on behalf of himself and the Michigan Subclass.

383.    Plaintiff Ainsworth, Michigan Subclass members, and Nintendo are "persons" within the meaning of the MCPA.

384.    Nintendo engaged in trade practices prohibited by the MCPA, including:

a.      § 445.903(c): representing that goods or services have characteristics that they do not have;

b.      § 445.903(e): representing that goods or services are of a particular standard if they are of another;

c.      § 445.903(s): failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer;

d.      § 445.903(bb): making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is; and

e.      § 445.903(cc): failing to reveal facts which are material to the transaction in light of representations of fact made in a positive manner.

385.    By selling the defective Switches and Joy-Cons with exclusive knowledge of the Drift Defect, and by the quality of the Switches and Joy-Cons while failing to disclose and

FIRST AMENDED CLASS ACTION COMPLAINT - 79

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  actively concealing the Joy-Cons' defective nature, Nintendo engaged in deceptive practices

2  that violate Michigan law.

3       386.    Nintendo engaged in these deceptive practices with the intent that consumers like

4  Plaintiff Ainsworth would rely on Nintendo's representations and omissions when deciding

5  whether to purchase their Switches and Joy-Cons.

6       387.    Plaintiff Ainsworth and Michigan Subclass members suffered ascertainable loss

7  as a direct and proximate result of Nintendo's deceptive acts or practices. Had Plaintiff

8  Ainsworth and Michigan Subclass members known that the Switches and Joy-Cons contain a

9  latent defect, they would not have purchased them or would have paid significantly less for

10  them. Among other injuries, Plaintiff Ainsworth and Michigan Subclass members overpaid for

11  their Switches and Joy-Cons, and their Switches and Joy-Cons suffered a diminution in value.

12       388.    Accordingly, Plaintiff Ainsworth and Michigan Subclass members seek actual

13  damages, punitive damages, reasonable attorneys' fees and costs, and all other relief permitted

14  under the MCPA.

15

16                          **COUNT XVII**
         **VIOLATIONS OF THE OREGON UNLAWFUL TRADE PRACTICES ACT**
                  **OR. REV. STAT. §§ 646.607, *et seq.* ("OUTPA")**
17           **(On Behalf of Plaintiff Coffey-Wolfgang and the Oregon Subclass)**

18       389.    Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

19       390.    This claim is brought by the Plaintiff Coffey-Wolfgang on behalf of the Oregon

20  Subclass.

21       391.    Nintendo is engaged in a "trade" and "commerce" within the meaning of OR.

22  REV. STAT. § 646.605(8).

23

FIRST AMENDED CLASS ACTION COMPLAINT - 80

392.    Nintendo is a "person" within the meaning of OR. REV. STAT. §§ 646.605(4), 646.607, and 646.608.

393.    Plaintiff's and each and every class members' purchase of Switches and Joy-Cons constitute a "sale" within the meaning of OR. REV. STAT. § 646.607.

394.    Nintendo has advertised within the meaning of OR. REV. STAT. § 646.608.

395.    The acts and practices of Nintendo as described herein were intended to result in the sale of Switches and Joy-Cons to Plaintiff and class members.

396.    Nintendo has engaged in unconscionable tactics, false advertising, deceptive practices, unlawful methods of competition, and/or unfair acts as defined in the OUTPA, including the omission of the Drift Defect, to the detriment of Plaintiff and class members. Nintendo's unconscionable tactics and deceptive practices have been intentionally, knowingly, and unlawfully perpetrated upon Plaintiff and class members.

397.    Specifically under Section 646.608, Nintendo has violated the following provisions of the OUTPA:

- (1)(e): Represents that real estate, goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that the real estate, goods or services do not have or that a person has a sponsorship, approval, status, qualification, affiliation, or connection that the person does not have;

- (1)(g): Represents that real estate, goods or services are of a particular standard, quality, or grade, or that real estate or goods are of a particular style or model, if the real estate, goods or services are of another;

FIRST AMENDED CLASS ACTION COMPLAINT - 81

- (1)(i): Advertises real estate, goods or services with intent not to provide the real estate, goods or services as advertised; and

- (1)(u): Engages in any other unfair or deceptive conduct in trade or commerce. OR. REV. STAT. § 646.608(1).

398.    Nintendo's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and members of the Oregon Subclass, about the quality, performance, and true value of the defective Switches and Joy-Cons.

399.    Nintendo intentionally and knowingly misrepresented, concealed, or omitted material facts regarding the Drift Defect.

400.    Nintendo owed Plaintiff Coffey-Wolfgang and the Oregon Subclass a duty to disclose the Drift Defect because it possessed exclusive knowledge of it; intentionally concealed the defect; and/or made incomplete, false or misleading representations about the Switches and Joy-Cons while purposefully withholding material facts from Plaintiff and the Oregon Subclass that contradicted these representations.

401.    Nintendo's deceptive and unfair actions alleged herein were reckless and undertaken by Nintendo knowingly.

402.    As a result of Nintendo' actions, Plaintiff Coffey-Wolfgang and class members have incurred economic damages including, but not limited to, costs for repairs and other out-of-pocket losses, loss use, future repairs, and diminished value of their Switches and Joy-Cons

403.    Had Plaintiff known about the Drift Defect, Plaintiff Coffey-Wolfgang would not have paid as much for the Switch and Joy-Cons, or would not have purchased them at all.

FIRST AMENDED CLASS ACTION COMPLAINT - 82

404.    Plaintiff further seeks recovery of attorneys' fees, costs of litigation, punitive damages, and other equitable relief as determined by the court pursuant to OR. REV. STAT. § 646.638.

**COUNT XVIII**
**VIOLATION OF N.Y. GEN. BUS. LAW § 349**
**(On Behalf of Plaintiff Lizardo and the New York Subclass)**

290.    Plaintiffs re-allege and incorporate by reference all paragraphs as though fully set forth herein.

291.    Plaintiff Lizardo brings this Count on behalf of himself and on behalf of the New York class members.

292.    Plaintiff Lizardo and class members are "persons" within the meaning of the New York General Business Law ("GBL"). N.Y. GEN. BUS. LAW § 349(h).

293.    Nintendo is a "person, firm, corporation or association or agent or employee thereof" within the meaning of the GBL. N.Y. GEN. BUS. LAW § 349(b).

294.    Under GBL Section 349, "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are . . . declared unlawful." N.Y. GEN. BUS. LAW § 349(a).

295.    In the course of business, trade, or commerce, Nintendo willfully failed to disclose and actively concealed the Drift Defect, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Nintendo also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of defective Switches and Joy-Cons.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

296.    Nintendo knew, through pre-release testing and immediate negative consumer responses following the release of the Switches and Joy-Cons, that the Joy-Cons were plagued with the Drift Defect, and that the Switches and Joy-Cons did not perform as advertised or expected. Nintendo knew this before it released the Switches and Joy-Cons or prior to offering them for sale to consumers, but concealed all of that information.

297.    By failing to disclose the Drift Defect and advertising the Switches and Joy-Cons as high quality, and by presenting itself as a reputable video game hardware manufacturer, Nintendo engaged in deceptive business practices in violation of GBL Section 349.

298.    Nintendo's deceptive acts and conduct was directed at Plaintiff Lizardo and other consumers. Nintendo's deceptive acts and practices were consumer-oriented because they had a broad impact on consumers at large, affecting all purchasers of Switches and Joy-Cons.

299.    Nintendo's deceptive acts or practices were materially misleading.  Nintendo's conduct was likely to and did in fact deceive reasonable consumers, including Plaintiff Lizardo and the other class members, about the true performance of the Switches and Joy-Cons, the quality of the Nintendo brand, the true value of the Switches and Joy-Cons.

300.    The existence of the defect was material to Plaintiff Lizardo and class members.

301.    Nintendo intentionally and knowingly concealed material facts regarding the Switches and Joy-Cons with an intent to mislead Plaintiff Lizardo and the New York class members.

302.    Nintendo possessed exclusive knowledge that it was manufacturing, selling, and distributing Switches and Joy-Cons that are plagued with the Drift Defect and that do not

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  perform as advertised, and it intentionally concealed the foregoing material facts from Plaintiff

2  Lizardo and members of the class, who did not have access to this information.

3      303.   Accordingly, Plaintiff Lizardo and New York Class members were unaware, and

4  did not have reasonable means of discovering, the material facts that Nintendo failed to

5  disclose.

6      304.   Due to the defect, the value of the Switches and Joy-Cons has greatly

7  diminished. Aside from the fact that the Switches and Joy-Cons do not function properly and

8  cannot be used for their core purpose (i.e., gaming), in light of the stigma attached to the

9  Switches and Joy-Cons, they are now worth significantly less than they otherwise would be.

10     305.   Plaintiff Lizardo and similarly situated consumers in New York suffered

11  ascertainable loss caused by Nintendo's concealment of and failure to disclose material

12  information. Plaintiff Lizardo and class members who purchased the Switches and Joy-Cons

13  either would have paid less for them or would not have purchased them at all. Due to

14  Nintendo's deceptive or unfair conduct, Plaintiff Lizardo and the New York class members

15  overpaid for their Switches and Joy-Cons and did not receive the benefit of their bargain.

16     306.   As a direct and proximate result of Nintendo's violations of the GBL Section

17  349, Plaintiff and the class members in New York have suffered injury-in-fact, entitling them to

18  recovery of damages and an order enjoining Nintendo's wrongful conduct.

19     307.   Nintendo's acts and practices were willful and knowing, and Plaintiff Lizardo

20  and New York class members are entitled to injunctive relief, recovery of the greater of actual

21  damages or fifty dollars per violation, treble damages up to one thousand dollars, and

22  reasonable costs and attorneys' fees. *See* N.Y. GEN. BUS. LAW § 349(h).

23

FIRST AMENDED CLASS ACTION COMPLAINT - 85

## COUNT XIX
### VIOLATION OF THE ALABAMA DECEPTIVE
### TRADE PRACTICES ACT (ALA. CODE § 8-19-1 *et seq*.) ("ADTPA")
### (On Behalf of Plaintiff Collins and the Alabama Subclass)

308.    Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

309.    This claim is brought by the Plaintiff Collins on behalf of the Alabama Subclass.

310.    Nintendo's misrepresentations as to the quality of Switches and Joy-Cons and failure to disclose the Drift Defect violated the ADTPA in that Nintendo: represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have; represented that its products were of a particular standard, quality, and/or grade when they were of another; advertised goods with the intent not to sell them as advertised; and engaging in unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce.

311.    Nintendo's misrepresentations and omissions were material to Plaintiff and class members such that a reasonable person would consider them important in deciding whether to purchase Switches and/or Joy-Cons, and had Plaintiff and class members known the truth, they would not have paid as much for them (had they bought them at all).

312.    As a direct and proximate result of Nintendo's violation of the ADTPA, Plaintiff and class members suffered economic damages including, but not limited to, payment for additional Joy-Cons, payment for repair of Joy-Cons, loss of use, and devaluation of Switches and Joy-Cons due to the Drift Defect.

FIRST AMENDED CLASS ACTION COMPLAINT - 86

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

313. Pursuant to ALA. CODE § 8-19-10, Plaintiff and class members are entitled to up to three times actual damages at the court's discretion, injunctive relief, and costs of action and attorneys' fees.

**COUNT XX**
**Violations of the Ohio Consumer Sales Practices Act**
**OHIO REV. CODE ANN. §§ 1345.01, *et seq*. ("OCSPA")**
**(On Behalf of Plaintiff Wilson and the Ohio Subclass)**

314. Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing factual allegations as though fully set forth herein.

315. Plaintiff Wilson brings this claim on behalf of himself and the Ohio Subclass.

316. The OCSPA is broadly drafted, applying to the sale of consumer goods "to an individual for purposes that are primarily personal, family, or household [uses]." OHIO REV. CODE ANN. § 1345.01(A). Accordingly, the conduct at issue in this case clearly falls within the scope of the OCPSA.

317. The OCSPA prohibits unfair, deceptive, and unconscionable practices in consumer sales transactions, including the sale of goods. *Id.* § 1345.02(A).

318. The OCSPA further provides that "a consumer" has a private cause of action for violations of the statute, and expressly allows for class actions. *Id*. § 1345.09.

319. Nintendo's conduct, as alleged herein, has been unfair, deceptive, and unconscionable for purposes of the OCSPA.

320. Nintendo acted in the face of prior notice that their conduct was deceptive, unfair, or unconscionable. Material omissions and misrepresentations concerning goods constitute a violation of the statute. It is also a deceptive act or practice for purposes of the OCSPA if a supplier makes representations, claims, or assertions of fact in the absence of a

FIRST AMENDED CLASS ACTION COMPLAINT - 87

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  reasonable basis in fact. *See* OHIO ADMIN. CODE § 109:4-3-10(A); *see also Nessle v. Whirlpool*

2  *Corp.*, No. 07-3009, 2008 U.S. Dist. LEXIS 56940, at *9 (N.D. Ohio July 25, 2008).

3      321.    As a direct and proximate result of Nintendo's violations of the OCSPA,

4  Plaintiff Wilson and the Ohio Subclass have been injured.

5      322.    Plaintiff Wilson and the Ohio Subclass have suffered injuries in fact and actual

6  damages, including financial losses from the devaluation of their Switches and Joy-Cons,

7  resulting from Nintendo's conduct and practices in violation of the OCSPA. These injuries are

8  of the type that the OCSPA was designed to prevent and are the direct and proximate result of

9  Nintendo's unlawful conduct.

10                              **COUNT XXI**
11            **VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT**
              **NEB. REV. STAT. §§ 59-1601, *et seq*. ("NCPA")**
12            **(On Behalf of Plaintiff Yochheim and the Nebraska Subclass)**

13      329.    Plaintiffs repeat and re-allege each of the allegations above and below as if fully

14  set forth herein.

15      330.    This claim is pleaded on behalf of Plaintiff Yochheim and the Nebraska

16  Subclass.

17      331.    Nintendo's conduct alleged herein constitutes an unfair method of competition

18  and an unfair and deceptive act in violation of the NCPA.

19      332.    The NCPA prohibits "[u]nfair methods of competition and unfair or deceptive

20  acts or practices in the conduct of any trade or commerce." NEB. REV. STAT. § 59-1602.

21  Nintendo's misrepresentations and/or omissions regarding the Switch, Switch Joy-Cons, and

22  the Drift Defect entailed deception and misrepresentation.  As such, Nintendo's practices

23  violate the NCPA.

FIRST AMENDED CLASS ACTION COMPLAINT - 88

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

333.    As a direct, proximate, and foreseeable result of Nintendo's wrongful conduct and violations of law alleged above, Nintendo's business acts or practices have caused injury to Plaintiff Yochheim and the Nebraska Subclass members.  Plaintiff Yochheim and the class would not have purchased (or would have paid less for) their Switch and Joy-Cons had they known of the Drift Defect, which was material to their purchasing decision.

334.    Plaintiff Yochheim and those similarly situated are entitled to relief, including full restitution of all monetary sums unlawfully obtained by Nintendo.

335.    Plaintiff Yochheim demands damages suffered as a result of Nintendo's conduct alleged herein, together with treble damages, punitive damages, interest, costs, attorney's fees and such other relief as the Court deems appropriate.

**COUNT XXII**
**VIOLATION OF THE NEBRASKA UNIFORM**
**DECEPTIVE TRADE PRACTICES ACT**
**NEB. REV. STAT. §§ 87-301, *et seq*. ("NUDTPA")**
**(On Behalf of Plaintiff Yochheim and the Nebraska Subclass)**

336.    Plaintiffs repeat and re-allege each of the allegations above and below as if fully set forth herein.

337.    This claim is pleaded on behalf of Plaintiff Yochheim and the Nebraska Subclass.

338.    Nintendo's conduct alleged herein is a deceptive practice in violation of the NUDTPA.

339.    The NUDTPA prohibits, *inter alia*:

    a.    representing that that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have

FIRST AMENDED CLASS ACTION COMPLAINT - 89

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1      or that a person has a sponsorship, approval, status, affiliation, or connection

2          that he or she does not have; and

3   b.   advertising goods or services with intent not to sell them as advertised or

4          advertising the price in any manner calculated or tending to mislead or in

5          any way deceive a person.

6      340.   Nintendo's Switches and Joy-Cons are sold through deception and

7   misrepresentation as set forth herein and in violation of the NUDTPA.

8      341.   As a direct, proximate, and foreseeable result of Nintendo's wrongful conduct

9   and violations of law alleged above, Nintendo's business acts or practices have caused injury to

10  Plaintiff Yochheim and the Nebraska Subclass members.  Plaintiff Yochheim and the class

11  would not have purchased (or would have paid less for) their Switch and Joy-Cons had they

12  known of the Drift Defect, which was material to their purchasing decision.

13     342.   Plaintiff Yochheim and those similarly situated are entitled to relief, including

14  full restitution of all monetary sums unlawfully obtained by Nintendo through its violations of

15  the NUDTPA.

16     343.   Plaintiff Yochheim demands damages suffered as a result of Nintendo's conduct

17  alleged herein, together with treble damages, punitive damages, interest, costs, attorney's fees

18  and such other relief as the Court deems appropriate.

19     344.   Plaintiff Yochheim also seeks an order enjoining the practices complained of

20  herein.

21

22

23

FIRST AMENDED CLASS ACTION COMPLAINT - 90

## COUNT XXIII
## UNJUST ENRICHMENT (PLEADING IN THE ALTERNATIVE)

323.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

324.    This claim is pleaded in the alternative to the other warranty-based claims set forth herein.

325.    As the intended and expected result of its conscious wrongdoing, Nintendo has profited and benefited from the purchase of Switches or Joy-Con controllers with the defect.

326.    Nintendo has voluntarily accepted and retained these profits and benefits, with full knowledge and awareness that, as a result of Nintendo's misconduct alleged herein, Plaintiffs and the Class were not receiving devices of the quality, nature, fitness, or value that had been represented by Nintendo, and that a reasonable consumer would expect. Specifically, Plaintiffs and the Class members expected that when they purchased their devices, they would not be equipped with a defective joystick that would interfere with gameplay.

327.    Nintendo has been unjustly enriched by its fraudulent, deceptive, unlawful, and unfair conduct, and its withholding of benefits and unearned monies from Plaintiffs and the Class, at the expense of these parties.

328.    Equity and good conscience militate against permitting Nintendo to retain these profits and benefits.

FIRST AMENDED CLASS ACTION COMPLAINT - 91

1

2

3

**COUNT XXIV**
**DECLARATORY RELIEF**
**(PLEADING IN THE ALTERNATIVE TO THE CONTRACT BASED CLAIMS)**
**(On behalf of the Nationwide class or alternatively each of the state subclasses)**

4      345.   Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

5      346.   This claim is pled in the alternative to the other warranty based claims set forth

6   herein on behalf of the Nationwide Class.

7      347.   Nintendo manufactured, produced, tested, inspected, marketed, distributed, and

8   sold the Switch and Joy-Con controllers, which contain the defect as described herein.

9      348.   There exists an actual controversy, over which this Court has jurisdiction,

10   between Plaintiffs and Nintendo concerning their respective rights, duties and obligations for

11   which Plaintiffs desire a declaration of rights under Nintendo's warranty. Pursuant to 28 U.S.C.

12   § 2201, or in the alternative, the state declaratory judgment laws of the states in which

13   Plaintiffs or Class members reside, this Court may declare the rights and legal relations of any

14   interested party seeking such declaration, whether or not further relief is or could be sought.

15      349.   Nintendo warrants and advertises the reliability and workmanship of the Switch

16   and the Joy-Cons. Plaintiffs contend that Nintendo breached its warranties to Plaintiffs and the

17   Class members when they received their Switches and Joy-Cons at the time of the purchase

18   that were worth less than what was promised by Nintendo's warranties.

19      350.   Nintendo's warranties explicitly warrant materials and workmanship and do not

20   disclaim or exclude the defect or the type of damage suffered as a result of the defect in the

21   Joy-Cons.

22      351.   Plaintiffs seek a declaration of the parties' respective rights, duties and

23   obligations under Nintendo's warranty and other promises made by Nintendo related to the

FIRST AMENDED CLASS ACTION COMPLAINT - 92

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

quality and workmanship of the Switches and Joy-Cons, and specifically that Plaintiffs and the Class members are entitled to recover their out-of-pocket expenses related to repairs and/or replacement of their defective and unworkmanlike Switches and Joy-Cons under Nintendo's warranty.

352.    Specifically, Plaintiffs seek a declaratory judgment that Nintendo's warranty provides coverage for, and is to be read to include coverage for, repair or replacement of Joy-Cons that experience the defect.  Plaintiffs also seek a declaratory judgment that nothing in Nintendo's warranty disclaims or excludes warranty coverage for the defect described herein.

353.    A judicial declaration is necessary in order that Plaintiffs and the Class members may ascertain their rights and duties under Nintendo's warranty. At this time, Plaintiffs and the Class members have Switches and Joy-Cons that were defective upon purchase, and/or continue to remain defective.

354.    Plaintiffs and Class members suffered damages at the time of their purchase and have paid or will have to pay future repair and/or replacement costs as a direct result of the Defect in the Switch Joy-Cons.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, hereby request that this Court enter an Order against Nintendo providing the following:

A.     Certification of the proposed Class and/or Subclass, appointment of Plaintiffs and their counsel to represent the proposed Class, and notice to the proposed Class to be paid for by Nintendo;

B.     An order temporarily and permanently enjoining Nintendo from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

FIRST AMENDED CLASS ACTION COMPLAINT - 93

1    C.    Injunctive relief in the form of a recall or free replacement program and notice

2  of same to all class members;

3    D.    Equitable relief in the form of buyback of the devices;

4    E.    Costs, restitution, damages, including punitive damages, treble damages,

5  penalties, and disgorgement in an amount to be determined at trial;

6    F.    An Order requiring Nintendo to pay both pre- and post-judgment interest on any

7  amounts awarded;

8    G.    An award of costs and attorneys' fees; and

9    H.    Such other or further relief as may be appropriate.

10                          **JURY DEMAND**

11    Plaintiffs hereby demand a trial by jury for all claims so triable.

12    DATED this 27th day of September, 2019.

13                    TOUSLEY BRAIN STEPHENS PLLC

14                    By: _s/ Kim D. Stephens_
                          Kim D. Stephens, WSBA #11984
15
                      By: _s/ Jason T. Dennett_
16                        Jason T. Dennett, WSBA #30686

17                    By: _s/Kaleigh N.B. Powell_
                          Kaleigh N.B. Powell, WSBA #52684
18

19                        1700 Seventh Avenue, Suite 2200
                          Seattle, Washington  98101
20                        Telephone:  206.682.5600/Fax: 206.682.2992
                          Email:      kstephens@tousley.com
21                                    jdennett@tousley.com
                                      kpowell@tousley.com
22

23

FIRST AMENDED CLASS ACTION COMPLAINT - 94

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Benjamin F. Johns (*pro hac vice*)
Andrew W. Ferich (*pro hac vice*)
Alex M. Kashurba (*pro hac vice*)
**CHIMICLES SCHWARTZ KRINER**
**& DONALDSON-SMITH LLP**
361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Email:    bfj@chimicles.com
            awf@chimicles.com
            amk@chimicles.com


*Interim Co-Lead Counsel for Plaintiffs and the*
*Putative Class*

FIRST AMENDED CLASS ACTION COMPLAINT - 95

1

**CERTIFICATE OF SERVICE**

2

      I hereby certify that on September 27, 2019, I electronically filed the foregoing with the

3

Clerk of the Court using the CM/ECF system which will send notification of such filing to all

4

parties registered on the CM/ECF system.  All other parties (if any) shall be served in

5

accordance with the Federal Rules of Civil Procedure.

      DATED at Seattle, Washington, this 27th day of September, 2019.

6

7

8

*s/ Kim D. Stephens*

9

Kim D. Stephens

10

11

12

13

14

15

16

17

18

19

20

21

22

23

FIRST AMENDED CLASS ACTION COMPLAINT - 96