THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN DIAZ, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NINTENDO OF AMERICA INC.,<br><br>　　　　　Defendant. | No. 2:19-cv-01116-TSZ<br><br>MOTION TO EXTEND INITIAL SCHEDULING DEADLINES<br><br>NOTE ON MOTION CALENDAR:<br>November 22, 2019 |

MOTION TO EXTEND INITIAL
SCHEDULING DEADLINES
(No. 2:19-cv-01116-TSZ)
146302631

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND .................................................................................................. 1

III. ARGUMENT ........................................................................................................ 2

IV. CONCLUSION ..................................................................................................... 4

MOTION TO EXTEND INITIAL
SCHEDULING DEADLINES
(No. 2:19-cv-01116-TSZ) – i
146302631

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I.   INTRODUCTION

Defendant Nintendo of America Inc. ("Nintendo") respectfully requests that the Court extend the deadline for the parties' Rule 26(f) conference until 14 days after the Court rules on Nintendo's pending Motion to Compel Arbitration. As outlined in Nintendo's motion, Plaintiffs' putative class-action claims must be arbitrated on an individual basis. Extending the early discovery and case-management deadlines will conserve judicial and party resources and ensure that the benefits of arbitration are preserved.

## II.   BACKGROUND

Plaintiff Ryan Diaz filed this putative class action on July 19, 2019, despite his agreement to arbitrate on an individual basis any claims against Nintendo. *See* Compl., ECF No. 1 (July 19, 2019). A few weeks later, Mr. Diaz sent Nintendo "early" discovery requests for production of documents, which requests are deemed served as of the date of the parties' first Rule 26(f) conference. *See* Declaration of Eric J. Weiss in Support of Motion to Extend Initial Scheduling Deadlines ("Weiss Decl.") ¶ 2; Fed. R. Civ. P. 26(d)(2). The wide-ranging requests seek documents related to the merits of Plaintiffs' claims that should be addressed in arbitration. *See* Weiss Decl. ¶ 2.

Soon after Mr. Diaz sent the discovery requests, the parties agreed that the Court's deadlines for their Rule 26(f) conference, initial disclosures, and joint status report should be extended in light of Nintendo's then-anticipated Motion to Compel Arbitration. Weiss Decl. ¶ 3. On September 10, 2019, the Court granted via telephone the parties' agreed extension and set the first deadline—for the Rule 26(f) conference—for November 25. *See* ECF Entry (Sept. 10, 2019) (extending the Rule 26(f)-conference deadline to November 25 and the deadlines for the initial disclosures and the joint status report to December 9).

Approximately two weeks later, 17 additional plaintiffs joined Mr. Diaz in this action via an Amended Complaint, likewise ignoring their agreements to mandatory individual arbitration. *See* Am. Compl., ECF No. 21 (Sept. 27, 2019).

MOTION TO EXTEND INITIAL
SCHEDULING DEADLINES
(No. 2:19-cv-01116-TSZ) – 1
146302631

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Nintendo recently moved to compel Plaintiffs to arbitrate individually their claims as they agreed to do when they accepted Nintendo's End-User License Agreement and when they did not later opt out of its arbitration provision. *See* Mot. to Compel, ECF No. 24 (Nov. 1, 2019).

On November 8, Plaintiffs contacted Nintendo to schedule a Rule 26(f) conference. Weiss Decl. ¶ 4. Because Nintendo does not intend to engage in any litigation activity that could undermine its right to arbitrate Plaintiffs' claims, and because discovery is, in any event, premature while a decision on arbitration has yet to be made, Nintendo sought Plaintiffs' stipulation to a further extension until the Court rules on the pending motion. *Id.* ¶ 5. Plaintiffs declined to so stipulate. *Id.*

### III.   ARGUMENT

Courts in the Ninth Circuit routinely stay discovery—including by extending initial scheduling deadlines—until after pending motions to compel arbitration are decided. *See, e.g.*, *Stiener v. Apple Comput., Inc.*, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) (holding that motion to stay the court's "initial scheduling order" was "well-taken" because if the "pending motion to compel arbitration is granted, litigation will proceed in an arbitral forum, not in this Court"); *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1–2 (N.D. Cal. Feb. 14, 2017) (granting stay of discovery pending motion to compel arbitration and noting that "[c]ourts routinely grant stays under similar circumstances"); *Hill v. Asset Acceptance, LLC*, 2014 WL 1289578, at *2 (S.D. Cal. Mar. 27, 2014) (concluding that discovery was "premature" while motion to compel arbitration was pending, staying all discovery, and vacating all future pretrial deadlines); *Hunichen v. Atonomi LLC*, No. 2:19-cv-00615-RAJ-MAT, ECF No. 27 at 1–2 (W.D. Wash. July 8, 2019) (granting motion to stay initial scheduling deadlines pending motion to compel arbitration); *Wilson v. Huuuge, Inc.*, No. 3:18-cv-05276-RBL, ECF No. 30 at 1 (W.D. Wash. June 25, 2018) (same); *Knudtson v. AT&T, Inc.*, No. 2:09-cv-00837-RSM, ECF No. 42 at 1 (W.D. Wash. Nov. 9, 2011) (same).

MOTION TO EXTEND INITIAL
SCHEDULING DEADLINES
(No. 2:19-cv-01116-TSZ) – 2
146302631

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

These courts recognize that pausing discovery and case-management activities ensures that the party seeking to compel arbitration receives the benefits of arbitration if the court grants the motion and conserves resources where a case may ultimately be arbitrated. *See Stiener*, 2007 WL 4219388, at *1–2 ("In the interests of conserving the resources of the parties, a short stay of the initial scheduling obligations and discovery pending the determination of the motion to compel arbitration is therefore prudent.").

A further extension of the initial scheduling deadlines here would further those interests. The purpose of the initial scheduling tasks—the Rule 26(f) conference, the initial disclosures, and the joint status report—is to identify the scope and begin the process of discovery. There is no need for the parties to expend resources on such matters now because they will be moot if the Court grants Nintendo's motion.

And if the parties hold the Rule 26(f) conference before a ruling on Nintendo's motion, Nintendo will have to expend even more potentially unnecessary time and expense because Mr. Diaz sent early requests for production that would be considered served when the Rule 26(f) conference occurs and then require Nintendo's response within 30 days. *See* Weiss Decl. ¶ 2; Fed. R. Civ. P. 26(d)(2)(B) (stating that "Early Rule 34 Requests" are "considered to have been served at the first Rule 26(f) conference"). Forcing Nintendo to undertake significant discovery and case-management activities while Nintendo seeks to compel Plaintiffs to arbitrate in accordance with their agreements would rob Nintendo of the benefits of arbitration and incentivize other plaintiffs to ignore similar agreements. *See Mahamedi*, 2017 WL 2727874, at *2 (finding that "a stay of discovery promotes" a "just, speedy, and inexpensive resolution" while a motion to compel arbitration is pending).

On top of that, Nintendo should not be required to engage in litigation activities that could undermine its very right to arbitrate. As the Ninth Circuit has repeatedly held, engaging in discovery can lead to a waiver of the right to arbitrate. *See Martin v. Yasuda*, 829 F.3d 1118, 1125–26 (9th Cir. 2016) (collecting cases). Further, there is no prejudice to Plaintiffs from a

MOTION TO EXTEND INITIAL
SCHEDULING DEADLINES
(No. 2:19-cv-01116-TSZ) – 3
146302631

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

short extension of the initial scheduling deadlines to a reasonable time after the Court's decision. *See Mahamedi*, 2017 WL 2727874, at *2 (holding that the plaintiff would "suffer no prejudice from a temporary stay" in discovery while the court considered the motion to compel arbitration).

For these reasons, Nintendo asks the Court to extend (or stay) the initial scheduling deadlines in this matter. If the Court grants Nintendo's Motion to Compel Arbitration, these deadlines become moot. If the Court denies Nintendo's Motion to Compel Arbitration, Nintendo requests that the Court set the deadline for the parties' Rule 26(f) conference to 14 days after the Court's order on the pending Motion to Compel Arbitration (and setting the deadline for the parties' initial disclosures and Rule 26(f) report to 14 days after the Rule 26(f) conference). This is the same timeline that the Northern District of Alabama has established in a companion case filed in that jurisdiction. *See Carusone v. Nintendo of America Inc.*, No. 5:19-cv-01183-LCB, ECF No. 16 (N.D. Ala. Oct. 15, 2019).

### IV.   CONCLUSION

In the interest of conserving both the Court's and the parties' resources and ensuring that the benefits of arbitration are preserved, Nintendo requests that the Court further extend the initial scheduling deadlines (should the deadlines even be necessary at all) until after the Court rules on Nintendo's Motion to Compel Arbitration. Specifically, Nintendo requests that the Court set the deadline for the parties' Rule 26(f) conference to 14 days after the Court's order on the pending motion to compel and the deadline for the parties' initial disclosures and Rule 26(f) report to 14 days after the Rule 26(f) conference.

MOTION TO EXTEND INITIAL
SCHEDULING DEADLINES
(No. 2:19-cv-01116-TSZ) – 4
146302631

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: November 14, 2019 | By: s/ Eric J. Weiss |
| 3 | | David J. Burman, WSBA No. 10611 |
| 4 | | Eric J. Weiss, WSBA No. 44807 |
| | | Mallory Gitt Webster, WSBA No. 50025 |
| 5 | | **Perkins Coie LLP** |
| | | 1201 Third Avenue, Suite 4900 |
| 6 | | Seattle, WA 98101-3099 |
| 7 | | Telephone: 206.359.8000 |
| | | Fax: 206.359.9000 |
| 8 | | Email: DBurman@perkinscoie.com |
| | | Email: EWeiss@perkinscoie.com |
| 9 | | Email: MWebster@perkinscoie.com |
| 10 | | *Attorneys for Nintendo of America Inc.* |

MOTION TO EXTEND INITIAL
SCHEDULING DEADLINES
(No. 2:19-cv-01116-TSZ) – 5
146302631

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on November 14, 2019, I caused to be electronically filed the foregoing Motion to Extend Initial Scheduling Deadlines with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: November 14, 2019

s/ Mallory Gitt Webster
Mallory Gitt Webster, WSBA No. 50025

CERTIFICATE OF SERVICE – 1

146302631

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000