HON. THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN DIAZ, JARED THOMPSON, ARIEL ENRIQUEZ, PAUL BARR, JOHN RIOS, DAVID GUY, LISANDRO LIZARDO, CHRIS LUEBCKE, ROBERT FOUCHA, NICHOLAS YOCHHEIM, ALEC COLLINS, ZACKERY REED, GRANT HOELSCHER, MICHAEL OREN, NATHAN AIMSWORTH, JASON COFFEY-WOLFGANG, ERIC WILSON, LYDIA DELOACH,

Plaintiffs,

v.

NINTENDO OF AMERICA, INC.,

Defendant.

NO. 2:19-cv-01116-TSZ

**PLAINTIFFS' OPPOSITION TO NINTENDO'S MOTION TO EXTEND INITIAL SCHEDULING DEADLINES**

NOTE ON MOTION CALENDAR: November 22, 2019

## INTRODUCTION

The title of Defendant Nintendo's Motion is a misnomer: Defendant is not asking this Court simply to extend a deadline; it's asking the Court to grant it a stay of discovery pending the outcome of its Motion to Dismiss, ECF No. 24. The distinction is significant—while Nintendo would have the Court believe that a motion to dismiss to compel arbitration should result in an automatic extension of its pretrial deadlines (and a concomitant stay of its discovery

PLAINTIFFS' OPPOSITION TO NINTENDO'S MOTION TO EXTEND INITIAL SCHEDULING DEADLINES (2:19-cv-01116-TSZ) - 1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1   obligations), Nintendo instead has a heavy burden and must make a strong showing to justify a

2   stay. Indeed, notably absent from Nintendo's motion is any "Standard" section or discussion of

3   what standard the Court should apply to Nintendo's motion. And many of the cases Nintendo

4   cites for the proposition that "[c]ourts in the Ninth Circuit routinely stay discovery"—including

5   two of the three cases from this district—were based on *unopposed* motions to stay. *See, e.g.*,

6   ECF No. 26 at 2 (citing *Hunichen v. Atonomi LLC*, No. 2:19-cv-00615-RAJ-MAT (W.D.

7   Wash.) (motion to stay unopposed); *Stiener v. Apple Computer, Inc.*, No. C 07-4486, 2007 WL

8   4219388, at *1 (N.D. Cal. Nov. 29, 2007) ("No opposition has been filed."); *Knudtson v.*

9   *AT&T, Inc.*, No. 2:09-cv-00837-RSM (W.D. Wash.) (motion to stay unopposed)).

10   Furthermore, Plaintiffs are likely to succeed in opposing Nintendo's Motion to Compel

11   Arbitration and Dismiss.  For example, Plaintiffs have asserted claims for violations of California

12   consumer protection statutes, and they seek public injunctive relief as one of the remedies for

13   those violations. *See* First Am. Class Action Compl., ECF No. 21 at ¶¶ 8, 189.  Such claims are

14   not arbitrable (*see infra*, 5, 5 n.2).  Discussion of this was notably absent from Nintendo's Motion

15   to Compel Arbitration and this Motion to Extend. Accordingly, this litigation is likely to continue

16   in this forum and, thus, discovery should not be stalled.

17   Because Nintendo has failed to make a strong showing justifying a stay of discovery, its

18   Motion should be denied.

19   **BACKGROUND**

20   On July 19, 2019, Plaintiff Ryan Diaz filed this lawsuit against Nintendo on behalf of

21   himself and a proposed class of consumers who purchased the Nintendo Switch ("Switch") and

22   Nintendo Joy-Con controllers ("Joy-Cons"). Class Action Compl., ECF No. 1. Plaintiff

23   amended the complaint on September 27 to, among other things, add 17 additional named

PLAINTIFFS' OPPOSITION TO NINTENDO'S MOTION
TO EXTEND INITIAL SCHEDULING DEADLINES (2:19-
cv-01116-TSZ) - 2

Plaintiffs. *See* First Am. Class Action Compl., ECF No. 21. Plaintiffs allege that the Joy-Cons suffer from a common defect causing a phenomenon known as "drift." *See* First Am. Class Action Compl., ECF No. 21 at ¶ 149. When drifting occurs, characters or action on the game screen will move without input from the gamer or engagement of the Joy-Con. *Id.* ¶¶ 149–50. Plaintiffs allege that this defect (the "Drift Defect") causes the Switch to become difficult to operate, inoperable, non-responsive, and otherwise unusable for its central purpose: gameplay. *Id.* ¶ 150.

Plaintiffs allege that Nintendo knew or should have known of the defect in the Joy-Cons, but that it continued to sell them to consumers without disclosing it. *Id.* ¶ 156. Furthermore, when consumers have presented their Joy-Cons to Nintendo for repair, Nintendo has been unable to effectively and permanently eliminate the Drift Defect. *Id.* ¶ 54. When Nintendo has decided to replace defective Joy-Cons, it simply replaces them with other defective Joy-Cons. *Id.* ¶¶ 178–79.  Had Plaintiffs and class members known of the Drift Defect, they would not have bought their Joy-Cons, or would have paid less for them. *Id.* ¶¶ 18, 28, 37, 44, 51, 58, 65, 71, 77, 84, 92, 99, 105, 111, 117, 126, 134, 141.

Plaintiff Ryan Diaz served his First Requests for Production to Nintendo on September 9, 2019.[1] *See* Weiss Decl., ECF No. 27 ¶ 2. No long after, and as an extension of professional courtesy to Nintendo, the parties agreed to extend discovery-related deadlines pending Nintendo's anticipated Motion to Dismiss. The Court granted the parties' agreed extension and set the Rule 26(f) conference for November 25. *See* ECF 9/10/2019.

---

[1] Defendant represents in its Motion that Plaintiff's first discovery requests were served "[a] few weeks" after the initial Complaint was filed on July 19, 2019. *See* ECF No. 26 at 1. Plaintiff did not serve his First Requests for Production until nearly two months after filing the initial Complaint.

PLAINTIFFS' OPPOSITION TO NINTENDO'S MOTION
TO EXTEND INITIAL SCHEDULING DEADLINES (2:19-
cv-01116-TSZ) - 3

1    Plaintiffs' counsel reached out to Nintendo's counsel on November 8 to set a time for

2    the Rule 26(f) conference before the November 25 deadline ordered by the Court. Nintendo

3    refused to set a time, instead requesting an indeterminable extension of the deadlines until after

4    the Court ruled on its pending Motion to Dismiss. Nintendo thereafter filed this Motion on

5    November 14 and noted it for consideration on November 22—meaning that it will not, in all

6    likelihood, be decided before the Court-ordered 26(f) conference deadline. Indeed, Nintendo

7    noted this Motion for decision long before December 2, when Plaintiffs will respond to and

8    strongly contest Nintendo's Motion to Dismiss. Plaintiffs remain willing to engage in the Rule

9    26(f) conference as ordered by the Court, as they understand that Defendant's Motion does not

10   result in an automatic stay of the deadline pending the Court's consideration of Defendant's

11   Motion.

12                                        **ARGUMENT**

13   **A.    Standard.**

14        "A party seeking a stay of discovery carries a 'heavy burden' of making a 'strong

15   showing' why discovery should be denied." *Vivendi, S.A. v. T-Mobile USA, Inc.*,

16   No. C06-1524JLR, 2007 WL 1168819, at *1 (W.D. Wash. Apr. 18, 2007) (Robart, J.) (quoting

17   *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "[A] motion to dismiss

18   alone[] is not grounds for staying discovery." *Rosario v. Starbucks Corp.*, No. 2:16-cv-01951,

19   2017 WL 4122569, at *1 (W.D. Wash. Sept. 18, 2017) (Jones, J.). While a court, consistent

20   with its broad power to regulate discovery, has the discretion to stay discovery pending a

21   dispositive motion, "this is the exception and not the rule." *Nw. Immigrant Rights Project v.*

22   *Sessions*, C17-716 RAJ, 2017 WL 11428870, at *1 (W.D. Wash. Sept. 18, 2017) (Jones, J.).

23

PLAINTIFFS' OPPOSITION TO NINTENDO'S MOTION
TO EXTEND INITIAL SCHEDULING DEADLINES (2:19-
cv-01116-TSZ) - 4

**B.    Defendant has not met its burden to justify a stay—and its "fears" of discovery are unfounded.**

Defendant suggests in its Motion that the Plaintiffs in this action are "ignor[ing]" their "agreement" to individually arbitrate their claims with Nintendo, and that Nintendo should not be forced to go through the process of discovery—as every other civil defendant must do—while its motion to dismiss and compel arbitration is pending. *See* ECF No. 26 at 2, 3. But in bringing the present Motion, Nintendo is essentially asking the Court to weigh in on the merits of its Motion to Dismiss. That ask is premature at best. Not only has the Court not yet seen Plaintiffs' response to the motion to dismiss, neither has Nintendo. *See Rosario*, 2017 WL 4122569, at *1 (denying motion to stay pending ruling on motions to dismiss and noting that by filing its motion "on the basis of its belief that its motion to dismiss will dispose of Plaintiff's claim, [the defendant] essentially seeks a ruling on its motion to dismiss"). Plaintiffs are not simply "ignoring" their "agreement" to arbitrate individually, as Defendants imply, and then demanding that Nintendo engage in the discovery process in this forum—Plaintiffs contend that the alleged arbitration agreements are unenforceable (at the very least in part), and thus this forum is the proper arena for the resolution of their claims. Indeed, because the Amended Complaint seeks public injunctive relief, Plaintiffs' California claims are likely to survive Defendant's Motion to Compel Arbitration. *See, e.g.*, *McGill v. Citibank, N.A.*, 393 P.3d 85, 93 (Cal. 2017).[2] In any event, neither the Court nor Nintendo will have the chance to evaluate

---

[2] Recently, the Ninth Circuit affirmed the holding in *McGill* in three opinions, each dealing with the enforceability of an arbitration clause in actions seeking public injunctive relief. *See Blair v. Rent-A-Center, Inc.*, 928 F.3d 819 (9th Cir. 2019); *Tillage v. Comcast Corp.*, 772 F. App'x 569 (9th Cir. 2019); *McArdle v. AT&T Mobility LLC*, 772 F. App'x 575 (9th Cir. 2019). Public injunctive relief, *McGill*, and the three Ninth Circuit cases addressing it are tellingly absent from Nintendo's Motion to Compel and the instant Motion.

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

these and other contentions until Plaintiffs have the opportunity to file their response to the

Motion to Dismiss, which is currently due December 2. *See Flecha v. Neighbors Moving*

*Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fl. 2013) ("In this case there appears to be a

genuine dispute as to whether the arbitration agreement is enforceable . . . . Under such

circumstances, it is proper for the Court to permit discovery to proceed."). While Nintendo

claims that "[f]orcing [it] to undertake significant discovery and case-management activities"

during the pendency of its motion would "rob Nintendo of the benefits of arbitration and

incentivize other plaintiffs to ignore similar agreements," it fails to explain just what about

Plaintiffs' discovery requests are unduly burdensome or of any different kind or character than

what they would be asked to do in the arbitration they so actively demand. Nintendo did not

even attach a copy of the allegedly onerous "early requests for production" to its Motion or the

Declaration in Support. *See* ECF No. 26, 27. Plaintiffs submit that all discovery requested is

relevant to the Drift Defect, and thus Nintendo will have to produce it eventually regardless of

the outcome of its Motion to Compel Arbitration.

Nintendo's apparent concern that "engag[ing] in litigation activities . . . could

undermine its very right to arbitrate," ECF No. 26 at 3, is similarly unfounded. Plaintiffs are

willing to stipulate that, even if the Court determines that Nintendo's arbitration provision is

valid, engaging in discovery under the Federal Rules will not operate as a waiver to any right to

arbitration that Nintendo might have. *See, e.g.*, *Flecha*, 944 F. Supp. 2d at 2013 ("Further, the

Plaintiff has stipulated that by participating in discovery now, the Defendant will not waive its

right to arbitrate if the Court finds the arbitration agreement enforceable."). With such a

stipulation, Nintendo has no basis to argue that it may be waiving its right to claim

enforceability of the agreement.

PLAINTIFFS' OPPOSITION TO NINTENDO'S MOTION
TO EXTEND INITIAL SCHEDULING DEADLINES (2:19-
cv-01116-TSZ) - 6

1    Defendant, on the other hand, is incorrect to say that "there is no prejudice to Plaintiffs

2    from a short extension of the initial scheduling deadlines to a reasonable time after the Court's

3    decision." ECF No. 26 at 3–4. For one, there is no indication of how long the Court may take to

4    rule on the Motion to Dismiss, and, therefore, no indication of whether the extension will

5    indeed be "short." Nintendo has also notably failed to say whether it will forgo any immediate

6    appeal in the event that the Court agrees with Plaintiffs that the alleged arbitration agreements

7    are unenforceable. And given Nintendo's position at this early stage, there is good reason to

8    believe that it would similarly seek a stay of discovery pending any appeal. Nintendo, in short,

9    isn't simply asking for a short stay of discovery deadlines—it's asking the Court to let this case

10   languish, potentially for years, while Nintendo continues to explore the alleged viability of its

11   arbitration agreement. Such an ask is prejudicial to Plaintiffs, who have already been deprived

12   of the benefit of their bargains with Nintendo and seek only to have their claims heard.

13                                            **CONCLUSION**

14   As an extension of professional courtesy, Plaintiffs already stipulated to extending

15   Nintendo's discovery obligations while Nintendo worked toward filing a motion to dismiss;

16   now Nintendo demands that the Court make the extension permanent. But Nintendo's request

17   to "extend the initial scheduling deadlines" is really a motion to stay discovery. That motion

18   imposes on Nintendo a heavy burden to make a strong showing justifying such a stay—a

19   burden that it has not met.

20   DATED this 20th day of November, 2019.

21                                    TOUSLEY BRAIN STEPHENS PLLC

22                                    By: _s/ Kim D. Stephens_____
                                         Kim D. Stephens, WSBA #11984
23                                       Jason T. Dennett, WSBA #30686
                                         Kaleigh N.B. Powell, WSBA #52684

PLAINTIFFS' OPPOSITION TO NINTENDO'S MOTION
TO EXTEND INITIAL SCHEDULING DEADLINES (2:19-
cv-01116-TSZ) - 7

1                                                1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101

2                                                Telephone:  206.682.5600/Fax: 206.682.2992
Email:      kstephens@tousley.com

3                                                               jdennett@tousley.com
kpowell@tousley.com

4

5                                                Benjamin F. Johns (admitted *pro hac vice*)
Andrew W. Ferich (admitted *pro hac vice*)

6                                                Alex M. Kashurba (admitted *pro hac vice*)
**CHIMICLES SCHWARTZ KRINER**

7                                                **& DONALDSON-SMITH LLP**
361 W. Lancaster Avenue

8                                                Haverford, Pennsylvania 19041
Telephone: (610) 642-8500

9                                                Email:      bfj@chimicles.com
awf@chimicles.com

10                                               amk@chimicles.com

11                                               *Interim Co-Lead Counsel for Plaintiffs*

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFFS' OPPOSITION TO NINTENDO'S MOTION
TO EXTEND INITIAL SCHEDULING DEADLINES (2:19-
cv-01116-TSZ) - 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties registered on the CM/ECF system.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED at Seattle, Washington, this 20th day of November, 2019.

*s/ Kim D. Stephens*
Kim D. Stephens

6639/001/545406.1

PLAINTIFFS' OPPOSITION TO NINTENDO'S MOTION
TO EXTEND INITIAL SCHEDULING DEADLINES (2:19-
cv-01116-TSZ) - 9

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992