THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN DIAZ, et al.,

               Plaintiffs,

   v.

NINTENDO OF AMERICA INC.,

               Defendant.

No. 2:19-cv-01116-TSZ

REPLY IN SUPPORT OF MOTION TO
EXTEND INITIAL SCHEDULING
DEADLINES

NOTE ON MOTION CALENDAR:
November 22, 2019

REPLY IN SUPPORT OF MOTION TO
EXTEND INITIAL SCHEDULING
DEADLINES (No. 2:19-cv-01116-TSZ)

146449026

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     ARGUMENT ...................................................................................................... 1

     A.      Nintendo Has Moved to Compel Arbitration, Not to Dismiss on the Merits
            Plaintiffs' Claims .................................................................................... 1

     B.      The Scope of Discovery in Federal Court Is Significantly More Expansive
            than in Arbitration ................................................................................... 3

     C.      Plaintiffs Provide No Compelling Reason Why Discovery Must Start
            Now, Citing Only Their Own Assumptions and Speculations ............................. 5

     D.      The Merits of Nintendo's Motion to Compel and of Plaintiffs' Opposition
            Are Irrelevant to Whether the Initial Case Deadlines Should Be Extended .......... 5

II.     CONCLUSION .................................................................................................... 6

REPLY IN SUPPORT OF MOTION TO
EXTEND INITIAL SCHEDULING
DEADLINES (No. 2:19-cv-01116-TSZ) – i

146449026

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## I.    INTRODUCTION

Nothing in Plaintiffs' opposition undermines the fact that courts routinely grant motions—opposed or not—to extend early discovery and case-management deadlines while a motion to compel arbitration is pending. Such extensions conserve judicial and party resources and ensure that the benefits of arbitration are preserved until the court decides in which forum the asserted claims may proceed.

Plaintiffs confuse the standards for stays during pending motions to compel arbitration with pending motions to dismiss on the merits. The Court need not—nor should it—delve into the merits of Nintendo's Motion to Compel Arbitration or Plaintiffs' anticipated opposition to determine that the circumstances warrant an extension. The Court need only determine that Nintendo's requested extension will promote efficiencies and prevent potentially unnecessary and wasteful work by the parties and Court. Under that calculus, the Court should extend the initial scheduling deadlines until a reasonable time after ruling on the arbitration motion.

## II.    ARGUMENT

### A.    Nintendo Moved to Compel Arbitration, Not to Dismiss Plaintiffs' Claims on the Merits

Trying to construct a higher bar for a stay of discovery than the case law requires in this context, Plaintiffs rely on several cases that address motions to dismiss *for failure to state a claim*, not motions to compel arbitration. *See* Resp., ECF No. 28 (Nov. 20, 2019) at 4. In other words, the cases on which Plaintiffs rely address potential stays of discovery while the courts considered the merits of the underlying claims. But here, Nintendo moved to compel arbitration because Plaintiffs chose the wrong forum, filing their claims collectively in federal court rather than the arbitration forum to which they agreed. Nintendo's motion did not seek to dismiss any of Plaintiffs' claims on the merits, a key distinction.

When a stay of discovery is sought in connection with a motion to dismiss for failure to state a claim, the court should be convinced that the plaintiff cannot state a claim before staying

REPLY IN SUPPORT OF MOTION TO
EXTEND INITIAL SCHEDULING
DEADLINES (No. 2:19-cv-01116-TSZ) – 1

146449026

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

discovery. *See, e.g.*, *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (holding that a "court may stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief" (quotation marks omitted)). Of course, even under that standard, courts in the Ninth Circuit regularly stay discovery pending decisions on dismissal motions when the motion might dispose of the case. *See, e.g.*, *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *1–2 (N.D. Cal. Oct. 22, 2019) (staying discovery "pending a decision on the upcoming motion to dismiss" in "the interest of judicial efficiency and conserving the Court's resources").

But when the motion seeks to dismiss because a party has brought its claims in the wrong forum—for example, because the parties agreed to arbitrate their claims—courts take a different approach. In such situations, the standard for staying discovery is "not as strict." *Bliss v. CoreCivic, Inc.*, 2018 WL 8783789, at *3 (D. Nev. Nov. 21, 2018). When a "[d]efendant has raised a threshold question of subject matter jurisdiction," as Nintendo has done so here, that jurisdictional question "should be answered before proceeding with discovery." *Silbaugh v. Chao*, 2018 WL 2317555, at *1 (W.D. Wash. May 22, 2018); *see also Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (holding that "[c]ourts routinely grant stays" while a motion to compel arbitration is pending).

Indeed, the primary case on which Plaintiffs rely identified this critical distinction and stayed discovery pending the court's decision on the proper forum. In *Vivendi S.A. v. T-Mobile USA, Inc.*, 2007 WL 1168819 (W.D. Wash. Apr. 18, 2007), the defendants sought to dismiss the action under the doctrine of forum non conveniens and moved to stay discovery pending a decision on that motion. *See id.* at *2. Judge James L. Robart stayed discovery because "permitting [the plaintiff] to engage in extensive discovery would pose an undue burden" on the defendants when a decision on the forum issue "may be dispositive." *Id.* The *only* discovery permitted was "narrowly tailored to the question of forum non conveniens." *Id.*

Here, Plaintiffs do not seek discovery addressing the enforceability of the arbitration provision or any similarly narrow topic; they seek full discovery on the merits of their claims.

REPLY IN SUPPORT OF MOTION TO
EXTEND INITIAL SCHEDULING
DEADLINES (No. 2:19-cv-01116-TSZ) – 2

146449026

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Second Declaration of Eric J. Weiss in Support of Nintendo Motion to Extend Initial Scheduling

Deadlines ("2d Weiss Decl.") ¶ 2, Ex. A. If the Court grants Nintendo's Motion to Compel

Arbitration, there will be no federal discovery of Plaintiffs' claims. But Nintendo will lose the

benefits of arbitration if the initial scheduling deadlines are not extended and Nintendo is

required to engage in extensive discovery on the merits.

Plaintiffs attempt to undermine this reasonable, widely adopted scheduling approach by

observing that some of the cited cases staying discovery were unopposed. *See* Resp., ECF No. 28

(Nov. 20, 2019) at 2. But the absence of opposition reinforces Nintendo's position: those parties

seeking discovery recognized that their demands for discovery while a motion to compel

arbitration was pending were meritless and did not put up the fight that Plaintiffs here lodge. In

fact, in one of those cases, the court granted the motion to extend the early discovery deadlines

*before the other side even had a chance to respond* and *before the anticipated motion to compel*

*arbitration had even been filed. See Hunichen v. Atonomi LLC*, No. 2:19-cv-00615-RAJ-MAT,

ECF No. 27 (W.D. Wash. July 8, 2019). It was so obvious to the court that early discovery was

illogical because it would have to resolve a motion to compel arbitration, that the court

immediately granted the extension.

And even where nonmovants choose not to file an opposition, courts recognize that the

absence of an opposition is consistent with staying discovery because of the efficiencies to be

gained. In *Stiener v. Apple Computer, Inc.*, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007),

for example, the court noted that no opposition had been filed and proceeded to analyze the

propriety of staying the initial scheduling deadlines and other discovery, concluding that a stay

promoted efficiency and maintained the benefits of arbitration. Accordingly, contrary to

Plaintiffs' position, the absence of an opposition in these cases reinforces the conclusion that

staying discovery pending resolution of a motion to compel arbitration is routine.

**B.      The Scope of Discovery in Federal Court Is Significantly More Expansive than in Arbitration**

REPLY IN SUPPORT OF MOTION TO
EXTEND INITIAL SCHEDULING
DEADLINES (No. 2:19-cv-01116-TSZ) – 3

146449026

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Plaintiffs also assert that there is no difference between the discovery they now seek in federal court under the Federal Rules and the discovery that might be permitted under the rules in arbitration. Resp., ECF No. 38 (Nov. 20, 2019) at 6. They are mistaken.

The Federal Rules provide a broader scope of discovery than in arbitration and permit an unlimited number of document requests and a significant number of other written discovery requests. *See* Fed. R. Civ. P. 26(b) (scope of discovery); Fed. R. Civ. P. 34 (requests for production); Fed. R. Civ. P. 33 (interrogatories); Fed. R. Civ. P. 36 (requests for admission). In contrast, the American Arbitration Association's rules on discovery in consumer cases provide that, "*keeping in mind that arbitration must remain a fast and economical process*," the "arbitrator *may* direct . . . *specific* documents and other information to be shared between the consumer and business." *See* Am. Arb. Ass'n Consumer R. 22(a) (emphasis added).

Plaintiffs' "early" discovery requests under Rule 34, which would be deemed served as of the parties' first Rule 26(f) conference, illustrate how different discovery would be in this Court versus in an arbitral forum. The "early" requests seek, for example, documents addressing "the technical specifications for [Nintendo's] Joy-Controllers," "[i]nternal communications" related to various aspects of the alleged defect, and "[e]xemplars" of "United States advertising" for the Nintendo Switch or Joy-Con controllers.[1] 2d Weiss Decl. ¶ 2, Ex. A.

But Plaintiffs will likely be unable to issue such broad requests in arbitration (which Nintendo argues must be on an individual basis). There, the arbitrator *might* direct Nintendo to share "*specific* documents and other information," but to keep arbitration "fast and economical," will not necessarily permit Plaintiffs to conduct the extensive discovery they currently seek. *See* Am. Arb. Ass'n Consumer R. 22(a) (emphasis added).

That contrast between discovery in federal court and in arbitration shows how little sense

---

[1] Plaintiffs criticize Nintendo for not including the "early" requests with Nintendo's motion, but Plaintiffs themselves notably failed to provide the requests in response, perhaps recognizing that the scope of the requests are so broad that it would be apparent to the Court that it should first resolve the Motion to Compel Arbitration before permitting such extensive discovery. *See* Resp., ECF No. 28 (Nov. 20, 2019) at 6.

REPLY IN SUPPORT OF MOTION TO
EXTEND INITIAL SCHEDULING
DEADLINES (No. 2:19-cv-01116-TSZ) – 4

146449026

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   it makes for Nintendo to now undertake significant efforts to collect, identify, and produce

2   responsive documents when the Court may—in just a matter of weeks—compel Plaintiffs to

3   arbitration. *See Stiener*, 2007 WL 4219388, at *1 ("In the interests of conserving the resources of

4   the parties, a short stay of the initial scheduling obligations and discovery pending the

5   determination of the motion to compel arbitration is therefore prudent.").

6       **C.      Plaintiffs Provide No Compelling Reason Why Discovery Must Start Now,
             Citing Only Their Own Assumptions and Speculations**

7

8       Although Plaintiffs appear eager to begin discovery, they do not say that they need any

9   discovery to oppose Nintendo's Motion to Compel Arbitration or provide any other reason why

10  discovery must start immediately. Rather, they contend that they "have already been deprived of

11  the benefit of their bargains with Nintendo." Resp., ECF No. 28 (Nov. 20, 2019) at 7. That

12  position assumes, of course, not only that Plaintiffs will successfully oppose Nintendo's motion

13  to compel but also that their claims are meritorious. Plaintiffs further speculate that Nintendo

14  will immediately appeal any unfavorable ruling on the motion to compel, delaying "potentially

15  for years" any discovery. *Id.* But they have no insight into what Nintendo might do once it

16  receives a well-reasoned opinion from the Court on its arbitration motion. Plaintiffs' assumptions

17  and speculation are not reasons to deny the short extension Nintendo requests.

18      If the Court rules that Plaintiffs may proceed in federal court, the parties could soon after

19  begin discovery, with no prejudice to either party from the minimal delay. *See Mahamedi*, 2017

20  WL 2727874, at *1 (holding that the plaintiff "will suffer no prejudice from a temporary stay" of

21  discovery while the motion to compel arbitration was pending, even though "[b]oth sides" had

22  already "issued initial disclosures, interrogatories, requests for admission, and requests for

23  production of documents" and the plaintiff had served third-party subpoenas).

24      **D.      The Merits of Nintendo's Motion to Compel and of Plaintiffs' Opposition
             Are Irrelevant to Whether the Initial Case Deadlines Should Be Extended**

25      Despite Plaintiffs' assertion to the contrary, Nintendo's motion to extend the initial

26  scheduling deadlines does not implicate the merits of Nintendo's Motion to Compel Arbitration

REPLY IN SUPPORT OF MOTION TO
EXTEND INITIAL SCHEDULING
DEADLINES (No. 2:19-cv-01116-TSZ) – 5

146449026

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   or of Plaintiffs' arguments in response to that motion. *See* Resp., ECF No. 28 (Nov. 20, 2019) at

2   1–2, 5). Whatever arguments Plaintiffs might advance in opposition are irrelevant to whether the

3   initial scheduling deadlines should be extended.[2] The reason for Nintendo's extension request is

4   that the parties should not yet be engaging on the merits—whether through determining the

5   scope of discovery and a case schedule or conducting discovery related to Plaintiffs' claims—

6   until the Court determines in which forum Plaintiffs' claims might be permitted to proceed.

7       Instead, the Court in this context should consider the efficiencies the requested extension

8   would promote for both the Court and the parties and the benefits of arbitration that the extension

9   would safeguard, if the Court were ultimately to grant the motion to compel. *See Stiener*, 2007

10  WL 4219388, at *1. And those considerations support extending the initial scheduling deadlines

11  here. Waiting until shortly after the Court's decision on arbitration will save the parties expense

12  and time that would otherwise be spent identifying the scope of discovery, engaging in the

13  discovery process, and coordinating scheduling matters, all of which might prove unnecessary.

14  Waiting would also save the Court from expending its resources overseeing those tasks.

15  Moreover, and critically, the benefits of arbitration—a more streamlined, economical, and quick

16  process—will be preserved. That is what the Court should consider here, not which arguments

17  might ultimately win out when the Court decides Nintendo's arbitration motion.

## II.    CONCLUSION

19      Nintendo requests that the Court extend the initial scheduling deadlines (should the

20  deadlines even be necessary) until after the Court rules on Nintendo's pending Motion to Compel

21  Arbitration. Specifically, Nintendo requests that the Court set the deadline for the Rule 26(f)

22  conference to 14 days after the Court's order on the motion to compel and the deadline for the

23  initial disclosures and Rule 26(f) report to 14 days after the Rule 26(f) conference.

24

---

25      [2] In any event, Plaintiffs acknowledge that even if they are successful in challenging the End-User License
26  Agreement and the arbitration provision, Plaintiffs may be successful only in part. *See* Resp., ECF NO. 28 (Nov. 20, 2019) at 5 (asserting that "the alleged arbitration agreements are unenforceable (at the very least in part)").

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2   Dated: November 22, 2019                    By:   s/ Eric J. Weiss

3                                                    David J. Burman, WSBA No. 10611
                                                     Eric J. Weiss, WSBA No. 44807
4                                                    Mallory Gitt Webster, WSBA No. 50025
                                                     **Perkins Coie LLP**
5                                                    1201 Third Avenue, Suite 4900
                                                     Seattle, WA 98101-3099
6                                                    Telephone: 206.359.8000
                                                     Fax: 206.359.9000
7                                                    Email: DBurman@perkinscoie.com
                                                     Email: EWeiss@perkinscoie.com
8                                                    Email: MWebster@perkinscoie.com

9

10                                              *Attorneys for Nintendo of America Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPLY IN SUPPORT OF MOTION TO
EXTEND INITIAL SCHEDULING
DEADLINES (No. 2:19-cv-01116-TSZ) – 7

146449026

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on November 22, 2019, I caused to be electronically filed the foregoing Reply in Support of Motion to Extend Initial Scheduling Deadlines with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: November 22, 2019

s/ Mallory Gitt Webster
Mallory Gitt Webster, WSBA No. 50025

CERTIFICATE OF SERVICE – 1

146449026

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000