Exhibit A

Exhibit A

HON. THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN DIAZ,<br><br>              Plaintiff,<br><br>   v.<br><br>NINTENDO OF AMERICA, INC.,<br><br>              Defendant. | NO. 2:19-cv-01116-TSZ<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NINTENDO OF AMERICA, INC.** |

Pursuant to Rule 26(d)(2) and Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Ryan Diaz delivers the following Requests for Production of Documents to Defendant Nintendo of America, Inc. Within thirty (30) days of service, responses to these Requests, as well as any responsive documents, should be delivered, or made available for inspection and copying, at the offices of Chimicles Schwartz Kriner & Donaldson-Smith LLP, or at another place mutually agreed upon by the parties.

**DEFINITIONS**

1.    "Nintendo," "You," and "Your" means Defendant Nintendo of America, Inc. and its predecessors and successors in interest; its present and former officers, directors, and employees; its parents, subsidiaries, divisions, entities, and affiliated companies; and its

PLAINTIFF'S FIRST SET
OF DOC. REQUESTS (2:19-cv-01116-TSZ) - 1

attorneys, representatives, agents and all other persons acting or authorized to act on their behalf, including third-party entities.

2.  "Communication" means oral or written communications of any kind that transmit information, including electronic communications such as emails, online messages, mobile messages, machine-generated messages, and facsimiles; telephone communications; and letters, memoranda, exchanges of written or recorded information, in-person meetings, and events that parties both attend.  The phrase "communication between" also means instances where one party disseminates information that the other party receives but does not respond to.

3.  "Concerning" means, without limitation, the following concepts: regarding, in connection with, referring to, relating to, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, evidencing, estimating, containing, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

4.  "Brushes" mean the contact points made of steel that move in the x-y direction over the contact pads. Brushes are mounted on a polymer block, which slides in the polymer frame of the joystick.  Two sets of brushes are contained in each joystick.  A white polymer translates inputs from the joystick to x-y motion of the brushes.

5.  "Contact Pads" mean the surfaces on the flex circuit that tracks the movement of the brushes, on the inside of the Switch, which go up and down and left and right during game play.

6.  "Drifting" or "Drift" or "Drifting Defect" refers to the issue in the joystick that, Plaintiff alleges, manipulates game play without manual operation by the user.

7. "Document" means all documents, information, or items within the scope of Federal Rule of Civil Procedure 34(a)(l)(A), including, without limitation, e-mails and all electronically stored information ("ESI") as defined below in its native format and all associated metadata. A draft or nonidentical copy is a separate document within the meaning of this term.

8. "ESI" means electronically stored information or data and is to be interpreted broadly, as used in the Federal Rules of Civil Procedure and the advisory committee notes thereto, to include all information regardless of the storage media (e.g., hard drive, CD-ROM, DVD, disc, tape, thumb drive, VoiceMail system, or game system or controllers).

9. "Flex Circuit" means the blue and black circuit pad on the interior of the Joy Con, that contain the contact pads against which the brushes make contact and move during game play.

10. "Joy Con" or "Joy Con Controllers" mean the controllers for the Switch.

11. "Include" and variations of that verb are used to provide examples of the types of documents and communications requested, and should not be construed as limiting a request.

12. "Person" means any natural person or any business, legal, or governmental entity or association.

13. "Switch" means the Nintendo Switch game systems at issue in this case.

14. The words "and" and "or" are to be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words is to be interpreted to limit the scope of a request. "And" and "or" encompass both "and" and "or."

## **INSTRUCTIONS**

1. Produce the documents responsive to the numbered requests below that are in Your possession, custody, or control.

2. Construe the terms defined above and the individual requests broadly, to the fullest extent of their meaning.

3. If You file a timely objection to any portion of a request, definition, or instruction, produce documents responsive to the remaining portion.

4. If no document responsive to a request exists, state that no responsive document exists.

5. If any document is withheld, in whole or in part, for any reason, including but not limited to any claim of privilege of any kind, work-product protection, trade secret, or confidentiality, set forth separately with respect to each document: (a) the nature of the privilege or ground of confidentiality claimed; (b) the author(s) of the document (designating which, if any, are attorneys); (c) the recipient(s) of the document, including all persons who received copies of the document (designating which, if any, are attorneys); (d) a description of the document (or redacted portion of the document) as set forth in Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure; (e) the Bates range of the document; and (e) the privilege log reference number. Any privilege log or list is to be produced in an Excel spreadsheet or other format capable of electronic sorting.

6. Produce any purportedly privileged document containing non-privileged material and redact only the purportedly privileged portion.

7. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, produce all electronically stored information in native format (including metadata) whenever possible, or in the format mutually agreed upon by the parties.

8. These requests are ongoing; promptly produce any responsive document discovered, created or obtained after the service of these requests.

## RELEVANT TIME PERIOD

The Relevant Time Period for purposes of these requests is March 1, 2016 through the date of Your responses, and includes all documents and information relating to events or transactions within this period, even if prepared, received, or reviewed outside of this period.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

Documents, including material lists and assembly schematics, sufficient to show the technical specifications for the Joy-Con controllers.

**REQUEST NO. 2**

Documents sufficient to identify all materials used in the Flex Circuit, and the identity of any third party that supplied or manufactured this component or any part of it.

**REQUEST NO. 3**

Documents sufficient to identify all materials used in the Contact Pads, Brushes and the identity of any third party that supplied or manufactured this component or any part of it.

**REQUEST NO. 4**

All Documents related to any changes in the design, assembly or manufacture of the Flex Circuit, Contact Pads and/or to any related materials during the Relevant Time Period.

**REQUEST NO. 5**

All Documents in your possession, custody or control concerning Plaintiff Ryan Diaz, and concerning the additional Plaintiffs who will be added to Plaintiff's First Amended Complaint.

**REQUEST NO. 6**

All internal communications concerning the actual or potential cause(s) of the Drifting Defect in the Joy-Con controllers.

**REQUEST NO. 7**

Any "root cause" or other similar analysis of the source or reasons the Drifting Defect in the Joy-Con controllers.

**REQUEST NO. 8**

All Communications You sent to or received from retailers concerning the drifting defect in the Joy-Con controllers.

**REQUEST NO. 9**

All Communications You sent to or received from the supplier(s) of any component of the Joy Con at any time during the Relevant Time Period concerning the drifting defect in the Joy-Con controllers.

**REQUEST NO. 10**

All Documents concerning user or consumer complaints, including but not limited to warranty claims, relating to the drifting defect in the Joy-Con controllers.

**REQUEST NO. 11**

Insurance and/or indemnification agreements that may apply in the event You are liable to Plaintiff and the putative class in this case.

**REQUEST NO. 12**

Exemplars of United States advertising – such as print media, television, radio, and online advertising – Nintendo Switch game systems or Joy-Con controllers.

**REQUEST NO. 13**

All Documents related to the program which has reportedly been created by You which is specifically dedicated to repairing or replacing Joy-Con Controllers.

**REQUEST NO. 14**

All Documents concerning any pre-release testing that was performed by or on behalf of You on the Switch and/or any component of it.

**REQUEST NO. 15**

All Documents related to any arbitration that has been initiated against You at any time during the Relevant Time Period concerning the Switch and/or Drifting Defect. This includes, without limitation, the arbitration case name, docket number, date commenced, and status.

DATED: September 9, 2019

By:      */s/ Benjamin F. Johns*
Benjamin F. Johns (admitted *pro hac vice*)
Andrew W. Ferich (admitted *pro hac vice*)
Alex M. Kashurba (admitted *pro hac vice*)
**CHIMICLES SCHWARTZ KRINER**
 **& DONALDSON-SMITH LLP**
361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Email:    bfj@chimicles.com
               awf@chimicles.com
               amk@chimicles.com

PLAINTIFF'S FIRST SET
OF DOC. REQUESTS (2:19-cv-01116-TSZ) - 7

Kim D. Stephens, WSBA #11984
Jason T. Dennett, WSBA #30686
Kaleigh N.B. Powell, WSBA #52684
**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
Telephone:  206.682.5600/Fax: 206.682.2992
Email:     kstephens@tousley.com
              jdennett@tousley.com
              kpowell@tousley.com

*Counsel for Plaintiff and the Putative Class*

PLAINTIFF'S FIRST SET
OF DOC. REQUESTS (2:19-cv-01116-TSZ) - 8

**CERTIFICATE OF SERVICE**

I certify that on September 9, 2019, a copy of the foregoing Plaintiff's First Set of Requests for Production of Documents to Defendant Nintendo of America, Inc. Pursuant to FED. R. CIV. P. 26(d)(2) was served via electronic mail on the following counsel:

Eric J. Weiss
Perkins Coie LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101
eweiss@perkinscoie.com

*/s/ Benjamin F. Johns*
Benjamin F. Johns

PLAINTIFF'S FIRST SET
OF DOC. REQUESTS (2:19-cv-01116-TSZ) - 9