1

HON. THOMAS S. ZILLY

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9   RYAN DIAZ, JARED THOMPSON, ARIEL
ENRIQUEZ, PAUL BARR, JOHN RIOS,
10   DAVID GUY, LISANDRO LIZARDO, CHRIS
LUEBCKE, ROBERT FOUCHA, NICHOLAS
11   YOCHHEIM, ALEC COLLINS, ZACKERY
REED, GRANT HOELSCHER, MICHAEL
12   OREN, NATHAN AIMSWORTH, JASON
COFFEY-WOLFGANG, ERIC WILSON,
13   LYDIA DELOACH,

14                           Plaintiffs,

15        v.

16   NINTENDO OF AMERICA, INC.,

17                           Defendant.

NO. 2:19-cv-01116-TSZ

**PLAINTIFFS' UNOPPOSED
MOTION FOR EXTENSION OF
DEADLINE TO FILE MOTION FOR
CLASS CERTIFICATION**

NOTE FOR MOTION CALENDAR:
December 13, 2019

18                    **INTRODUCTION**

19        Plaintiffs hereby move this Court pursuant to LCR 7(d)(2)(A) to extend the deadline

20   set by Local Civil Rule 23(i)(3) for Plaintiffs to move for class certification.  Plaintiffs

21   submit that good cause exists to extend the Local Civil Rule deadline for filing their motion

22   for class certification because Defendant's Motion to Dismiss and Compel Arbitration is still

23   pending.  Should that Motion be denied, the Parties will need to engage in discovery before

MOTION FOR EXTENSION OF DEADLINE
(2:19-cv-01116-TSZ) - 1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   Plaintiffs can bring any motion for class certification given the rigorous analysis standard

2   required for class certification under Fed. R. Civ. P. 23.

3       Plaintiffs have conferred with Defendant, and Defendant has indicated that it takes

4   no position regarding the relief sought in this motion.[1] In support of this motion, Plaintiffs

5   state as follows:

6                                    **BACKGROUND**

7       Plaintiff Ryan Diaz filed his initial complaint on July 19, 2019. *See* ECF No. 1.

8   Defendant was served with the Complaint on July 23, 2019. Plaintiffs thereafter filed their

9   operative Amended Complaint on September 27, 2019. *See* ECF No. 21.

10      Defendant filed its Motion to Compel Arbitration and Dismiss on November 1, 2019.

11  ECF No. 24. The parties are in the middle of briefing Defendant's Motion to Compel

12  Arbitration and Dismiss; Plaintiffs filed their response on December 2, 2019, and

13  Defendant's reply is due on December 23, 2019. *See* ECF No. 14.

14      LCR 23(i)(3) requires Plaintiffs to file a motion for class certification within 180

15  days after the filing of their initial complaint commencing this class action—i.e., by

16  **January 15, 2020**.

17                                    **ARGUMENT**

18      This Court has broad discretion in determining whether to extend the deadline for filing

19  a class certification motion set by LCR 23(i)(3).  *See, e.g., Rocha v. Yoshinoya W., Inc.*,

20  No. CV 06-00487 MMM (AJWx), 2006 U.S. Dist. LEXIS 101445, at *7 (C.D. Cal. Dec. 29,

21  2006) ("District courts have broad discretion to enforce [a class certification deadline local]

22

23  _____

[1] Plaintiffs proposed to Defendant that they submit this request for relief as a stipulation.
Defendant declined to stipulate—even though it has sought to stay discovery in its entirety—
but indicated that it will not oppose this Motion.

MOTION FOR EXTENSION OF DEADLINE
(2:19-cv-01116-TSZ) - 2

1    rule."); *see also Blough v. Shea Homes, Inc.*, No. C12-1493 RSM, 2014 U.S. Dist. LEXIS

2    50606, at *6 (W.D. Wash. Apr. 10, 2014) (discussing LCR 23(a)(i)(3) and acknowledging that

3    "there is no hard and fast rule to the precise stage in litigation when class certification must be

4    determined."). Courts recognize that a class certification briefing schedule contemplated by this

5    type of local rule, "when considered alongside federal rules regarding status conferences and

6    the timing of discovery," can be "unrealistic in light of recent case law regarding the need to

7    establish a sufficient factual record at the class certification stage." *See Balser v. Hain*

8    *Celestial Grp., Inc.*, 640 F. App'x 694, 696 (9th Cir. 2016).  Indeed, in *Wal-Mart Stores, Inc. v.*

9    *Dukes*, the Supreme Court stated that "Rule 23 does not set forth a mere pleading standard. A

10    party seeking class certification must affirmatively demonstrate his compliance with the Rule—

11    that is, he must be prepared to prove that there are in fact sufficiently numerous parties,

12    common questions of law or fact, etc." 564 U.S. 338, 350 (2011); *see also* Fed. R. Civ. P. 23.

13    "Before certifying a class, the Court must conduct a 'rigorous analysis' to determine whether

14    Plaintiffs have met the requirements of Rule 23." *Fowler v. Guerin*, No. C15-5367 BHS, 2019

15    U.S. Dist. LEXIS 124416, at *4 (W.D. Wash. July 25, 2019) (citation omitted).

16         The discovery necessary to support and oppose a class certification motion will require

17    significantly more time than contemplated by the current January 15, 2020 deadline under

18    LCR 23(i)(3). Thus, there is good cause to relieve Plaintiffs of the current January 15, 2020

19    class certification motion deadline under LCR 23(i)(3). Plaintiffs represent that they have not

20    made this motion for purposes of delay, and they have not previously sought an extension of

21    the class certification motion deadline.

22    //

23    //

MOTION FOR EXTENSION OF DEADLINE
(2:19-cv-01116-TSZ) - 3

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**CONCLUSION**

Plaintiffs request that the Court grant this unopposed motion and extend Plaintiffs'

deadline to move for class certification.  Plaintiffs and further request that the Court allow them

15 days following the Court's decision on Nintendo's pending Motion to Compel Arbitration

and Dismiss to propose a new deadline for Plaintiffs' motion for class certification.


DATED this 5th of December, 2019.

**TOUSLEY BRAIN STEPHENS PLLC**


By: _s/ Kim D. Stephens_
    Kim D. Stephens, WSBA #11984
    Jason T. Dennett, WSBA #30686
    Kaleigh N.B. Powell, WSBA #52684
    1700 Seventh Avenue, Suite 2200
    Seattle, Washington 98101
    Telephone: 206.682.5600/Fax: 206.682.2992
    Email:      kstephens@tousley.com
                jdennett@tousley.com
                kpowell@tousley.com

    Benjamin F. Johns (admitted *pro hac vice*)
    Andrew W. Ferich (admitted *pro hac vice*)
    Alex M. Kashurba (admitted *pro hac vice*)
    **CHIMICLES SCHWARTZ KRINER**
    **& DONALDSON-SMITH LLP**
    361 W. Lancaster Avenue
    Haverford, Pennsylvania 19041
    Telephone: (610) 642-8500
    Email:      bfj@chimicles.com
                awf@chimicles.com
                amk@chimicles.com

    *Interim Co-Lead Counsel for Plaintiffs*

MOTION FOR EXTENSION OF DEADLINE
(2:19-cv-01116-TSZ) - 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED at Seattle, Washington, this 5th day of December, 2019.

*s/ Kim D. Stephens*
Kim D. Stephens

6639/001/545855.1

MOTION FOR EXTENSION OF DEADLINE
(2:19-cv-01116-TSZ) - 5