UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN DIAZ, et al.,

          Plaintiffs,

   v.

NINTENDO OF AMERICA INC,

          Defendant.

C19-1116 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's Motion to Dismiss and Compel Arbitration, docket no. 24, is GRANTED in part and DENIED in part as follows:

> (a) Defendant's Motion to Compel Arbitration, docket no. 24, is GRANTED. "[B]efore referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, -- U.S. ---, 139 S. Ct. 524, 530 (2019). If the parties entered into a valid agreement to arbitrate, and the agreement delegates threshold arbitrability questions to an arbitrator by "clear and unmistakable" evidence, all other arbitrability issues, including whether the agreement covers a particular controversy, must be determined by an arbitrator. *Id.* at 529-30. Here, Plaintiffs contend that, although they each agreed to the arbitration provision in Nintendo's End User Licensing Agreement ("EULA"), the California Supreme Court's decision in *McGill v. CitiBank, N.A.*, 393 P.3d 85 (Cal. 2017) invalidates the EULA's arbitration provision because it bars Plaintiffs from seeking public injunctive relief.[1]  The *McGill* court held

---

[1] Two of the eighteen Plaintiffs are California residents. The remaining sixteen Plaintiffs reside in sixteen other states. Plaintiffs contend that there is an actual conflict between the contract law of Washington and California, and under the most significant relationship test,

MINUTE ORDER - 1

that any contract waiving public injunctive relief is unenforceable under California law. 393 P.3d at 94. The agreement in that case prohibited an arbitrator from awarding injunctive relief to non-parties.[2] Plaintiffs' reliance on *McGill* is misplaced.[3] Here, the EULA requires arbitration but contains no restriction on the arbitrator's discretion to award public injunctive relief. Rather, the EULA gives the arbitrator the power "to grant whatever relief would be available in a court under law or in equity." Kiel Decl., docket no. 25 at 7, Ex. A. Thus, the EULA requires arbitration and the individual adjudication of claims but does not bar an individual from seeking—or an arbitrator from awarding— public injunctive relief. Because "[t]he *McGill* rule leaves undisturbed an agreement that both requires bilateral arbitration and permits public injunctive claims," *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819, 829 (9th Cir. 2019), the EULA constitutes a valid arbitration agreement under California law.[4] The Court therefore turns to the question of whether

---

California law applies because that is where the California plaintiffs bought their Nintendo Switches. *See Hanson v. MGM Resorts Int'l*, 2017 WL 3085694, at *2 (W.D. Wash. July 20, 2017).

[2] The agreement stated in pertinent part that (1) "[a]n award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the Claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute"; and (2) "[t]he arbitrator will not award relief for or against anyone who is not a party." 393 P.3d at 90.

[3] Plaintiffs' reliance on the trio of Ninth Circuit cases finding arbitration agreements void under *McGill* is also misplaced. The arbitration agreements in those cases also contained provisions that explicitly prohibited public injunctive relief, unlike the provision at issue in this case. *See, e.g.*, *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819, 831 (9th Cir. 2019) (agreement prohibiting the arbitrator from awarding "relief that would affect RAC account holders other than you"); *Tillage v. Comcast Corp.*, No. 3:17-cv-06477-VC, ECF No. 28-1, Ex. A at 17 (N.D. Cal. Jan. 18, 2018) (agreement providing that "[t]he arbitrator may award relief only in favor of the individual party seeking relief"); *McArdle v. AT&T Mobility LLC*, 2017 WL 4354998, at *1 (N.D. Cal. Oct. 2, 2017) (agreement providing that "[t]he arbitrator may award declaratory or injunctive relief only in favor of the individual party").

[4] Plaintiffs also contend that because *McGill* renders the Agreement invalid as to the two California plaintiffs, the Agreement is invalid as to the other sixteen plaintiffs because the Agreement contains a non-severability clause. Even if *McGill* invalidated the Agreement as to the California plaintiffs, it would not affect the validity of the Agreement as to the sixteen other plaintiffs. The agreement at issue in *Roberts v. AT&T Mobility LLC* contained a similar non-severability clause to the EULA. 2018 WL 1317346, at *8 (N.D. Cal. Mar. 14, 2018), *aff'd Roberts v. AT&T Mobility LLC*, 2020 WL 774368 (9th Cir. Feb. 18, 2020). In that case, the court invalidated the arbitration agreement as to the California plaintiffs but required the Alabama plaintiff to arbitrate because he "ha[d] no *McGill* argument because his claims for relief are governed by Alabama law, not California law." *Id.* The same is true in this case.

MINUTE ORDER - 2

the arbitration agreement contains a provision delegating all other arbitrability issues, including the scope of the agreement, to an arbitrator. *See Schein*, 139 S. Ct. at 529-30. If an arbitration provision contains a delegation clause, the Court's inquiry ends. *Weimin Chen v. Sierra Trading Post, Inc.*, 2019 WL 3564659, at *4 (W.D. Wash. Aug. 6, 2019). The American Arbitration Association ("AAA") rules state that an arbitrator has the power to determine the scope of the arbitration agreement and the arbitrability of any claim or counterclaim. *See Willis v. Fitbit, Inc.*, 2020 WL 417943, at *3 (S.D. Cal. Jan. 27, 2020). Therefore, reference to the AAA rules in an arbitration agreement constitutes "clear and unmistakable evidence" that the parties agreed to delegate all other issues to the arbitrator. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). Here, the EULA states that "all disputes or claims arising out of or relating to this Agreement, including its formation, enforceability, performance, or breach . . . shall be finally settled by binding arbitration administered by the American Arbitration Association in accordance with the provisions of its Commercial Arbitration Rules and the supplementary procedures for consumer-related disputes of the American Arbitration Association (the 'AAA')." Kiel Decl., docket no. 25 at 7, Ex. A. Based on the language of the delegation provision, the Court finds that the parties agreed to delegate all other arbitrability issues to the arbitrator.

(b) Defendant's Motion to Dismiss, docket no. 24, is DENIED. The Court STAYS the proceedings pending the outcome of arbitration pursuant to 9 U.S.C. § 3. *See Ekin v. Amazon Servs., LLC*, 2015 WL 11233144, at *1 (W.D. Wash. Feb. 10, 2015).

(c) The parties are DIRECTED to file a Joint Status Report within fourteen (14) days after the completion of arbitration or by December 31, 2020, whichever occurs earlier.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record and to remove this matter from the active docket.

Dated this 2nd day of March, 2020.

William M. McCool<br>
Clerk

s/Karen Dews<br>
Deputy Clerk

MINUTE ORDER - 3